# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO.  3:18-CV-61-GNS-CHL

**UNITED STATES OF AMERICA**
*ex rel.* **STEVEN SCOTT,**                                                                 **Plaintiff,**

**v.**

 **HUMANA, INC.,**                                                                                **Defendant.**

## <u>Memorandum Opinion and Order</u>

Before the Court is the omnibus motion for leave to file permanently under seal confidential information accompanying docket entries 201, 208 and 211 filed by Defendant, Humana Inc. ("Humana") as briefed in DNs 217, 226, and 234.  Also before the Court is the motion for leave to file Relator's opposition to Defendant Humana's omnibus motion for leave to file permanently under seal confidential information accompanying docket entries 201, 208 and 211 provisionally under seal filed by Relator, Steven Scott ("Relator") as briefed in DNs 225 and DN 235.

For the reasons set forth below, Humana's motion to seal (DN 217) is **GRANTED IN PART** and **DENIED IN PART**.  Relator's motion for leave to file his opposition to Humana's omnibus motion under seal (DN 225) is **DENIED**.

## I.       MOTIONS TO SEAL

### A.  <u>Legal Standard</u>

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)).  These

interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179. The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would, for instance, harm a company's reputation is insufficient. *Id.*; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane Grp. Inc.*, 825 F.3d at 307. Examples of injuries sufficient to justify a sealing of judicial records include those that could be used as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

In rendering a decision, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Shane Grp. Inc.*, 825 F.3d at 306. Importantly, the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed. *Rudd Equipment Co., Inc.*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court filings); *Shane Grp. Inc.*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.")

B. Discussion

**1. Humana's Omnibus Motion for Leave to File Permanently Under Seal Confidential Information Accompanying Docket Entries 201, 208, and 211 (DN 217)**

Humana moves to permanently file under seal excerpts of Relator's motion to compel Humana to fully comply with Realtor's Rule 30(b)(6) deposition notice (DN 201) and exhibits; Humana's opposition to Relator's motion to compel Rule 30(b)(6) testimony or in the alternative, Humana's

motion for a protective order (DN 208) and exhibits; and Relator's reply to Humana's opposition to Relator's motion to compel (DN 211) and exhibits. (DN 217, at PageID # 12857.) DNs 201, 208 and 211 are filed provisionally under seal pursuant to this Court's order. (DN 241.) Humana states that pursuant to the parties' agreed-upon stipulation, the party who designated the information and exhibits as confidential shall move to permanently seal such information and exhibits. (DN 217, at PageID # 12857, n. 1.)

Humana contends the portions of the motions and the exhibits subject to this motion include excerpts from DN 201 and corresponding exhibits A, B, D-K, M-Q; excerpts from DN 208, the Declarations of Rachael Theiss and William Buffaloe (DN 208-1 and DN 208-2) and corresponding exhibits 1-5, 7, 8, 11-17, 19-21, 23 and 24; and excerpts from DN 211 and corresponding exhibits S, T, and U. (DN 217, at PageID #12858.)

Humana argues there is a compelling reason to seal the above identified excerpts since they contain three categories of non-public proprietary information that would cause commercial harm to Humana if filed in the public record. (DN 217, at PageID # 12858.) First, Humana argues the excerpts contain information about Humana's internal Medicare Part D bid practices that, if disclosed, would enable Humana's competitors to tailor their own Part D pricing strategy, putting Humana at a disadvantage in the Part D market because Humana would not have access to similar information concerning its competitors' internal Part D bid practices. (DN 217, at PageID #12858.) Second, Humana argues the excerpts reflect confidential internal financial information whose disclosure could also cause serious competitive and economic harm because they provide insight into the factors Humana considers when formulating its budgetary projections, which competitors and business partners could use to gain an advantage over Humana. (DN 217, at PageID #12858.) Lastly, Humana argues the excerpts reflect confidential internal compliance

information including insight into the mechanisms and technological infrastructure Humana utilizes to ensure its compliance with regulations from CMS. (DN 217, at PageID #12859.) Humana argues this information can be used by competitors to develop their own compliance initiatives, unfairly bypassing the substantial investment required to develop such programs. (DN 217, at PageID #12859.)

Humana argues that in recognition of the presumption of public access, Humana has moved to seal only narrowly tailored excerpts that contain confidential information, rather than moving to seal the applicable docket entries in their entirety.

In response, Realtor argues Humana's request comes nearly five months after the parties' briefing on the motion to compel concluded and that the motion be denied on the grounds of unjustifiable delay. (DN 226, at PageID #17820). Relator argues the Court should deny Humana's request to permanently seal portions of the parties' motions and supporting declarations because the information Humana seeks to conceal is of significant public interest, as it concerns alleged misrepresentations related to the expenditure of vast sums of taxpayer money on healthcare. (DN 226, at PageID #17821.)

Relator argues that his 30(b)(6) deposition notice, Humana's objection to that notice, the questions posed to witnesses during the depositions and the witness's responses to those questions are essential evidence for interested members of the public who wish to assess the Court's decisions for themselves. (DN 226, at PageID #17821.) Relator argues the above documents are critical to the Court's resolution of the pending motion because the documents demonstrate why the testimony Relator seeks to compel is relevant and why Humana's corporate testimony was wholly inadequate. (DN 226, at PageID #17826.)

Relator argues that no portion of the parties' briefs or the declarations filed in support thereof should be sealed. (DN 226, at PageID #17826.) Realtor argues much of the information contained in the briefing and declarations have already been made public and that Humana's motion falls short of the line-by-line specific justification necessary to override the public's right of access.

Relator argues that Humana's assertion that revealing the mechanisms used in its compliance program would cause it to suffer a competitive disadvantage is without merit because it is unclear what Humana considers to be its compliance program. (DN 226, at PageID #17826.) Further, Realtor argues that Humana does not explain how competitive harm would occur due to the revelation of the fact that Humana conducts scenario testing to determine what combination of preferred utilization, membership and benefits would satisfy the actuarial standard required by the Medicare regulations. Lastly, Relator argues information regarding Humana's internal attestations, which are required by statute, does not constitute highly competitive information. (DN 226, at PageID #17827.)

