**UNITED STATES OF AMERICA**
*ex rel.* **STEVEN SCOTT,**                                                            **Plaintiff,**

**v.**

 **HUMANA, INC.,**                                                                  **Defendant.**

## <u>Memorandum Opinion and Order</u>

First, before the Court is the omnibus motion for leave to file permanently under seal confidential information accompanying docket entries 172, 174, 197 and 204 filed by Defendant, Humana Inc. ("Humana") as briefed in DNs 221, 232, and 240.

Second, before the Court is the accompanying motion for leave to file Relator's opposition to Defendant Humana's omnibus motion for leave to file permanently under seal confidential information accompanying docket entries 172, 174, 197 and 204 provisionally under seal filed by Relator, Steven Scott ("Relator") as briefed in DNs 231 and 239.

Third, before the Court is Humana's omnibus motion for leave to file under seal confidential information accompanying docket entries 186 and 188 as briefed in DN 218, 228 and 236.

Fourth, before the Court is the accompanying motion for leave to file Relator's opposition to Humana's omnibus motion for leave to file permanently under seal confidential information in docket entries 186-1 and 188 provisionally under seal as briefed in DN 227 and 237.

Lastly, before the Court is Humana's motion to stay the unsealing of docket entries DN 172, 174, 197 and 204 as briefed in DN 219 and 230.

# I. MOTIONS TO SEAL

## A. Legal Standard

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179. The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would, for instance, harm a company's reputation is insufficient. *Id.*; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane Grp. Inc.*, 825 F.3d at 307. Examples of injuries sufficient to justify a sealing of judicial records include those that could be used as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

In rendering a decision, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Shane Grp. Inc.*, 825 F.3d at 306. Importantly, the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed. *Rudd Equipment Co., Inc.*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, its lack of objection did not waive the public's First Amendment and common law right of access to court filings); *Shane Grp. Inc.*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.")

B. Discussion

**1. Humana's Omnibus Motion for Leave to File Permanently Under Seal Confidential Information Accompanying Docket Entries 172, 174, 197 and 204 (DN 221)**

Relator moved to provisionally seal DNs 172, 174, 197 and 204 pursuant to the parties' agreed-upon stipulation. (DN 221, at PageID # 13863.) In DN 216, the Court denied Relator's motions to provisionally seal on the grounds that after months had passed, Humana had yet to file a motion to seal permanently, and accordingly the Court directed the Clerk to unseal the docket entries. Humana subsequently moved to stay the unsealing of these documents pending the Court's review of Humana's motion to seal permanently. (DN 219.) In DN 222 the Court ordered the Clerk to stay the unsealing of DNs 172, 174, 197 and 204. On September 9, 2019, Humana filed the instant motion.

Humana moves to seal (a) excerpts from Relator's motion to compel and accompanying exhibits A, B, C, D, E, and H; (b) excerpts from Relator's reply and accompanying exhibits P, Q, R, S, T, and U; (c) excerpts from Relator's opposition and corresponding exhibit A; and lastly (d) excerpts from Relator's supplemental notice DN 204 and corresponding exhibits A, B, D, F, G, H, I, J, K, L, M and N. (DN 221, at PageID # 13864.) Humana argues that the documents its moves to seal contain non-public proprietary data, business information and trade secrets whose disclosure would cause serious commercial harm to Humana. (DN 221, at PageID # 13863.) The Court addresses each of these documents in turn below.

Humana argues there is a compelling reason to seal the above identified excerpts since they contain three categories of non-public proprietary information that could cause commercial harm to Humana. (DN 221, at PageID # 13864.) First, Humana argues that the excerpts contain trade secrets concerning Humana's internal budgets, financial projections and related budgeting practices that shed light on the factors Humana considers when formulating its budgetary

projections, which competitors could use to gain an advantage over Humana. (DN 221, at PageID # 13864.) Second, Humana argues the excerpts discuss internal processes Humana follows when developing its Medicare Part D bids, its pricing practices, its actual experience data and the contributions of its actuarial consultant which could be used by Humana's competitors to tailor their own Part D pricing strategy. (DN 221 at PageID # 13865.) Third, Humana argues the excerpts include information concerning studies and initiatives Humana designed to increase its beneficiaries' utilization of pharmacies in the Walmart Plan's preferred network and internal compliance information that, if disclosed, could cause Humana serious competitive harm. (DN 221 at PageID # 13865.)

Humana argues that in recognition of the presumption of public access, Humana limited its motion to seal to those narrowly tailored excerpts that contain confidential information, rather than moving to seal the applicable docket entries in their entirety. (DN 240, at PageID # 18015.)

In response, Relator makes three arguments for why the Court should not seal the documents requested. First, Relator argues more than eight months passed after Relator filed his motion to provisionally seal pursuant to the stipulated agreement. (DN 232 at PageID # 17884.) Relator contends that DNs 172, 174, 197 and 204 were ordered unsealed no earlier than 21 days after entry of the August 30, 2019 order, thus the instant motion is a motion for reconsideration. However, the Court notes that DNs 172, 174, 197 and 204 were ordered unsealed due to Humana's failure to timely file a response to Relator's motion to seal pursuant to a confidentiality stipulation. As stated in DN 216, due to the fact that "[Relator's] motions to provisionally seal [DN 171, 173, 196 and 203] have not been superseded by any motions to permanently seal or redact" the arguments regarding DNs 172, 174, 197 and 204 were not addressed on the merits. The motions to provisionally seal have been superseded by the instant motion.

Second, Relator argues that some of the documents were the target of the Court's scrutiny in DN 216, and therefore they are essential for interested members of the public who wish to assess this Court's decision for themselves. (DN 232, at PageID # 17884.)

Third, Relator argues the Court should deny Humana's motion to seal the summary exhibits DN 172-1, 172-2, 204-3, 204-5, 204-7 and 204-14 on the grounds that they contain outdated financial information that could not be harmful to Humana's competitive standing, but that do go directly to the merits of the case. (DN 232, at PageID # 17885.)