Lastly, Relator argues that the Court ordered DNs 172, 174, 197 and 204 to be unsealed in its August 30, 2019 order (DN 216) and that Humana has filed a belated motion to permanently seal this information, which is essentially a motion for reconsideration. (DN 226, at PageID #17829.) Further, Relator argues that there is no basis to seal DN 201-6 and DN 201-7 on the grounds that these exhibits contain information that overlap with DNs 172, 174, 197 and 204.

However, the Court notes that DNs 172, 174, 197 and 204 were ordered unsealed due to Humana's failure to timely file a response to Relator's motion to seal pursuant to a confidentiality stipulation.[1] As stated in DN 216, due to the fact that "[Relator's] motions to provisionally seal [DN 171, 173, 196 and 203] have not been superseded by any motions to permanently seal or

---

[1] The Court ordered DNs 172, 174, 197 and 204 to remain provisionally sealed in DN 222.

redact," the arguments regarding DNs 172, 174, 197 and 204 were not addressed on the merits. The motions to provisionally seal have been superseded by DN 221, Humana's Omnibus Motion for Leave to file Permanently under seal confidential information accompanying docket entries 172, 174, 197 and 204.

Further, the Court reminds all parties that if an exhibit has been previously ruled upon by the Court, attorneys have a duty of candor to the Court to state so in their pending motion to seal. However, any finding in a prior motion to seal does not ensure that the documents will remain redacted if cited again in the future or refiled elsewhere in the record. If presently-redacted information becomes more important to this Court's later decisions, the interests supporting public access may increase as well. *See Rudd Equip. Co., Inc*., 834 F.3d at 594. Likewise, absent a direct and meritorious motion, the Court will not endeavor to conceal these documents if presently in the record elsewhere.

Relator does not oppose Humana's request to seal DN 201-4, DN 201-10, DN 201-13, DN 201-14, DN 201-15, DN 201-16, DN 201-17, DN 211-2, DN 211-3, DN 208-5, DN 208-7, DN 208-13, DN 208-14, DN 208-15, DN 208-16. (DN 226 at PageID #17828.) However, Relator's lack of objection does not end the Court's independent analysis of whether the above documents should be sealed from public inspection. *Shane Grp. Inc*., 825 F.3d at 305.

The Court addresses each document at issue below.

**a) DN 201 Relator's Motion to Compel and Accompanying Exhibits**

**(i) DN 201 Relator's Motion to Compel**

Humana argues that it seeks to redact what amounts to a few pages of text containing information related to Humana's internal bid and budgetary practices (specifically DN 201 at 1, 3-6, 8-11, 16, 17, 19-22), profit margins for Humana's Part D (DN 201 at 15, 16) plans from Relator's

third page motion to compel. (DN 216, at PageID #12860.) Humana argues the excerpts contain information about Humana's internal Medicare Part D bid practices and internal financial information that would give Humana's competitors unfair insight into Humana's strategic business decisions and put Humana at a competitive disadvantage. (DN 217, at PageID # 12860.)

Upon review, the Court finds that the requested redactions on page 1, 3, 4, 5, 6, 8, 9, 10, 11, 16, 17, 19, 20, 21, 22 contain generalized information about the case, and though unflattering, these pages do not contain information that if disclosed would harm Humana's competitive standing in the marketplace.

However, the Court finds that the redactions on page 15 starting with the word "reported" to the word "HUM-000080060" and footnote 5, include information that could harm Humana's competitive standing in the marketplace because they reveal detailed numerical calculations regarding prior bids and profit margins that can be used by competitors to undercut Humana's business position in the Part D marketplace. Accordingly, the Court finds there is a compelling reason to seal portions of page 15 as modified above. As modified, the redactions on page 15 are narrowly tailored and the public interest in this information is low since the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions. The information on page 15 is not being offered as evidence on the merits of this case at this point in time.

Accordingly, the motion to seal DN 201 is GRANTED IN PART and DENIED IN PART. DN 201 shall remain under seal, however Humana is ordered to file a supplemental redacted version DN 201 for public viewing containing only the redactions on page 15 in accordance with this Court's findings.

       **(ii)**       **DN 201-1 (Exhibit A at 7-8) and DN 201-2 (Exhibit B at 7-8)**

Humana seeks to redact two paragraphs of a twelve-page deposition notice containing information related to the development of assumptions used in Humana's internal bid and budgetary practices. (DN 217, at PageID #12861.) Humana argues that disclosure of this information would cause a clear and serious injury by giving Humana's competitors unfair insight into Humana's budget and bid strategy.

In opposition Relator argues that Humana proposes to redact the entirety of Topic No. 1(b) and 1(c) and DN 217-3 at PageID # 12923-12924, 12936-12937, and 13435 (RX-241), but that Humana cannot assert a compelling justification for why Relator's requests for certain information presents a threat of competitive harm. (DN 226, at PageID #17828.)

Upon review, the Court finds that the redactions requested in DN 201-1 and DN 201-2 are regarding generalized information about the case and do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur and the motion to seal DN 201-1 and DN 201-2 is DENIED. The Court directs the Clerk to unseal DN 201-1 and DN 201-2.

### (iii)    DN 201-4 (Exhibit D at 1-2)

Humana seeks to redact roughly ten lines of text from a three-page email from W. Buffaloe to A. Shen on February 1, 2019 and from W. Buffaloe to S. Cenawood on January 30, 2019. (DN 217, at PageID #12861.) Humana argues the text describes the details of Humana's bid development and the role of Humana's certifying actuary in the bid development process. (DN 217, at PageID #12861.) Humana argues that its competitors could use this information to tailor their own bid development strategy. (DN 217, at PageID #12861.)

Upon review, the Court finds that the redactions requested in DN 201-4 do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur and the motion to seal DN 201-4 is DENIED. The Court directs the Clerk to unseal DN 201-4.