Lastly, in Relator's response he states that he will not object to the Court sealing DNs 172-3, 172-4, 172-5, 172-8, 174-1, 174-2, 174-4, 174-5, 174-6, 197-1, 204-2, 204-10, 204-11, 204-12, 204-13, and 204-15. (DN 232 at PageID # 17885.) Relator states that he would like to reserve his right to later move to unseal material filed in connection with any dispositive or other pre-trial motion.[1] (*Id.*) Relator's lack of objection does not end the Court's independent analysis of whether the above documents should be sealed from public inspection. *Shane Grp. Inc.*, 825 F.3d at 305.

### a) DN 172 Relator's Motion to Compel Defendant Humana to Answer his Requests for Admission
#### (i) DN 172 Relator's Motion

Humana moves to redact approximately three lines of text from a nineteen-page brief discussing initiatives Humana designed and pursued to increase its beneficiaries' utilization of pharmacies in the Walmart Plan's preferred network. (DN 221, at PageID # 13867.) Humana argues it invested substantial capital to develop these initiatives and disclosure of these initiatives would grant Humana's competitors an unfair commercial advantage. (DN 221, at PageID #13868.) Further, Humana argues the redacted excerpt discusses the collaborative process of

---

[1] If presently-redacted information becomes more important to this Court's later decisions, the interests supporting public access may increase as well. *See Rudd Equip. Co., Inc*., 834 F.3d at 594. Likewise, absent a direct and meritorious motion, the Court will not endeavor to conceal these documents if presently in the record elsewhere.

assumption development between Milliman and Humana that would give Humana's competitors unfair insight into Human's budget and bid strategy. (DN 221, at PageID # 13867.)

In response, Relator objects to the to the Court sealing excerpts of DN 172. (DN 232, at PageID # 17887.) Relator argues that the information Humana seeks to conceal pertains to the name of one preferred utilization initiative, as well as Humana's failure to tell Milliman that its initiatives were not implemented. (DN 232, at PageID # 17887.) Relator argues this information is reflected in numerous public filings already. (DN 232, at PageID #17887.) Furthermore, Relator argues that Humana's claim that the revelation of this basic information would harm its competitive standing is perfunctory and unsupported. (*Id*.) Relator argues that the revelation that Humana failed to communicate certain information to Milliman would not have any effect on its pricing strategy or the strategies of its competitors. (*Id*.)

Upon review, the Court finds that the name of the specific initiative shall remain redacted because it reveals the name of a third party Humana targeted for business that could be used by competitors to undercut Humana's position in the market. The Court finds the request is narrowly tailored as modified and the public interest in this information is low as the underlying motion is a motion to compel. The redacted information is not being offered as evidence on the merits of this case at this point in time.

The remaining portions of the document do not otherwise provide any revealing information regarding the initiative and should not be sealed. Further, though the fact that Humana did not provide information regarding the imitative to a third party is unflattering, the requested remaining redactions do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. The fact that Humana collaborated with Milliman has been disclosed in many unsealed documents, including Humana's own moving papers in the

instant motion. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur if the redacted information was disclosed.

Based on the foregoing, the motion to seal DN 172 is GRANTED IN PART and DENIED IN PART. DN 172 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 172 consistent with this Court's order.

### (ii)     DN 172-1 (Exhibit A)

Humana argues exhibit A is a summary table from Relator containing several key values for preferred pharmacy utilization, membership and member cost share for the bids and budgets-at-bid from 2011 to 2018.  (DN 221, at PageID # 13868.) Humana argues Exhibit A includes actual experience data for the same years for preferred retail utilization and preferred mail utilization. (DN 221, at PageID # 13868.) Humana inferred that CMS treats this information as confidential because CMS initially resisted producing data drawn from the Bid Pricing Tool documents that Part D sponsors submit to CMS along with the bid substantiation in discovery.  (DN 221, at PageID # 13868.) Humana argues that disclosure of this confidential business information would harm Humana by allowing its competitors to adjust their bids and undercut Humana in the Part D market. (DN 221, at PageID # 13868.)

In response, Relator objects to the Court sealing DN 172-1.  (DN 232, at PageID #17886.) Relator argues that exhibit A should be unsealed because it is central to the underlying motion to compel.  (DN 232, at PageID # 17887.) Relator argues that all of the information in the summary exhibits is at least two years old, and in many instances more than eight years old. (DN 232, at PageID #17888.) Relator argues that insurance companies must submit a new bid to CMS every year for Part D plans, thus the exhibit is out-of-date by at least two annual bid cycles.  (DN 232, at PageID # 17888.)  Relator further argues the metrics in the summary exhibits reflect the primary

evidence of Humana's fraud, but Relator also argues none of the information regarding Humana's fraudulent practices would allow Humana's competitors to adjust their bids to undercut Humana. (*Id*.) Lastly, Relator argues that the information Humana seeks to conceal is of significant public interest in that it concerns alleged misrepresentations related to the expenditure of taxpayer money on healthcare. (DN 232, at PageID # 17889.)

In reply, Humana argues that simply because data is historic does not mean that its public disclosure would not cause competitive harm to Humana. (DN 240, at PageID # 18010.) The Court agrees with Humana's last contention since historical data can be used to extrapolate current figures and applicable formulas.

The Court finds that the redactions requested do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace because they contain detailed numerical summaries regarding prior bids and profit margins that, even if historic, could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel responses. The redacted information is not being offered as evidence on the merits of this case at this point in time.

Accordingly, the motion to seal DN 172-1 is GRANTED. DN 172-1 shall remain under seal.

### (iii) DN 172-2 (Exhibit B)

Humana argues that exhibit B is also a summary table Relator created purporting to contain values for preferred pharmacy utilization, membership, and member cost share for Humana's final budgets from 2011 to 2018. (DN 221, at PageID # 13868.) Humana argues that disclosure of this information would harm Humana by providing its competitors with a trove of actuarial and

financial metrics with which they could adjust their bids and undercut Humana in the Part D market. (DN 221, at PageID # 13869.)