### (iv)    DN 201-5 (Exhibit E at 6, 7, 9, 10, 11, 14, and 15)

Humana seeks to redact roughly six paragraphs of text from Humana's fifty-two-page response to Relator's Rule 30(b)(6) notice. (DN 217, at PageID #12861.) Humana argues the excerpts contain details concerning how assumptions are developed for Humana's Part D bids and internal budgets that would provide unfair insight to competitors. (DN 217, at PageID #12862.)

Upon review, the Court finds that the redactions requested in DN 201-5 do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur and the motion to seal DN 201-5 is DENIED. The Court directs the Clerk to unseal DN 201-5.

### (v)    DN 201-6 (Exhibit F) and DN 201-7 (Exhibit G)

Humana argues that Relator's Summary Tables purport to contain several key bid and budget assumptions and metrics, and that CMS itself treats as confidential the data that Part D plan sponsors submit as part of the annual bid process. (DN 217, at PageID #12862.) Humana argues that this is evidenced by the fact that CMS resisted producing Bid Pricing Tool data to Humana since it contained "highly proprietary trade secrets and confidential business information." (*Id.*) Humana argues this information would allow its competitors to adjust their bids and undercut Humana in the Part D market.

The Court finds that the redactions requested in DN 201-6 and DN 201-7 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace because they contain detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the requests are narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions. The information in DN 201-6 and DN 201-7 is not being offered as evidence on the merits of this case at this point in time. Accordingly, the motion to seal DN 201-6 and DN 201-7 is GRANTED. DN 201-6 and DN 201-7 shall remain under seal.

### (vi)    DN 201-8 (Exhibit H)

Humana moves to redact roughly two pages of text from a thirteen-page excerpt of Susan Diamond's 30(b)(6) deposition transcript containing information related to Humana's internal bid and budgetary practices. (DN 217, at PageID #12862.) Humana argues that testimony at DN 201-8 at 25:19-22 discusses details about which assumptions are contained in internal Humana budgetary documents. Humana argues that testimony at 32:9-12, 14-18; 161:14-25; 162:1-14, 21-25; and 163:8-12 contain details concerning how assumptions are developed for Humana's Part D bids and Humana's internal budgets. (DN 217, at PageID #12863.) Humana argues disclosure of this confidential information would give competitors unfair insight into Humana's budget and bid strategy. (DN 217, at PageID #12863.)

Upon review, the Court finds that the redactions at 25:19-22, 32:9-18, 161:14-25, 162:1-14, 162:21-25, and 163:8-12 include deposition testimony regarding the level of preparedness of the witness and the identity of individuals who may have relevant evidence and though the testimony is unflattering, these excerpts do not contain information that if disclosed would harm

Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur.

Accordingly, the motion to seal DN 201-8 is DENIED. The Court directs the Clerk to unseal DN 201-8.

### (vii)    DN 201-9 (Exhibit I)

Humana moves to redact portions of Rachael Theiss's Rule 30(b)(6) deposition. (DN 217, at PageID #12863.) Humana argues DN 201-9 at 252:10-12 discusses the values used in Humana's bids and in internal budgetary documents. (DN 217, at PageID #12863.) Humana also argues DN 201-9 at 163:11-12; 164; 200; and 225 discusses the quantitative models and scenario testing that Humana used, the collaborative process of assumption development between Milliman and Humana, the member cost share actual experience, and the impact of specific plan changes on the plan's member cost share. Humana argues that excerpts at DN 201-9, at 163, 164, 200, 214, and 252 contain deposition testimony of an actuarial director discussing values for member cost share and benefits, confidential Market Call presentations and details regarding Humana and Milliman's actuarial pricing models. Humana argues disclosure of this information would give Humana's competitors unfair insight into Humana's budget and bid strategy, and it would allow competitors to adjust their bids to undercut Humana in the Part D market. (DN 217, at PageID #12863.)

In its reply, Humana argues that DN 201-9 at 163, 164, 199, 200, 214 and 252 contain confidential and proprietary information. (DN 234, at PageID #17896.) However, it withdraws its redactions for DN 201-9 at 19, 20, 21, 22, 23, 24, 141, 142, 225, 246, 251. (DN 234, at PageID # 17896.) Humana argues that Relator's response makes no argument concerning individual redacted excerpts in 201-9 that contain confidential information. (DN 234, at PageID #17897.)

The Court finds DN 201-9 at pages 163, 164, 199, 200, 214 and 252 contain confidential information that would harm Humana's competitive standing in the marketplace. Accordingly, the Court finds there is a compelling reason to seal excerpts of the document as modified above. As modified, the redactions on are narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions. The information contained in DN 201-9 at pages 163, 164, 199, 200, 214 and 252 is not being offered as evidence on the merits of this case at this point in time.

Based on the foregoing, the motion to seal DN 201-9 is GRANTED IN PART as modified by Humana's reply and the Court's findings. The Clerk shall keep DN 201-9 under seal, however Humana is ordered to file an amended redacted version of DN 201-9 redacting only those portions consistent with the request in their reply and pursuant to this Court's above findings.

### (viii)   DN 201-10 (Exhibit J at 9, 10, and 12)

Humana moves to redact less than two pages from a twenty-one-page email exchange from March 13, 2019 from W. Buffaloe to A. Shen that contains information related to Humana's internal bid and budgetary practices including details regarding scenario testing that Humana conducts and the collaborative process of bid assumption development with Milliman. (DN 217, at PageID #12864.)

Upon review, the Court finds that the redactions requested in DN 201-10 do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Accordingly, the motion to seal DN 201-10 is DENIED. The Court directs the Clerk to unseal DN 201-10.

### (ix)   DN 201-11 (Exhibit K at 81, 82, 103, and 104)

Humana argues the excerpts from Joseph Liss's Rule 30(b)(6) deposition contain information related to Humana's internal bid and budgetary practices. (DN 217, at PageID #12864.) Specifically, the excerpts at DN 201-11, at 81, 82, 103, and 104 discuss the quantitative models that Humana uses to develop bid and budget assumptions. Humana argues that its competitors could use this information to tailor their own bid and budget strategy to more effectively compete against Humana. (DN 217, at PageID #12865.)