In response, Relator objects to the Court sealing excerpts of DN 172-2 for the same reasons articulated in the above section regarding DN 172-1. (DN 232 at PageID # 17886.)

The Court finds that the redactions requested do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace because they contain detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel responses. The redacted information is not being offered as evidence on the merits of this case at this point in time.

Accordingly, the motion to seal DN 172-2 is GRANTED. DN 172-2 shall remain under seal.

### (iv) DN 172-3 (Exhibit C)

Humana argues that it seeks to redact roughly one page of deposition testimony at DN 172-3 at 209:1-2, 8-9 that references values and metrics for preferred utilization in Humana's bids. (DN 221, at PageID # 13869.) Humana argues that DN 172-3 at 173:24-25, and at 209:1-25 includes details about assumption development for Humana's bids. (*Id.*) Humana argues DN 172-3 at 173:1-2, 9-12, and 14-17 discusses initiatives Humana designed and pursued to increase it beneficiaries' utilization of pharmacies in the Walmart Plan's preferred network. (*Id.*) Humana argues it invested substantial capital to develop these initiatives and public disclosure would grant Humana's competitors an unfair commercial advantage. (*Id.*)

Upon review, the Court finds that the name of the third party on page 173 shall be redacted for the same reasons articulated above, however the remaining content on page 173 and 209:5-6, 13-17, 19-25 does not include confidential information that if disclosed would harm Humana's competitive standing in the marketplace because these portions of the deposition testimony merely refer to information regarding Humana's communications about that initiative with the third party.

However, the Court finds that the portions of the deposition transcript at 173:14-17, 24-25; and 209:1-2, 7-11 do contain confidential information, including specific metrics used by Humana, that if divulged could harm Humana's competitive standing in the marketplace. The Court finds the request as modified is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel responses to requests for admission. The redacted information is not being offered as evidence on the merits of this case at this point in time.

Accordingly, the motion to seal DN 172-3 is GRANTED IN PART and DENIED IN PART. DN 172-3 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 172-3 consistent with this Court's order.

### (v) DN 172-4 (Exhibit D)

Humana argues that it seeks to redact fourteen lines of deposition testimony concerning Humana's bid development detailing the assumptions developed for Humana's Part D bids contained in DN 172-4 at 127:1-6, 8-10 and 12-16. (DN 221, at PageID # 13869.)

Upon review, the Court finds that the redactions requested are generalized information about the effects of preferred pharmacy use, and though unflattering, they do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury

would occur.  Based on the foregoing, the motion to seal DN 172-4 is DENIED.  The Court directs the Clerk to unseal DN 172-4.

### (vi)      DN 172-5 (Exhibit E)

Humana argues that it seeks to redact three lines from DN 172-5 at 19 from Humana's responses to Relator's Fourth Set of Interrogatories.  (DN 221, at PageID # 13870.) Humana argues that the Court previously granted its motion to seal Relator's Fourth Set of Interrogatories in DN 216 and that Humana has identified the same excerpts that the Court previously held would threaten Human's competitive standing if publicly disclosed. (DN 216 at 12 re DN 181-12.) Humana argues the Court should again seal these excerpts as they contain sensitive financial data including net liability and per member per month values, that if revealed could allow competitors an unfair advantage to compete more effectively against Humana in the Part D market.  (DN 221, at PageID 13870.)

The Court finds that the redactions requested in DN 172-5 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace because they contain detailed numbers from prior bids and budgets that could be used by competitors to undercut Humana's marketplace standing.  The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel responses to requests for admission.  The redacted information is not being offered as evidence on the merits of this case at this point in time.  Accordingly, the motion to seal DN 172-5 is GRANTED.  DN 172-5 shall remain under seal.

### (vii)      DN 172-8 (Exhibit H)

Humana argues that it seeks to redact less than a single page from a seventeen-page email thread containing sensitive budgetary information such as gain/loss margins, profit targets, and

strategic insights into budget development at DN 172-8 at 3. (DN 221 at PageID# 13870.) Humana argues that DN 172-8 at 4 contains confidential internal audit practices. (*Id.*) Humana argues the excerpts were contained in Humana's confidential "market call" presentations and the excerpts provide insight into the factors Humana uses when formulating budgetary projections, which competitors and business partners could use to gain an advantage over Humana. (*Id.*)

Upon review, the Court finds that DN 172-8 at PageID #8919 starting with the words "For example" and ending with the words "Slide 13" of the email shall remain redacted because these lines contain confidential business information that if divulged could harm Humana's competitive standing in the marketplace due to the detailed numbers regarding prior profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored as modified and the public interest in this information is low as the underlying motion is a motion to compel responses to requests for admission. The redacted information is not being offered as evidence on the merits of this case at this point in time.

The remaining portions of the email should not be redacted because, though the testimony is unflattering, these excerpts do not contain information that if disclosed would harm Humana's competitive standing in the marketplace.

Accordingly, the motion to seal DN 172-8 is GRANTED IN PART and DENIED IN PART. DN 172-8 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 172-8 consistent with this Court's order.

**b) DN 174 Relator's Reply in Support of His Motion to Compel a Complete Response to Interrogatory No. 1**
**(i)   DN 174 Relator's Reply**
Humana argues that it seeks to redact three lines of text from a twelve-page motion containing information related to bid assumption development because it describes Humana's internal knowledge of the impact of beneficiary behavior on assumptions. (DN 221, at PageID #

13871.) Humana argues this information can be used by Humana's competitors to tailor their own Part D plans to Humana's detriment. (*Id*.)

In response, Relator states he objects to the Court sealing excerpts of his reply. (DN 232, at PageID # 17889.) Relator argues that the portion of his reply that Humana seeks to permanently seal contains basic information that has already been made public. (*Id*.) Specifically, Relator argues that the fact that the percentage of low-income members affects the calculation of member cost share in the ICL phase because low income members utilize pharmacies differently has already been explained in DN 144, that the Court has unsealed in DN 216. (DN 232, at PageID # 17889.)