Upon review, the Court finds that the redactions at page 81, 82, 103 and 104 include deposition testimony regarding the level of preparedness of the witness and the identity of individuals who may have relevant evidence. The Court finds that though the testimony is unflattering, these excerpts do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur if the records were unsealed.

Based on the foregoing, the motion to seal DN 201-11 is DENIED. The Court directs the Clerk to unseal DN 201-11.

### (x)   DN 201-13 (Exhibit M)

Humana argues its substantiation file for contract year 2016 is the supporting documentation for "Gain Loss Margin" that Humana submits to CMS as a part of the Part D bidding process. (DN 217, at PageID #12864.) Humana argues information should remain under seal as a proprietary trade secret because otherwise Humana's competitors could adjust their bids and undercut Humana in the Part D market. (DN 217, at PageID #12864.)

The Court finds that the redactions requested in DN 201-13 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace

because they contain detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions. The redacted information is not being offered as evidence on the merits of this case at this point in time. Accordingly, the motion to seal DN 201-13 is GRANTED. DN 201-13 shall remain under seal.

### (xi) DN 201-14 (Exhibit N) and DN 201-15 (Exhibit O)

Humana argues these exhibits are full length copies of internal "Market Call" presentations prepared by Humana's actuarial and finance departments to align senior leadership on financial and bid strategy prior to the submission of Part D bids each year. (DN 217, at PageID #12865.) Humana argues the documents contain highly proprietary and confidential information regarding bid and budget development, business strategy, and the values of key financial and actuarial metrics that would provide Humana's competitors with an unfair competitive advantage if made public. (DN 217, at PageID #12865.)

The Court finds that the redactions requested in DN 201-14 and DN 201-15 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace because the document contains detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions. The redacted information is not being offered as

evidence on the merits of this case at this point in time. Accordingly, the motion to seal DN 201-14 and DN 201-15 is GRANTED. DN 201-14 and DN 201-15 shall remain under seal.

### (xii) DN 201-16 (Exhibit P)

Humana argues the excerpts from Vanessa Olson's Rule 30(b)(1) deposition at DN 201-16 at 230-231 discuss the profit margins of Humana's Part D plans and how Humana determines plan profit. Humana argues disclosure of this information would cause a clear and serious injury to Humana by giving its competitors unfair insight into Humana's budget and bid strategy. (DN 217, at PageID #12865.)

Upon review, the Court finds that page 230:7-8 of the deposition transcript shall remain redacted because it contains confidential business information that if divulged could harm Humana's competitive standing in the marketplace because it contains detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions. The redacted information is not being offered as evidence on the merits of this case at this point in time. The remaining portions of the deposition testimony should not be redacted because though the testimony is unflattering, these excerpts do not contain information that if disclosed would harm Humana's competitive standing in the marketplace.

Accordingly, the motion to seal DN 201-16 is GRANTED IN PART and DENIED IN PART. DN 201-16 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 201-16 consistent with this Court's order.

### (xiii) DN 201-17 (Exhibit Q)

Humana argues that DN 201-17 at 163 from Rachael Theiss's Rule 30(b)(1) deposition discuss specific values related to low-income membership in Florida, scenario testing conduct by Humana, and the collaborative assumption bid development process with Milliman. Humana argues its competitors could unfairly use this information to guide their own Part D strategy at Humana's expense. (DN 217, at PageID #12865.)

Upon review, the Court finds that page 163:4-7 of the deposition transcript shall remain redacted as it contains confidential business information that if divulged could harm Humana's competitive standing in the marketplace because this portion of the deposition transcript contains detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored as modified and the public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions. The redacted testimony is not being offered as evidence on the merits of this case at this point in time. The remaining portions of the deposition testimony should not be redacted because though the testimony is unflattering, these excerpts do not contain information that if disclosed would harm Humana's competitive standing in the marketplace.

Accordingly, the motion to seal DN 201-17 is GRANTED IN PART and DENIED IN PART. DN 201-17 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 201-17 consistent with this Court's order.

b) **DN 208 Humana's Opposition to Relator's Motion to Compel and Accompanying Exhibits**

(i) **DN 208 Humana's Opposition**

Humana moves to redact roughly two pages of text from a twenty-seven-page motion containing information related to Humana's internal bid and budgetary practices. (DN 217, at

PageID #12866.) Humana argues the excerpts in DN 208 at 3, 4, 6, 13, 14, 15, and 20 detail the collaborative process of bid assumption development with Milliman and detail how assumptions are developed for Humana's Part D bids and Humana's internal budgets. Humana argues disclosure of this information would cause a clear and serious injury to Humana by giving its competitors unfair insight into Humana's budget and bid strategy. (DN 217, at PageID #12866.)

Upon review, the Court finds that the redactions requested are generalized information about the case, and though unflattering, they do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 208 is DENIED. The Court directs the Clerk to unseal DN 208.

**(ii)    DN 208-1**

Humana argues the excerpts in the Declaration of Rachael Theiss detail the development of assumptions used for Humana's Part D bids and internal budgets. (DN 208-1 at 1, 2.) Humana argues disclosure of this information would place Humana at a competitive disadvantage in the Part D market. (DN 217, at PageID #12866.)

Upon review, the Court finds that the redactions requested are generalized information about the case and Humana's document storage, and though unflattering, it does not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 208-1 is DENIED. The Court directs the Clerk to unseal DN 208-1.

**(iii)    DN 208-2**

Humana moves to redact roughly four paragraphs from the Declaration of William Buffaloe that contain information regarding Humana's internal bid and budgetary practices. (DN 217, at PageID #12866.) Humana argues DN 208-2 at 10 discusses details regarding Humana's collaborative process of bid assumption development with Milliman and Humana argues that DN 208-2 at 3, 9, and 14 discusses details about how assumptions are developed for Humana's Part D bids and internal budgets. (DN 217, at PageID #12866.) Humana argues if disclosed, the information could be used by Humana's competitors to obtain a competitive advantage in the market. (DN 217, at PageID #12867.)