Upon review, the Court finds that the redactions requested are generalized information about the case and pharmacy utilization, and they do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 174 is DENIED. The Court directs the Clerk to unseal DN 174.

### (ii)    DN 174-1 (Exhibit P)

Humana moves to redact roughly five pages of deposition testimony regarding Humana's bid and budget development. (DN 221, at PageID # 13871.) Humana argues DN 174-1 at 60:1-2, 5-6, 17-18, 21-23; 61:1-3, 8, 10, 16-25; 62:12-18, 21-25; 67:1, 6-8, 10-13, 15-17; 91:6-11; 127:1-6, 12-16; 128:2-10, 12-13, 15-17 contain details about assumptions developed for Humana's Part D bids, internal budgets, scenario testing, internal knowledge of member behavior and development of underwriting margin estimates. (DN 221 at PageID # 13871.) Humana argues DN 174-1 at 146:20-25; 268:1-2, 12-15, 20-21, 24 describes plan data, premium changes, and the potential impact of preferred utilization differences. (DN 221 at PageID # 13871.) Humana argues

the disclosure of this information would give competitors unfair insight into Humana's budget and bid strategy. (*Id.*)

The Court finds that the redactions requested by Humana in DN 174-1 at 268:19-25 of the deposition transcript shall remain redacted because this portion of the transcript contains confidential business information that if divulged could harm Humana's competitive standing in the marketplace. This excerpt contains detailed numerical calculations from prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored as modified and the public interest in this information is low as the underlying motion is a motion to compel responses to interrogatories. The redacted information is not being offered as evidence on the merits of this case at this point in time.

The remaining portions of the deposition testimony should not be redacted because though the testimony is unflattering, these excerpts do not contain information that if disclosed would harm Humana's competitive standing in the marketplace but instead they contain generalized information regarding the use of pharmacies.

Accordingly, the motion to seal DN 174-1 is GRANTED IN PART and DENIED IN PART. DN 174-1 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 174-1 consistent with this Court's order.

### (iii)    DN 174-2 (Exhibit Q)

Humana moves to redact roughly fourteen lines of deposition testimony that it argues contains information related to Humana's bid and budget development at DN 174-2 at 37:15-16, 23-24; 84:4-6, 11, 13-15, 19-22. Humana argues these excerpts provide insight into budgetary strategy, financial forecast methods, and how assumptions developed for Humana's Part D bids

impact each other. (DN 221 at PageID # 13872.) Humana argues disclosure of this information would give its competitors unfair insight into its budget and bid strategy. (*Id*.)

Upon review, the Court finds that the redactions requested are generalized information about the case, and though unflattering, they do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 174-2 is DENIED. The Court directs the Clerk to unseal DN 174-2.

### (iv)    DN 174-3 (Exhibit R)

Humana moves to redact excerpts of a four-page letter describing the assumptions Humana develops for its bids and actuarial tools used to generate those assumptions. (DN 221 at PageID #13872.) Humana argues the excerpts reference specific details about bid strategy, including Humana's strategic decisions during bid development, and that Humana's competitors could unfairly use this information to guide their own bid strategy at Humana's expense. (*Id.*)

In response, Relator objects to the Court sealing exhibit R. (DN 232 at PageID #17889.) Relator argues that in DN 216, the Court rejected Humana's request to seal portions of the parties' correspondence which set forth the background of and parties' positions on the disputes and that this exhibit is similar enough to merit the same treatment. (DN 232, at PageID #17890.) Relator further argues that the information interrogatory No. 1 seeks and the information regarding the Walmart Basic Plan's historical standard deductible would not provide Humana's competitors with any unfair advantage. (DN 232, at PageID # 17890.)

In reply, Humana argues that DN 216 stated the opposite position to Relator's, namely that Humana's redactions of correspondence from Scott to Humana were justified because revelation of the redacted business data could harm Humana's competitive standing. (DN 240, at PageID

#18009.) Despite the interpretations of DN 216 by both parties, since the September 7, 2018 letter at issue has not been previously ruled upon and not all correspondence contains the same information, the Court evaluates DN 174-3 on its individual merits.

The Court finds that the DN 174-3 at PageID #10408 of the letter shall remain redacted because it contains confidential business information that if divulged could harm Humana's competitive standing in the marketplace. The redactions requested on this page contains detailed pricing information regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored as modified and the public interest in this information is low as the underlying motion is a motion to compel. The redacted information is not being offered as evidence on the merits of this case at this point in time.

The remaining portions of the letter should not be redacted because though the information is unflattering, these excerpts do not contain information that if disclosed would harm Humana's competitive standing in the marketplace.

Accordingly, the motion to seal DN 174-3 is GRANTED IN PART and DENIED IN PART. DN 174-3 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 174-3 consistent with this Court's order.

### (v) DN 174-4 (Exhibit S)

Humana seeks to redact roughly twenty-five lines of deposition testimony in DN 174-4 at 68:3-14, 69:1-16 that Humana claims contains information about Humana's bid and budget practices, the bid development process, internal business strategy, budgetary processes, and proprietary financial tools. (DN 221 at PageID # 13872.) Humana argues that its competitors

could use this information to tailor their own bid and budget strategy unfairly to compete more effectively against Humana. (DN 221, at PageID # 13873.)

Upon review, the Court finds that the redactions requested are generalized information about the case, and though unflattering, they do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 174-4 is DENIED. The Court directs the Clerk to unseal DN 174-4.

### (vi)    DN 174-5 (Exhibit T)

Humana moves to redact a few lines of deposition testimony related to Humana's budgetary strategy and the tools it uses for financial forecasts at DN 174-5 at 36:10-25. (DN 221, at PageID # 13873.) Humana argues that its competitors could unfairly use this information to guide their own business strategy at Humana's expense. (*Id.*)

Upon review, the Court finds that the redactions requested are generalized information about the case, and do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 174-5 is DENIED. The Court directs the Clerk to unseal DN 174-5.