Upon review, the Court finds that the redactions requested are generalized information about the case and Humana's correspondence with Relator's counsel, and though unflattering, it does not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 208-2 is DENIED. The Court directs the Clerk to unseal DN 208-2.

### (iv)    DN 208-3 (Exhibit 1) and DN 208-4 (Exhibit 2)

Humana argues these exhibits, Relator's First Amended Notice of Rule 30(b)(6) Deposition of Humana and Humana's Responses and Objections to Relator's First Amended Notice of Rule 30(b)(6) Deposition, are identical to exhibits B and E from Realtor's Motion to Compel and Humana seeks to redact these exhibits for the same reasons discussed above.

Consistent with the Court's above analysis of exhibits B and E, the Court finds that the redactions requested are generalized information about the case and though unflattering, they do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and

serious injury would occur. Based on the foregoing, the motion to seal DN 208-3 and DN 208-4 is DENIED. The Court directs the Clerk to unseal DN 208-3 and DN 208-4.

       **(v)**        **DN 208-5 (Exhibit 3)**

Humana seeks to redact roughly one page of text from a twenty-page email exchange between Relator to Humana spanning the time period of January 3, 2019 to January 17, 2019. (DN 217, at PageID #12867). Humana argues the excerpts contain information related to Humana's bid practices, budgetary practices, and confidential compliance programs. (DN 217, at PageID # 12867.) Humana argues that DN 208-5 at 14 discusses financial details and values for Humana's gain-loss margins which came directly from Humana's confidential Market Call Presentations. (DN 217, at PageID # 12867.) Humana argues that DN 208-5 at 5 and 10 discusses details about assumption development for Humana's bids and budgets, including which assumptions are used in generating Humana's final budgets and which assumptions are used in Humana's Peer Review Notebooks, Data Request Templates, and internal financial spreadsheets. (DN 217, at PageID #12867.) Humana argues that DN 208-5 at 15 contains information regarding Humana's confidential internal audit practices and can be used by competitors to guide their own Part D compliance programs. (DN 217, at PageID #12867.)

Upon review, the Court finds the redactions requested at page 14 contain confidential information that could harm Humana in the marketplace because page 14 contains detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored as the redaction is limited to the confidential business information and the general topic being discussed can be gleaned from the surrounding non-confidential material. The public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana

sufficiently answered questions at various 30(b)(6) depositions and the redacted information is not being offered as evidence on the merits of this case at this point in time. The Court finds the remaining redactions to be unflattering, but do not contain confidential information that could harm Humana in the marketplace.

Accordingly, the motion to seal DN 208-5 is GRANTED IN PART and DENIED IN PART. DN 208-5 shall remain under seal, however Humana is ordered to file a supplemental redacted version of DN 208-5 pursuant to the Court's orders above.

### (vi) DN 208-7 (Exhibit 5)

Humana moves to redact excerpts from Akure Paradis's Rule 30(b)(6) deposition testimony that specifically references details of the assumption development process, including the iterative process of generating bid assumptions. (DN 208-7 at 33:3-5, 34:21-22, 35:1, 6-7.) Humana argues this information can be used by Humana's competitors to guide their own Part D strategy to compete against Humana. (DN 217, at PageID #12868.)

Upon review of the deposition testimony, the Court finds the redactions requested at 33, 34, and 35 do not contain confidential information that could harm Humana in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 208-7 is DENIED. The Court directs the Clerk to unseal DN 208-7.

### (vii) DN 208-9 (Exhibit 7)

Humana moves to redact excerpts from Rachael Theiss's Rule 30(b)(6) deposition testimony that reference assumptions used in the bid or budgetary documents which Humana considers confidential. (DN 208-9, at 244:11, 274:1-2.) Humana argues that DN 208-9 at 169 and 170 contain details regarding Milliman's pricing model. Humana argues that DN 208-9 at 19-21,

33 and 40 discusses the details of the assumption development process for Humana's bids and budgets which would cause Humana competitive harm in the marketplace. (DN 217, at PageID #12868.)

In reply, Humana states that in the interest of judicial economy it withdraws its redactions for DN 208-9 at 19-23, 33, 39, 40, 246 and 280. (DN 234, at PageID #17897.)

The Court finds that the redactions at 244:7-11, 245:15-17, and 274:1-2 do contain information that could cause Humana competitive harm in the marketplace because the testimony contains detailed numerical information regarding prior bids that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored as the redaction is limited to the confidential business information and the general topic being discussed can be gleaned from the surrounding non-confidential testimony. The public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions and the redacted information is not being offered as evidence on the merits of this case at this point in time.

The Court finds that the remaining redactions requested do not contain confidential information that would cause Humana competitive harm in the marketplace. Further Humana also requests redactions on page 172 of DN 217-30, however the original DN 208-9 did not contain page 172 of the deposition transcript.

Accordingly, the motion to seal DN 208-9 is GRANTED IN PART and DENIED IN PART. DN 208-9 shall remain under seal, however Humana is ordered to file a supplemental redacted version of DN 208-9 with redactions at 244:7-11, 245:15-17, and 274:1-2 pursuant to the above order.

    (viii)    **DN 208-10 (Exhibit 8)**

Humana argues the excerpts from RX-241 of Rachael Theiss's Deposition regarding exhibit topics 1(b)-(d) discuss details about how assumptions are developed for Humana's Part D bids and Humana's internal budgets. (DN 208-10 at 1.) Humana argues that its competitors can use this information to tailor their own Part D strategy to compete unfairly against Humana. (DN 217, at PageID #12869.)

The Court finds that the redactions requested in DN 208-10 do not contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 208-10 is DENIED. The Court directs the Clerk to unseal DN 208-10.

### (ix)    DN 208-13 (Exhibit 11)

Humana argues RX-256 of Rachael Theiss's Deposition Exhibit Topic 2 contains a detailed timeline of Humana's bid development process for contract year 2017. (DN 208-13 at 1, 2.) Humana argues this information could allow Humana's competitors to tailor their own Part D bidding strategy to unfairly compete against Humana. (DN 217, at PageID #12869.)