### (vii)   DN 174-6 (Exhibit U)

Humana moves to redact excerpts from a deposition testimony that it argues reveals information related to Humana's budget development and financial forecasting tools. (DN 221 at PageID # 13873.) Humana argues that disclosure of this information would place Humana at a competitive disadvantage in the Part D market. (DN 221, at PageID # 13873.)

Upon review, the Court finds that the redactions requested are generalized information about the case, and do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 174-6 is DENIED. The Court directs the Clerk to unseal DN 174-6.

### c) DN 197 Relator's Opposition to Humana's Motion to Permanently Seal Information Accompanying Relator's Motion to Compel a Complete Response to Interrogatory No. 1
### (i) DN 197 Relator's Opposition

Humana moves to redact less than a page of text from a seventeen page brief it alleges contains information related to Humana's budgetary and bid practices. (DN 221, at PageID # 13873.) Humana argues DN 197 at 9 and 17 contain excerpts discussing per-member-per-month plan values and strategy concerning pharmacy utilization rates. (DN 221, at PageID # 13873.) Humana further argues DN 197 at 6-8, 10-11, and 13-15 discusses Humana's financial forecasting tools, the process for developing budget assumptions and details about Humana's preferred use initiatives. (DN 221, at PageID # 13873.) Humana argues that disclosing this non-public information would allow its competitors to gain an advantage over Humana in the Part D market and derive insights into the Company's internal initiatives. (DN 221 at PageID # 13874.)

In response, Relator argues that DN 197 generally describes the information Humana sought to permanently seal in DN 144, but that the Court unsealed DN 144 and should similarly unseal DN 197. (DN 232, at PageID #17890.)

In reply, Humana argues that the Court ultimately sealed DNs 144-1, 144-3, 144-4, 144-5, 144-6, 144-7, 144-8, 144-10, 144-11, and 144-15 in DN 216, and similarly the excerpts in Relator's opposition that relate to these sealed confidential exhibits should similarly remain under seal.

Humana also withdraws its request for redactions on DN 197 pages 5, 6, 7, 16 and represents that it will file an updated exhibit as an attachment to this motion. (DN 240, at PageID # 18012, n. 2.)

The Court finds the redactions requested in DN 197 at PageID # 11439 regarding Exhibit C and DN 197 at PageID # 11447 regarding Exhibit O shall remain redacted because these excerpts contain confidential business information that if divulged could harm Humana's competitive standing in the marketplace due to the detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored as modified and the public interest in this information is low as the underlying motion is a motion to seal. The redacted information is not being offered as evidence on the merits of this case at this point in time.

The remaining portions of the document should not be redacted because, though the information is unflattering, these excerpts do not contain information that if disclosed would harm Humana's competitive standing in the marketplace.

Accordingly, the motion to seal DN 197 is GRANTED IN PART and DENIED IN PART. DN 197 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 197 consistent with this Court's order.

### (ii) DN 197-1 (Exhibit A)

Humana moves to redact a few words from two pages of deposition testimony that it argues contains details regarding Humana's preferred use initiatives and their impact on specific actuarial metrics relevant to the Company's business strategy. (DN 221, at PageID # 13874.) Humana argues that disclosing this information could allow its competitors to derive insights into these initiatives without incurring the corresponding development costs. (*Id.*)

Upon review, the Court finds that DN 197-1 at 140:2 of the deposition transcript shall remain redacted because it contains confidential business information that if divulged could harm Humana's competitive standing in the marketplace. This excerpt contains detailed numerical information regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored as modified and the public interest in this information is low as the underlying motion is a motion to seal. The redacted information is not being offered as evidence on the merits of this case at this point in time.

The remaining portions of the deposition testimony should not be redacted because, though the testimony is unflattering, these excerpts do not contain information that if disclosed would harm Humana's competitive standing in the marketplace.

Accordingly, the motion to seal DN 197-1 is GRANTED IN PART and DENIED IN PART. DN 197-1 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 197-1 consistent with this Court's order.

**d) DN 204 Relator's Motion for Leave to Supplement his Motion to Compel a Complete Response to Interrogatory No. 1 [DN 144]**
   **(i)      DN 204-1 Relator's Supplemental Notice**

Humana moves to redact roughly two and a half pages of text it argues contains details regarding how assumptions are developed for the Part D bids, internal budgets and actuarial metrics such as low-income and non-low-income preferred utilization contained at DN 204-1 at 2-6. (DN 221 at PageID # 13874.) Humana argues its competitors could use this information to tailor their own Part D strategy to better compete against Humana. (DN 221, at PageID # 13874.)

In response, Relator argues that he objects to sealing excerpts of DN 204-1. (DN 232, at PageID # 17891.) Relator argues the excerpts Humana seeks to seal relate to the core issues in the

motion to compel and Humana's assertion that budgets-at-bid did not exist for certain years. (*Id.*) Relator argues access to this information is essential for interested members of the public who wish to assess this Court's decision for themselves. (*Id.*) Relator argues that Humana's contention that this information would lead to serious injury is perfunctory and unsupported. (DN 232, at PageID # 17892.)

In reply, Humana argues that the proposed redactions in DN 204-1 contain actual confidential information such as insights from a senior Humana employee's deposition, details of Humana's Part D bids and internal budgets, and key financial and actuarial metrics such as low-income and non-low income preferred utilization rates. (DN 240, at PageID # 18012.)

The Court finds that DN 204-1 at PageID #12036 up until the word "Exhibit" in paragraph 3 of the document shall remain redacted because it contains confidential business information that if divulged could harm Humana's competitive standing in the marketplace due to detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored as modified and the public interest in this information is low as the underlying motion is a motion to compel. The redacted information is not being offered as evidence on the merits of this case at this point in time.

The remaining portions of the document should not be redacted because, though the information is unflattering, these excerpts do not contain information that if disclosed would harm Humana's competitive standing in the marketplace.