The Court finds that the redactions requested in DN 208-13 do contain confidential information regarding Humana's internal development of bids that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, the Court finds there is a compelling reason to seal DN 208-13. The redactions requested are narrowly tailored as the redactions are limited to the confidential business information and the general topic being discussed can be gleaned from the surrounding non-confidential material. The public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana

sufficiently answered questions at various 30(b)(6) depositions. Accordingly, the motion to seal DN 208-13 is GRANTED. DN 208-13 shall remain under seal.

### (x)    DN 208-14 (Exhibit 12)

Humana moves to seal portions of RX-527 of Rachael Theiss's Deposition Exhibit Topic 8 which contains a detailed inventory of the attestations and certifications Humana maintains internally and provides to CMS during the course of the Part D bidding process. (DN 217, at PageID #12869.) Humana argues DN 208-14 at 1 and 2 relate to its internal attestations and that this information can be used by Humana's competitors to tailor their own compliance initiatives without a comparable investment of capital. (DN 217, at PageID #12869.)

The Court finds that the redactions requested in DN 208-14 do contain confidential information regarding Humana's internal development of bids that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, the Court finds there is a compelling reason to seal DN 208-14. The redactions requested are narrowly tailored as the redactions are limited to the confidential business information and the general topic being discussed can be gleaned from the surrounding non-confidential material. The public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions. Accordingly, the motion to seal DN 208-14 is GRANTED. DN 208-14 shall remain under seal.

### (xi)   DN 208-15 (Exhibit 13)

Humana seeks to redact less than a page of text from thirteen pages of Joseph Liss's Rule 30(b)(6) deposition testimony that reflect information related to Humana's internal financial and Part D bid practices. (DN 217, at PageID #12870.) Humana argues DN 208-15 at 11:17-25, and 12:1 contains details about Humana's confidential "lockdown" strategy meetings, where finance

and actuarial personnel meet with senior leadership to align on the Company's financial strategy. (DN 217, at PageID #12870.) Humana argues this confidential information can be used by its competitors to tailor their own Part D and financial practices. (DN 217, at PageID #12870.)

The Court finds that the redactions requested in DN 208-15 at 11 and 12 do not contain confidential business information that could be used by competitors to harm Humana's marketplace standing but instead a high-level description of a meeting. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur if the records were unsealed.

Based on the foregoing, the motion to seal DN 208-15 is DENIED. The Court directs the clerk to unseal DN 208-15.

### (xii)    DN 208-16 (Exhibit 14)

Humana seeks to redact excerpts from S. Diamond's Rule 30(b)(6) deposition testimony that contain information related to Humana's bid and budgetary practices. Humana argues that DN 208-16 at 88-91, 118-121, 137-146 and 275-279 discuss details about the assumptions contained in certain internal budget documents, details regarding the assumption development process for Humana's budgets and how assumptions are generated, the capabilities of Humana's internal quantitative models, the various tools used to develop Humana's internal budgets and how those models are built, the strategic inputs and considerations that go into bid and budget development and details about how Humana calculates its underwriting margin. (DN 217, at PageID # 12870.) Humana argues that disclosure of this information would cause competitive injury to Humana by giving its competitors unfair insight into Humana's budget and bid strategy. (DN 217, at PageID #12870.)

Upon review, the Court finds the redactions requested at 136:3-6; 137:4-138:4; 151:3-152:3; 275:6-9; 275:12-13; 276:12-18; 277:19-20; 277:22-25; 278:1-4; 278:6-14; 278:16-22; 278:24-25; and 279:2-9 contain confidential information that if divulged could be used by competitors to undercut Humana's marketplace standing because the page contains detailed numerical information regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored as modified to the confidential business information identified by the Court and the general topics being discussed can otherwise be gleaned from the surrounding non-confidential material. The public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions and the redacted information is not being offered as evidence on the merits of this case at this point in time.

The Court finds the remaining redactions requested cover testimony regarding why there are differences between the bids and budgets at bids and generally how a model handles certain variables, however these portions of the deposition testimony do not contain confidential information that if disclosed to competitors would cause Humana harm in the marketplace. The Court finds the requested portions may cause Humana reputational harm, however that is not a compelling reason to seal the document from public view.

Accordingly, the motion to seal DN 208-16 is GRANTED IN PART and DENIED IN PART. DN 208-16 shall remain under seal, however Humana is ordered to file a supplemental redacted version of DN 208-16 pursuant to the Court's findings above.

### (xiii)   DN 208-17 (Exhibit 15)

Humana moves to seal RX-342 from Susan Diamond's Deposition regarding Topics 1(b-c) and they discuss details about how assumptions are developed for Humana's Part D bids and

internal budgets. (DN 208-17 at 1, 2.) Humana argues disclosure of this information would cause a clear and serious competitive injury to Humana by giving their competitors unfair insight into Humana's budget and bid strategy. (DN 217, at PageID # 12871.)

The Court finds that the redactions requested in DN 208-17 do not contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 208-17 is DENIED. The Court directs the Clerk to unseal DN 208-17.

### (xiv)   DN 208-19 (Exhibit 17)

Humana moves to seal RX-345 from Susan Diamond's Deposition regarding Topic 1(k) that reflects confidential information relating to Humana's underwriting margin for the Walmart Plan, as well as all the inputs used to calculate the underwriting margin for various contract years. (DN 217, at PageID #12871.) Humana argues if this information is publicly disclosed, competitors can gain insight into how Humana sets premiums, thereby providing them an unfair competitive advantage. (DN 217, at PageID #12871.)

The Court finds that the redactions requested in DN 208-19 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace. The Court finds the request is narrowly tailored as the redaction is limited to the confidential business information. The public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions and the redacted information is not being offered as evidence on the merits of this case at this point in time. Accordingly, the motion to seal DN 208-19 is GRANTED. DN 208-19 shall remain under seal.