Accordingly, the motion to seal DN 204-1 is GRANTED IN PART and DENIED IN PART. DN 204-1 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 204-1 consistent with this Court's order.

**(ii)      DN 204-2 (Exhibit A)**

Humana seeks to redact roughly seven pages from a 19-page deposition transcript. Humana argues DN 204-2 at 137:3-4, 6-11, 18-21, 23-25; and 138:1-6, 9-10, 14-19 contain strategic insights gleaned from Humana's internal "Market Call" presentations that relate to bid and budget strategy. Humana argues DN 204-2 at 112:1-3, 5-6, 8-9, 13-15, 18-25; 113:1-8, 11-18, 20, 22-25; 114:1-11, 25; 115:1, 15-18; 116:17-19; 117:1-5, 7-20, 24-25; 133:10-11, 13, 15, 21; 134:2-3, 7-8, 11-18, 21-24; 135:1, 5-9, 11-14, 16-25; and 136:1-3, 6-10, 14-18, 22-24 contain descriptions of assumption development and related processes for Humana's Part D bids and internal budgets. (DN 221, at PageID # 13875.) Humana argues DN 204-2 at 33:1-6, 11-14, and 18-19 contains details regarding the collaborative bid development process between Humana and Milliman. (DN 221 at PageID # 13875.)

Upon review, the Court finds that the redactions requested are generalized information about the case, and though unflattering, they do not contain information that if disclosed would harm Humana's competitive standing in the marketplace. Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur. Based on the foregoing, the motion to seal DN 204-2 is DENIED. The Court directs the Clerk to unseal DN 204-2.

**(iii)      DN 204-3 (Exhibit B)**

Humana argues Exhibit B contains summary tables from Relator, purporting to identify several key bid and budget assumptions and related metrics. (DN 221 at PageID # 13875.) Humana argues that disclosure of this information would seriously harm Humana by allowing its competitors to adjust their bids and undercut Humana in the Part D market. (DN 221 at PageID # 13875.)

In response, Relator argues that he objects to sealing excerpts of DN 204-3 on the same grounds as articulated in the section regarding Relator's Supplemental Notice. (DN 232, at PageID # 17891.)

The Court finds that the redactions requested in DN 204-3 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace because they contain detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel. The redacted information is not being offered as evidence on the merits of this case at this point in time. Accordingly, the motion to seal DN 204-3 is GRANTED. DN 204-3 shall remain under seal.

### (iv)    DN 204-5 (Exhibit D)

Humana argues that Exhibit D is a Preferred Network Summary Table, identifying key assumptions related to the annual bid submission process. (DN 221 at PageID # 13876.) Humana argues disclosure of this information would seriously harm Humana. (*Id*.)

In response, Relator argues that he objects to sealing excerpts of DN 204-5 on the same grounds as articulated in the section regarding Relator's Supplemental Notice. (DN 232, at PageID # 17891.)

The Court finds that the redactions requested in DN 204-5 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace because they contain detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying

motion is a motion to compel responses. The redacted information is not being offered as evidence on the merits of this case at this point in time. Accordingly, the motion to seal DN 204-5 is GRANTED. DN 204-5 shall remain under seal.

(v)     DN 204-7 (Exhibit F) and DN 204-14 (Exhibit M)

Humana argues these exhibits contain Relator's summary tables and that the values, if disclosed, would seriously harm Humana because competitors would gain insight into Humana's internal data and strategy and be able to undercut Humana in the Part D market. (DN 221 at PageID # 13876.)

In response, Relator argues that he objects to sealing excerpts of exhibits F and M on the same grounds as articulated in the section regarding Relator's Supplemental Notice. (DN 232, at PageID # 17891.)

The Court finds that the redactions requested in DN 204-7 and DN 204-14 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace because they contain detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel responses. The redacted information is not being offered as evidence on the merits of this case at this point in time. Accordingly, the motion to seal DN 204-7 and DN 204-14 is GRANTED. DN 204-7 and DN 204-14 shall remain under seal.

(vi)    DN 204-8 (Exhibit G)

Humana moves to seal its Fifth Amended and Supplemental Objections and Responses to Relator's First Set of Interrogatories. (DN 221 at PageID # 13876.) Humana argues the Court previously granted Humana's motion to seal its Fourth Amended and Supplemental Objections

and Responses to Realtor's First Set of Interrogatories in DN 214. (*Id*.) Humana argues it identified the same narrowly tailored excerpts containing information related to Humana's internal bid practices, budgetary practices, and business initiatives intended to increase members' use of preferred network pharmacies. (DN 221 at PageID # 13877.) Humana argues it has identified one additional page of redactions that contains similar budget-type information. (*Id*.)

In response, Relator argues that he objects to sealing excerpts of DN 204-8. (DN 232, at PageID # 17891.) Relator argues that Humana's fifth set of responses to Realtor's first set of interrogatories is of central relevance to his motion to compel. (DN 232, at PageID # 17892.) Relator argues the Court previously unsealed DN 144-9 which contain the majority of the information Humana again request to conceal. (DN 232, at PageID # 17892.) However, DN 144-9 was a letter between the parties, not the interrogatories at issue.

In reply, Humana argues that Relator's characterization of the Court's DN 216 is incorrect as the Court did seal Humana's prior interrogatory responses. (DN 240, at PageID # 18010.) Humana argues DN 144-8, which does contain Humana's interrogatory responses was sealed by the Court's August 30 Order and should likewise be sealed here. (DN 240, at PageID # 18013.) However, the Court observes the redactions requested in DN 144-8 and DN 204-8 differ and accordingly, the Court evaluates each set of response to the interrogatories individually.

Upon review, the Court finds the redactions requested at DN 204-8 at PageID 12125 regarding year 2012; PageID # 12127 regarding years 2014, 2015, 2016; PageID #12128, PageID # 121219; PageID #12136; the list of the initiatives on PageID #12153-12157; PageID # 12164; PageID # 12171; and PageID # 12179 of the responses do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace because they contain detailed numerical summaries regarding prior bids and profit margins that could be used by

competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored as modified and the public interest in this information is low as the underlying motion is a motion to compel. The redacted information as modified is not being offered as evidence on the merits of this case at this point in time.