### (xv) DN 208-21 (Exhibit 19)

Humana moves to seal RX-346 which was a deposition exhibit for multiple topics in the deposition of Susan Diamond that contains a detailed discussion of how Humana calculates the underwriting margin. (DN 208-21.) Humana argues that similar to Exhibit 17 above, this information would cause financial and competitive harm to Humana. (DN 217, at PageID #12871.)

The Court finds that the redactions requested in DN 208-21 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace. The Court finds the request is narrowly tailored as the redaction is limited to the confidential business information. The public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions and the redacted information is not being offered as evidence on the merits of this case at this point in time. Accordingly, the motion to seal DN 208-21 is GRANTED. DN 208-21 shall remain under seal.

### (xvi) DN 208-22 (Exhibit 20)

Human argues that RX-348 from the deposition of Susan Diamond regarding exhibit topic 1(a) contains detailed information regarding the actuarial development process of the assumptions for Humana's bids and budgets. (DN 217, at PageID # 12872.) Humana argues that disclosure of this information would give competitors unfair insight into Humana's budget and bid strategy. (DN 217, at PageID #12872.)

The Court finds that the redactions requested in DN 208-22 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace because they contain detailed timelines and insight into Humana's actuarial process that could be

used by competitors to undercut Humana's marketplace standing.  The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions.  The redacted information is not being offered as evidence on the merits of this case at this point in time.  Accordingly, the motion to seal DN 208-22 is GRANTED.  DN 208-22 shall remain under seal.

### (xvii)   DN 208-23 (Exhibit 21)

Humana seeks to redact less than one page from Leon Lanceta's Rule 30(b)(6) deposition testimony related to Humana's storage, processing and maintenance of prescription drug event data. (DN 217, at PageID #12873.)  Humana argues DN 208-23 at 30:11-15 discusses the testing that Humana conducts on PDE data to ensure it remains compliance with CMS' regulations. Humana argues DN 208-23 at 64:18-25 and 65:10-15 discusses the technological infrastructure Humana developed to store and maintain compliant PDE records. Humana argues it expends substantial resources in maintaining robust compliance with CMS' regulations regarding PDE data and Humana's competitors can use this information to tailor their own compliance initiatives without a comparable investment of capital.  (DN 217, at PageID #12873.)

The Court finds that the redactions requested in DN 208-23 do not contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur.  Based on the foregoing, the motion to seal DN 208-23 is DENIED.  The Court directs the Clerk to unseal DN 208-23.

### (xviii)  DN 208-25 (Exhibit 23)

Humana moves to redact excerpts from Rachael Theiss's Rule 30(b)(1) deposition that discuss Humana's assumption development for its bids and budgets, referencing details about confidential "market call" meetings, how certain assumptions change over time, and the timeline of finalizing assumptions for the bid. (DN 208-25 at 249:15-25, 250:1-6.) Humana argues disclosure of this information could give its competitors unfair insight into Humana's budget and bid strategy. (DN 217, at PageID #12873.)

The Court finds that the redactions requested at page 249 and 250 do not contain confidential business information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 208-25 is DENIED. The Court directs the Clerk to unseal DN 208-25.

### (xix)   DN 208-26 (Exhibit 24)

Humana seeks to redact five pages from David Pottschmidt's 30(b)(1) deposition transcript containing information related to Humana's bid and budgetary practices. (DN 217, at PageID #12873.) Humana argues DN 208-26 at 214, and DN 208-26 at 218-220 discusses the development of assumptions used for Humana's bids and budgets, including details of Humana's internal policies and procedures for developing assumptions for Humana's bids and budgets. Humana argues disclosure of this information would give competitors unfair insight into Humana's budget and bid strategy. (DN 217, at PageID #12874.)

The Court finds the redactions requested do not contain confidential business information that would give competitors unfair insight into Humana's budget and bid strategy, however unflattering they may be. Accordingly, Humana has not met its burden to show that a clearly

defined and serious injury would occur. Based on the foregoing, the motion to seal DN 208-26 is DENIED. The Court directs the Clerk to unseal DN 208-26.

### c) DN 211 Relator's Reply and Accompanying Exhibits

#### (i) DN 211 Relator's Reply

Humana seeks to redact a single page from Relator's brief containing information regarding the scenario testing Humana conducts and details the collaborative bid development process in which Humana engages with Milliman. (DN 211 at 11.) Humana argues that DN 211 at 2, 4-7, and 13 discusses the development of assumptions used for Humana's bids and budgets. Humana argues disclosure of this information would give Humana's competitors unfair insight into Humana's budget and bid strategy. (DN 217, at PageID #12874.)

Upon review, the Court finds that the redactions requested are generalized information about the case and address changes after the Civil Investigative Demand was issued by the government in 2017, and though unflattering, these portions of the reply do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur if the reply is unsealed. Based on the foregoing, the motion to seal DN 211 is DENIED. The Court directs the Clerk to unseal DN 211.

#### (ii) DN 211-1 (Exhibit S)

Humana seeks to redact roughly three pages of text from excerpts of Rachael Theiss's Rule 30(b)(6) deposition related to Humana's bid and budgetary practices. Humana argues that DN 211-1 at 224, 225, 228, 229, 230, 231 and 232 discusses the scenario testing that Humana conducts for specific assumptions, reference values for low income membership percentages and detail the collaborative bid development process with Milliman. (DN 217, at PageID #12874.) Humana

argues disclosure of this information would cause Humana financial and competitive harm. (DN 217 at PageID #12874.)

In reply, Humana argues DN 211-1 at 228, 229, 230, 231 and 232 contain confidential and proprietary information. (DN 234, at PageID # 17896.) However, in the interest of judicial economy, Humana withdraws its redactions for DN 211-1 at 224 and 225. (DN 234, at PageID #17896.) Humana argues that Relator's response makes no argument concerning individual redacted excerpts in 211-1 that contain confidential information. (DN 234, at PageID #17897.) Humana argues in reply, that though Humana's scenario testing is a basic allegation and fact, the contents of the transcript go far beyond merely referencing that Humana conducts actuarial tests. (DN 234, at PageID # 17898.) Humana argues it would suffer injury from the disclosure of this information because it would allow Humana's competitors to have insight into its actuarial capabilities. (DN 234, at PageID #17898.)