The remaining portions of the document should not be redacted because, though the information is unflattering, these excerpts from the responses do not contain information that if disclosed would harm Humana's competitive standing in the marketplace.

Accordingly, the motion to seal DN 204-8 is GRANTED IN PART and DENIED IN PART. DN 204-8 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 204-8 consistent with this Court's order.

### (vii)     DN 204-9 (Exhibit H)

Humana moves to redact roughly seven pages of deposition testimony at DN 204-9 at 104:5; 105:8-10, 12, 14-17, 20-25; 106:2-3, 5-6, 9-10, 14-17, 19-20; 106:22-108:22; 138:4-16, 20-25; 139:4-5, 7-21; 140:1-5, 10-21; 140:25-141:1; 141:3-9, 11-12, 17-18; 141:20-142:14; 142:16-143:1 on the grounds that it contains details regarding the budget development process and scenario testing that Humana used. (DN 221 at PageID # 13877.) Humana argues its competitors could use this information to tailor their own bid and budget development strategy to compete more effectively against Humana. (*Id.*)

In response, Relator argues that he objects to sealing excerpts of DN 204-9. (DN 232, at PageID # 17891.) Relator argues the excerpts of Ms. Diamonds's testimony provides information critical for interested members of the public who wish to assess the Court's decision since the testimony contradicts Humana's primary justifications for refusing to respond fully to Relator's discovery requests. (DN 232, at PageID # 17892.) Relator argues that Humana's contention that

this information would lead to serious injury is perfunctory and unsupported.  (DN 232, at PageID # 17893.)

In reply, Humana argues that Relator fails to address the confidential information in the deposition excerpts relating to Humana's bid and budgetary practices and development at DN 204-9 at 104:5, 105:8-10, 12, 14-17, 20-25; 106:2-3, 5-6, 9-10, 14-17, and 19-20.  (DN 240, at PageID # 18013.)

Upon review, the Court finds that DN 204-9 at PageID # 12187 at 106:1-3, 5-6, and 9-10 of the deposition transcript shall remain redacted because they contain confidential business information that if divulged could harm Humana's competitive standing in the marketplace due to the revelation of specific testing variables that could be used by competitors to undercut Humana's marketplace standing.  The Court finds the request is narrowly tailored as modified and the public interest in this information is low as the underlying motion is a motion to compel.  The redacted information is not being offered as evidence on the merits of this case at this point in time.

The remaining portions of the transcript should not be redacted because, though the information is unflattering, these portions of the transcript do not contain information that if disclosed would harm Humana's competitive standing in the marketplace.

Accordingly, the motion to seal DN 204-9 is GRANTED IN PART and DENIED IN PART.  DN 204-9 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 204-9 consistent with this Court's order.

### (viii)    DN 204-10 (Exhibit I)

Humana argues that it seeks to redact only two paragraphs from a two-page email thread, detailing information on Humana's internal bid and business practices.  (DN 221 at PageID # 13877.)  Humana argues that DN 204-10 at 2-3 discusses the bid-development process, Humana's

scenario testing and collaborative assumption development with Milliman. (*Id.*) Humana argues that its competitors could use this information to adjust their bids and business strategy to gain an unfair advantage over Humana in the Part D market. (*Id.*)

The Court finds that the redactions requested in DN 204-10 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace because they contain details regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel. The redacted information is not being offered as evidence on the merits of this case at this point in time. Accordingly, the motion to seal DN 204-10 is GRANTED. DN 204-10 shall remain under seal.

### (ix)     DN 204-11 (Exhibit J), DN 204-12 (Exhibit K) and DN 204-13 (Exhibit L)

Humana moves to seal the last three pages of Exhibits J, and the entirety of Exhibits K and L. Humana moves to seal these exhibits on the grounds that they are internal Humana data charts that show key bid and budget-type assumptions and metrics. (DN 221 at PageID # 13878.) Humana argues its competitors would benefit if this information was made public. (*Id.*)

The Court finds that the redactions requested in DNs 204-11, 204-12 and 204-13 do contain confidential information that if disclosed would harm Humana's competitive standing in the marketplace because they contain detailed numerical summaries regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel. The redacted information is not being offered as

evidence on the merits of this case at this point in time.  Accordingly, the motion to seal DNs 204-11, 204-12 and 204-13 is GRANTED.  DNs 204-11, 204-12 and 204-13 shall remain under seal.

> **(x)     DN 204-15 (Exhibit N)**

Humana moves to redact roughly a page and a half of text from a twenty-one-page email thread.  (DN 221, at PageID # 13878.) Humana argues DN 204-15 at 1-2, 4, 7, and 9-11 detail the bid and budget development process and the development of Humana's actuarial assumptions. (DN 221 at PageID # 13878.)  Humana argues its competitors can use this information to tailor their own Part D strategy to compete unfairly against Humana.  (*Id.*)

Upon review, the Court finds that the redactions requested are generalized information about the case and the deposition notice topics, and do not contain information that if disclosed would harm Humana's competitive standing in the marketplace.  Accordingly, Humana has not met its burden to show that a clearly defined and serious injury would occur.

Based on the foregoing, the motion to seal DN 204-15 is DENIED.  The Court directs the Clerk to unseal DN 204-15.

> **2.  Relator's Motion for Leave to File His Opposition to Humana's Omnibus Motion for Leave to File Permanently Under Seal Confidential Information Accompanying Docket Entries 172, 174, 197 and 204 Provisionally Under Seal (DN 231)**

Relator moves for leave to file his opposition to Defendant's omnibus motion for leave to file permanently under seal confidential information accompanying DNs 172, 174, 197 and 204.  (DN 231, at PageID # 17879.) Relator says that pursuant to its confidentiality stipulation, Relator is filing his motion provisionally under seal and Humana is then required to submit a brief to the Court as to why sealing is required and whether redaction could eliminate or reduce the need for sealing.  (*Id.*)   Relator sets forth no other arguments in its two-paragraph motion, except to say

that he does not believe that any portion of his opposition should be filed permanently under seal. (DN 231, at PageID # 17880.)