Upon review of the deposition transcript, the Court finds that DN 211-1 at 230:15-21 contains confidential business information that if disclosed would harm Humana's competitive standing in the marketplace. The Court finds the above portion of the transcript is narrowly tailored and the general topic being discussed can be gleaned from the surrounding non-confidential material. The public interest in this information is low as the underlying motion is a motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions and the redacted information is not being offered as evidence on the merits of this case at this point in time.

However, the Court finds the remaining portions of the deposition transcript do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, the motion to seal DN 211-1 is GRANTED IN PART and DENIED IN PART. DN

211-1 shall remain sealed, however Humana is ordered to file a supplemental redacted version of DN 211-1 pursuant to the Court's above order.

### (iii)    DN 211-2 (Exhibit T)

Humana moves to redact three pages of text from Shelly Brandel's Rule 30(b)(1) deposition that discuss confidential analyses that Milliman conducted regarding Humana's bid development. (DN 211-2 at 35-37.) Humana argues disclosure of this confidential information would allow Humana's competitors to tailor their own Part D bidding strategy to unfairly compete in the Part D market. (DN 217, at PageID #12874.)

The Court finds the requested redactions do not contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 211-2 is DENIED. The Court directs the Clerk to unseal DN 211-2.

### (iv)    DN 211-3 (Exhibit U)

Humana moves to seal a letter from Milliman to Humana regarding Walmart PDP on the grounds that the letter contains values for Part D plan projections and assumptions and details analysis and strategy for Humana's bids. (DN 211-3.) Humana argues its competitors will unfairly benefit from this insight into its proprietary bid strategies. (DN 217, at PageID #12875.)

The Court finds that the redactions requested in DN 211-3 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace. The Court finds the request is narrowly tailored as the redaction is limited to the confidential business information and the general topic being discussed can be gleaned from the surrounding non-confidential material. The public interest in this information is low as the underlying motion is a

motion to compel addressing whether Humana sufficiently answered questions at various 30(b)(6) depositions and the redacted information is not being offered as evidence on the merits of this case at this point in time. Accordingly, the motion to seal DN 211-3 is GRANTED. DN 211-3 shall remain under seal.

>   **2. Relator's Motion for Leave to File Relator's Opposition to Defendant Humana's Omnibus Motion for Leave to File Permanently Under Seal Confidential Information Accompanying Docket Entries 201, 208, and 211 Provisionally Under Seal (DN 225)**

Relator moves for leave to file his opposition to Defendant's omnibus motion for leave to file permanently under seal confidential information accompanying DN 201, 208, and 211 provisionally under seal. (DN 225 re DN 226.) Relator says that pursuant to its confidentiality stipulation, Relator is filing his motion provisionally under seal and Humana is then required to submit a brief to the Court as to why sealing is required and whether redaction could eliminate or reduce the need for sealing. (DN 225, at PageID #17816.) Relator sets forth no other arguments in its two-paragraph motion. (*Id.*)

In response, Humana states that it does not intend to file a motion seeking leave to permanently seal Relator's opposition. (DN 235, at PageID #17994.)

Based on the foregoing, the Court finds both parties have failed to substantiate their arguments that a compelling reason exists to seal DN 226. Accordingly, DN 225 is DENIED and the Court directs the Clerk to unseal DN 226.

## II.    ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) Humana's omnibus motion for leave to file permanently under seal confidential information accompany docket entries 201, 208 and 221 (DN 217) is **GRANTED IN PART** and **DENIED IN PART**.

(a) The motion to seal DNs 201-6, 201-7, 201-13, 201-14, 201-15, 208-13, 208-14, 208-19, 208-21, 208-22, and DN 211-3 is **GRANTED.**

(b) The motion to seal DNs 201, 201-9, 201-16, 201-17, 208-5, 208-9, 208-16 and 211-1 is **GRANTED IN PART**.

(c) The motion to seal DNs 201-1, 201-2, 201-4, 201-5, 201-8, 201-10, 201-11, 208, 208-1, 208-2, 208-3, 208-4, 208-7, 208-10, 208-15, 208-17, 208-23, 208-25, 208-26, and 211 is **DENIED**.

(d) DNs 201, 201-6, 201-7, 201-9, 201-13, 201-14, 201-15, 201-16, 201-17, 208-5, 208-9, 208-13, 208-14, 208-16, 208-19, 208-21, 208-22, 211-1, and 211-3 **shall remain under seal**.

(e) Humana shall file a supplemental redacted version of DNs 201, 201-9, 201-16, 201-17, 208-5, 208-9, 208-16 and 211-1 pursuant to the Court's orders above on or before **December 2, 2019**.

(f) The Court directs the Clerk to **unseal** DNs 201-1, 201-2, 201-4, 201-5, 201-8, 201-10, 201-11, 208, 208-1, 208-2, 208-3, 208-4, 208-7, 208-10, 208-15, 208-17, 208-23, 208-25, 208-26, 211, 211-2 and 226.

(2) Relator's motion to for leave to file Realtor's opposition to Defendant's omnibus motion for leave to file permanently under seal confidential information accompanying docket entries 201, 208 and 211 provisionally under seal (DN 225) is **DENIED WITH PREJUDICE.**

(3) Due to the parties' voluminous motions to seal, the Court will require the parties to file a joint index of exhibits for the Court's reference. The index shall list each pending motion (including its document number), each exhibit attached thereto and the document number

at which each can be found (if there is a redacted version of the document, the document number of the redacted version and the document number of the sealed version), whether the exhibit is currently sealed or if a motion to seal is pending, and if a prior motion to seal was denied regarding the same exhibit. The Parties shall file this index **on or before December 2, 2019**.

Colin H Lindsay, Magistrate Judge
United States District Court

November 5, 2019
cc: Counsel of record