In response, Humana states that it does not intend to file a motion seeking leave to permanently seal Relator's opposition. (DN 239, at PageID # 18005.)

Based on the foregoing, the Court finds both parties have failed to substantiate the argument a compelling reason exists to seal DN 232. Accordingly, DN 231 is DENIED and the Court directs the Clerk to unseal DN 232.

### 3. Humana's Omnibus Motion for Leave to File Under Seal Confidential Information Accompanying Docket Entries 186 and 188 (DN 218)

On September 4, 2019, Humana filed its omnibus motion for leave to file under seal confidential information accompanying docket entries 186 and 188. (DN 218.) In response, Relator filed his opposition to Humana's omnibus motion for leave to file permanently under seal confidential information in docket entries 186-1 and 188. (DN 228.) On October 9, 2019, Humana filed a notice of withdrawal of its omnibus motion for leave to file under seal confidential information accompanying docket entries DN 186 and 188.

The Court construes DN 236 as a motion to withdraw DN 218 and accordingly DN 236 is GRANTED and DN 218 is WITHDRAWN.

### 4. Relator's Motion for Leave to File His Opposition to Humana's Omnibus Motion for Leave to File Permanently Under Seal Confidential Information in Docket Entries 186-1 and 188 Provisionally Under Seal (DN 227)

Relator moves for leave to file his opposition to Defendant's omnibus motion for leave to file permanently under seal confidential information accompanying DNs 186-1 and 188 provisionally under seal. (DN 227.) Relator says that pursuant to its confidentiality stipulation, Relator is filing his motion provisionally under seal and Humana is then required to submit a brief to the Court as to why sealing is required and whether redaction could eliminate or reduce the need

for sealing. (DN 227, at PageID #17832.) Relator sets forth no other arguments in its two-paragraph motion, except to say that he does not believe that any portion of the opposition should be filed permanently under seal. (*Id.*)

In response, Humana states that it does not intend to file a motion seeking leave to permanently seal Relator's opposition. (DN 237.)

Based on the foregoing, the Court finds both parties have failed to substantiate their arguments that a compelling reason exists to seal DN 228. Accordingly, DN 227 is DENIED and the Court directs the Clerk to unseal DN 228.

### 5. Humana's Motion to Stay the Unsealing of Docket Entries 172, 174, 197 and 204 DN 219

In DN 219, Humana moved to stay the unsealing of docket entries 172, 174, 197 and 204 pending the Court's resolution of Humana's motion to permanently seal the same docket entries. (DN 219, at PageID #13853.) In DN 222, the Court ordered the Clerk of the Court to stay the unsealing of DNs 172, 174, 197 and 204. Accordingly, the DN 219 is MOOT as the underlying request was previously granted by this Court in DN 222 and the omnibus motion regarding DN 172, 174, 197 and 204 has been fully briefed by both parties and is the subject of the instant order.

## II. ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) Humana's omnibus motion for leave to file permanently under seal confidential information accompany docket entries 172, 174, 197 and 204 (DN 221) is **GRANTED IN PART** and **DENIED IN PART**.

(a) The motion to seal DNs 172-1, 172-2, 172-5, 204-3, 204-5, 204-7, 204-14, 204-10, 204-11, 204-12, 204-13 is **GRANTED.**

(b) The motion to seal DNs 172, 172-3, 172-8, 174-1, 174-3, 197, 197-1, 204-1, 204-8, 204-9 is **GRANTED IN PART**.

(c) The motion to seal DNs 172-4, 174, 174-2, 174-4, 174-5, 174-6, 204-2, 204-15 is **DENIED**.

(d) DNs 172, 172-1, 172-2, 172-3, 172-5, 172-8, 174-1, 174-3, 197, 197-1, 204-1, 204-3, 204-5, 204-7, 204-8, 204-9, 204-10, 204-11, 204-12, 204-13, 204-14 shall **remain under seal**.

(e) Humana shall file a supplemental redacted version of DNs 172, 172-3, 172-8, 174-1, 174-3, 197, 197-1, 204-1, 204-8, 204-9 pursuant to the Court's orders above on or before **December 2, 2019**.

(f) The Court directs the Clerk to **unseal** DNs 172-4, 174, 174-2, 174-4, 174-5, 174-6, 204-2, 204-15.

(g) All remaining exhibits attached to DNs 172, 174, 197 and 204 that were filed provisionally under seal, but were not addressed by the instant Order shall also be **unsealed**.

(2) Relator's motion to for leave to file Realtor's opposition to Defendant's omnibus motion for leave to file permanently under seal confidential information accompanying docket entries 172, 174, 197 and 204 provisionally under seal (DN 231) is **DENIED WITH PREJUDICE.** The Court directs the Clerk to unseal DN 232.

(3) Humana's motion to withdraw is **GRANTED**. (DN 236.) Humana's omnibus motion for leave to file under seal confidential information accompanying docket entries 186 and 188 is **WITHDRAWN**. (DN 218.)

(4) Relator's motion for leave to file his opposition to Humana's omnibus motion for leave to file permanently under seal confidential information in docket entries 186-1 and 188 is **DENIED**. (DN 227.) The Court directs the Clerk to unseal DN 228.

(5) Humana's motion to stay the unsealing of docket entries 172, 174, 197 and 204 pending the Court's ruling on Humana's omnibus motion is **MOOT** by the Court's order in DN 222.

(6) The Court directs the Clerk to unseal all of the exhibits attached to DNs 201, 208 and 221 that were **not** addressed in DN 246 within **21 days.**

(7) All future motions to seal must be filed within 10 days of filing the corresponding underlying substantive motion.

November 13, 2019

cc: Counsel of record

Colin H Lindsay, Magistrate Judge
United States District Court