**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:18-CV-61-JRW-CHL**

**UNITED STATES OF AMERICA**
 *ex rel.* **STEVEN SCOTT,**                                                                                      **Plaintiff,**

v.

 **HUMANA, INC.,**                                                                                                     **Defendant.**

### Memorandum Opinion and Order

Before the Court is a motion for leave to file under seal Relator's motion to compel a complete response to Interrogatory No. 11, filed provisionally under seal filed by Relator Steven Scott ("Relator") as briefed in DN 275.  Also before the Court is the motion for leave to file under seal Humana's opposition, filed provisionally under seal, to Relator's motion to compel a complete response to Interrogatory No. 11 filed by Defendant Humana Inc. ("Humana") as briefed in DN 279. Relator then filed a motion for leave to file under seal his reply in support of his motion to compel a complete response to Interrogatory No. 11, filed provisionally under seal as briefed in DN 282.

Humana also filed an omnibus motion for leave to file under seal confidential information accompanying docket entries 276, 280, and 283 as briefed in DN 284 and 298. Relator then filed a motion for leave to file under seal his response to Defendant's omnibus motion for leave to file under seal confidential information accompanying docket entries 276, 280, and 283 as briefed in DN 294.

    **I.**    **MOTIONS TO SEAL**

  A.  Legal Standard

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179. The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would, for instance, harm a company's reputation is insufficient. *Id.*; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane Grp. Inc.*, 825 F.3d at 307. Examples of injuries sufficient to justify a sealing of judicial records include those that could be used as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

In rendering a decision, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Shane Grp. Inc.*, 825 F.3d at 306. Importantly, the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed. *Rudd Equipment Co., Inc.*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court filings); *Shane Grp. Inc.*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.")

B. <u>Discussion</u>

1. **Relator's Motion for Leave to File His Motion to Compel a Complete Response to Interrogatory No. 11 Provisionally Under Seal (DN 275)**

Relator says that pursuant to its confidentiality stipulation, Relator is filing his motion to compel a complete response to Interrogatory No. 11 provisionally under seal and Humana is then required to submit a brief to the Court as to why sealing is required and whether redaction could eliminate or reduce the need for sealing. (DN 275, at PageID # 20075.) Relator explicitly states that he does not believe that any portion of the motion should be filed permanently under seal. (*Id.*) Relator sets forth no other arguments in his two-paragraph motion. (*Id.*)

Based on the foregoing, the Court finds Relator has failed to set forth an argument that a compelling reason exists to seal DN 276. Accordingly, DN 275 is DENIED.

2. **Humana's Motion for Leave to File under Seal Humana's Opposition to Relator's Motion to Compel a Complete Response to Interrogatory No. 11 (DN 279)**

Humana says that pursuant to its confidentiality stipulation, Humana is filing its opposition to Relator's motion to compel a complete response to Interrogatory No. 11 provisionally under seal and Humana will submit a brief to the Court within 10 days as to why sealing is required and whether redaction could eliminate or reduce the need for sealing. (DN 279, at PageID # 20784.)

Based on the foregoing, the Court finds that Humana has failed to provide a compelling reason to seal DN 280 in this motion. Accordingly, DN 279 is DENIED.

3. **Relator's Motion for Leave to File His Reply in Support of His Motion to Compel a Complete Response to Interrogatory No. 11 Provisionally Under Seal (DN 282)**

Relator says that pursuant to its confidentiality stipulation, Relator is filing his reply in support of his motion to compel a complete response to Interrogatory No. 11 provisionally under seal and Humana is then required to submit a brief to the Court as to why sealing is required and whether

redaction could eliminate or reduce the need for sealing. (DN 282, at PageID # 21651.) Relator explicitly states that he does not believe that any portion of the motion should be filed permanently under seal. (*Id.*) Relator sets forth no other arguments in his two-paragraph motion. (*Id.*)

Based on the foregoing, the Court finds Relator has failed to set forth an argument that a compelling reason exists to seal DN 283. Accordingly, DN 282 is DENIED.

### 4. Humana Inc.'s Omnibus Motion for Leave to File Under Seal Confidential Information Accompanying Docket Entries 276, 280, and 283 (DN 284, 295, 298)

In lieu of filing responses and briefs in support of the previously listed motions, Humana has filed an additional omnibus motion for leave to file under seal excerpts of the following: Relator's motion to compel a complete response to Interrogatory No. 11 (DN 276), Humana's opposition to Relator's motion to compel (DN 280), and Relator's reply in support of his motion to compel (DN 283). In opposition, Relator filed a response to Humana's omnibus motion (DN 295) and a motion to seal his response (DN 294). Humana subsequently filed a reply in support of its omnibus motion (DN 298). The parties filed a joint index of exhibits related to these motions. (DN 288.)

Humana argues there is a compelling reason to seal the excerpts of the documents attached to DN 284 since the documents contain two categories of non-public proprietary information that could cause commercial harm to Humana if filed in the public record. (DN 284, at PageID # 21712.) First, Humana argues the excerpts reflect confidential internal financial information that provides insight into the factors Humana considers when formulating its financial projections which competitors and business partners could use to gain an advantage over Humana. (DN 284, at PageID # 21712.) Second, Humana argues the excerpts contain information about Humana's internal Medicare Part D bid practices including projections and actual experience data. (DN 284, at PageID # 21712.) Humana argues that if such information were disclosed, Humana's

competitors could use it to tailor their own Part D pricing strategy and this would put Humana at a significant competitive disadvantage in the Part D market. (DN 284, at PageID # 21712.)

Humana argues it has limited this motion to seal to only those narrowly tailored excerpts that contain confidential and proprietary information rather than moving to seal the applicable entries in their entirety. (DN 284, at PageID # 21722.) Humana argues the public can still access the substance of its filing and key information. (DN 284, at PageID # 21713.)

Relator does not oppose Humana's request to seal DN 274-4 to 276-10, 280-2 to 280-3, 280-15 to 280-18, and 283. (DN 295, at PageID # 23194.) However, Relator's lack of objection does not end the Court's independent analysis of whether the above documents should be sealed from public inspection. *Shane Grp. Inc.*, 825 F.3d at 305.

Relator opposes Humana's request to seal DN 276, 276-2, 276-3, and 283-1 on the grounds that the redactions are not narrowly tailored to only information that could harm Humana's competitive standing. (DN 295, at PageID # 23195.) Relator requests that the Court order Humana to file amended redacted versions of the above documents and that the Court deny the omnibus motion to seal in part. (DN 295, at PageID # 23197.)

The Court addresses each document at issue below.

### a) DN 276 Relator's Motion to Compel and Accompanying Exhibits

First, Humana explicitly states that DN 276-1 does not contain proprietary information and Humana does not move to seal this exhibit. (DN 284, at PageID # 21714, fn. 1.)

#### (i) DN 276 Relator's Motion to Compel a Complete Response to Interrogatory No. 11

Humana argues that the excerpts it seeks to redact amount to approximately half a page of text from a ten-page motion. (DN 284, at PageID # 21714.) Humana argues that the proposed

redactions on DN 276 at 6, and 16-17 are limited to financial and membership metrics for the Walmart Basic Plan and Humana argues the excerpt on DN 276 at 5 is from Humana's internal Market Call presentation. Humana argues its competitors can unfairly use this information to Humana's detriment and that the proposed redactions would still enable the public to access all non-proprietary information. (DN 284, at PageID # 21714.)

In response, Relator argues that Humana seeks to seal the entire PowerPoint slide from Humana's internal Market Call presentation that is excerpted in Relator's Motion to Compel, but the redactions are too broad in scope because they go beyond numerical figures or specific metrics used by Humana. (DN 295, at PageID # 23196.) Relator argues that parts of the PowerPoint contain Humana's recognition of the fact that Part D Bid Profit Margins must be within a certain percentage of non-Medicare Medical profit targets, and information about Humana's budgets projected gain/loss margins. (DN 295, at PageID # 23196.) Relator argues that this information could not plausibly harm Humana's competitive standing if disclosed, and the non-financial information goes to the merits of Relator's motion to compel. (DN 295, at PageID # 23196.)

In reply, Humana states that it seeks to seal an image of a CY 2017 Market Call Presentation slide in Relator's Motion to Compel at DN 276 at 5. (DN 298, at PageID # 23372.) Humana argues that this slide details its strategic considerations relating to addressing CMS gain/loss margin requirements, which contain both numerical and non-numerical information revealing its internal deliberations on how to address CMS gain/loss margin requirements. (DN 298, at PageID # 23372.)

Humana argues that the Court granted its prior requests to seal the exact same Market Call Presentations from Contract Years 2016 and 2017, here DNs 276-2 and 283-1, in their entirety in DN 246 at 14-15. (DN 298, at PageID # 23370.) Humana argues that these presentations contain

a trove of financial and actuarial analyses, strategic recommendations, and data charts regarding several key assumptions and metrics related to the bid and Humana's internal financing figures. (DN 298, at PageID# 23370.)

Humana argues that the request is narrowly tailored because redacting this slide would not prevent the public from understanding Relator's arguments and further that the presentations are not necessary to support the propositions for which Relator cites to them. (DN 298, at PageID #23371.)

In Relator's motion to compel he argues that Interrogatory No. 11 seeks information about the gain/loss margins reflected in Humana's bids, internal budgets, and actual experience, but that Humana has limited its response in three ways. (DN 276, at PageID # 20080.) First, Relator argues that Humana has restricted its search for budget documents previously identified by Humana in response to interrogatories seeking other budget related information. (*Id.*) Second, Relator argues that Humana has refused to identify the gain/loss margins reflected in its bids, budgets, and actual experience data if those margins are not measured in exactly the way Humana defines "gain/loss margin." (*Id.*) Lastly, Relator argues that Humana has asserted that Relator's definition of "Budgets" and "Final Budgets" do not encompass Humana's non-Medicare businesses. (*Id.*)

The Court has compared the redacted version of the motion to compel, DN 284-2, with the sealed version of the motion to compel, DN 276, and the Court finds that the redactions requested include information that could harm Humana's competitive standing in the marketplace because they include mitigation strategies to address issues with bid profit that could be used by competitors to undercut Humana's business position in the Part D marketplace. (DN 276, at PageID # 20084-20085, 20094-20095.) Accordingly, the Court finds there is a compelling reason to seal the portions of the document redacted in DN 284-2. The redactions are narrowly tailored

and the public interest in this information is low since the underlying motion is a motion to compel addressing whether Humana sufficiently provided the projected gain/loss margins, and the specific mitigation strategies are not necessary to understand the nature of Relator's arguments. The redacted information is not being offered as evidence on the merits of this case at this point in time. If this information becomes more important to this Court's later decisions, the interests supporting public access may increase. *See Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Accordingly, the motion to seal DN 276 is GRANTED. DN 276 shall remain under seal.

### (ii) DN 276-2 Humana's CY2017 Market Call Presentation (Exhibit B)

Humana seeks to redact a PowerPoint presentation that it says details internal Humana financial data and bid metrics on the grounds that it contains highly proprietary and sensitive business information. (DN 284, at PageID # 21715.)

Relator opposes the redactions for the same reasons asserted in the above section regarding DN 276. (DN 295, at PageID # 23196.)

In reply, Humana argues that not only has this presentation been previously sealed, a comparison of the content of the presentation and Relator's motion to compel shows that the non-financial information in the presentation does not go to the merits of Relator's argument. (DN 298, at PageID # 23373.) Humana says that only two of the fifty-two slides in the presentation are referred to in the motion to compel. (*Id.*) Humana states the presentation details pricing and bid strategies for each of Humana's prescription Part D plans, not just the plan at issue in Relator's complaint. (*Id.*) Further, Humana argues that the presentation includes data charts and analyses of Humana's enrollment and member growth; it contains overviews of factors that affect Humana's plan pricing; and it describes Humana's internal research on its competitors in the pharmaceutical market. (*Id.*) Humana argues that its competitors could unfairly use these details regarding

8

projected growth, pricing targets, pharmacy contracting and risk strategy to tailor their own Part D strategy. (*Id.*)

The Court has compared the redacted version of Exhibit B, DN 284-3, with the sealed version of Exhibit B, DN 276-2, and the Court finds that the redactions requested include information that could harm Humana's competitive standing in the marketplace because they contain details regarding results from prior years, projected growth, carrier and plan information, pricing targets, competitor pricing, pharmacy contracting and strategy that can be used by competitors to undercut Humana's business position in the Part D marketplace. Accordingly, the Court finds there is a compelling reason to seal DN 276-2 except for the first slide which is the title page. The redactions are narrowly tailored and the public interest in this information is low since the underlying motion is a motion to compel addressing whether Humana sufficiently provided the projected gain/loss margins, and the specific information stated in this PowerPoint presentation is not necessary to understand the nature of or address the merits of Relator's arguments. The redacted information is not being offered as evidence on the merits of this case at this point in time. If this information becomes more important to this Court's later decisions, the interests supporting public access may increase. *See Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Accordingly, the motion to seal DN 276-2 is GRANTED IN PART. DN 276-2 shall remain under seal. Defendant shall file an amended redacted version of DN 276-2 revealing the title page of the presentation.

### (iii) DN 276-3 Excerpts from V. Olson Deposition Transcript (Exhibit C)

Humana argues that it seeks to redact fewer than 40 words, most of which are repeated reference to the same proprietary content, from eight pages of deposition testimony. (DN 284, at PageID # 21715; DN 284-4.) Humana argues the excerpts at issue contain figures related to

Walmart Plan Finances at 225:4-5, 7, 11 and 18, 20; 226:10 and 23; 227:2 and strategy regarding Humana's development of specific bid assumptions such as mail dispensing rate at 227:22; 228:5, 19-20; 229:6, 20, 23; 230:3, 7-8, 14, 21; 231:14, 21; 232:14. (DN 284, at PageID # 21715.)

In response, Relator states that he does not object to redacting the specific numerical figures referenced in the testimony, but Humana also asks the Court to redact certain assumptions it made regarding mail dispensing rates . (DN 295, at PageID # 23196.) Relator argues that this testimony concerns the core subject of Interrogatory No. 11, to which Relator is moving to compel a complete response such that the public interest is great. (DN 295, at PageID # 23196.)

In reply, Humana argues that Relator failed to explain why the non-numerical excerpts Humana seeks to redact are not proprietary when they detail bid development and strategy, including its reasoning for creating specific bid assumptions. (DN 298, at PageID # 23374.) Humana argues that if other Part D plans received this information it would undermine the fairness of the bid submission process. (Id.)

Upon review, the Court finds that pages 225, 226, 227:2, 229:23, 230:7-8 of the deposition transcript shall remain redacted because they contain specific percentages regarding prior bids and profit margins that could be used by competitors to undercut Humana's marketplace standing. The Court finds the above excerpts are narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel, and the specific information stated in this deposition testimony is not necessary to understand the nature of or address the merits of Relator's arguments  The redacted information is not being offered as evidence on the merits of this case at this point in time.

The remaining portions of the deposition testimony at 227:22, 228, 229:6, 229:20; 230:3, 230:14, 230:21, 231:14, 231:21, 232:14 should not be redacted because the words "higher" and

"lower" in the context of this testimony do not consist of information that if disclosed would harm Humana's competitive standing in the marketplace.

Accordingly, the motion to seal DN 276-3 is GRANTED IN PART and DENIED IN PART. DN 276-3 shall remain under seal, however Humana is ordered to file an amended redacted version of DN 276-3 for public viewing containing only the redactions specified in this Court's order.

> **(iv)  DN 276-4 Relator's Fourth Set of Interrogatories (Exhibit D), DN 276-5 Humana's Objections to Relator's Fourth Set of Interrogatories (Exhibit E), and DN 276-6 Humana's Amended and Supplemental Responses and Objections to Relator's Fourth Set of Interrogatories (Exhibit F)**

Humana argues that it seeks to redact less than five lines of text from six pages of interrogatories. The excerpt, a direct quote from Interrogatory No. 14, references specific values and metrics from Humana's Medicare plans including per-member-per-month savings, liabilities and plan adjustments. (DN 276-4 at 6.) Humana seeks to redact the same excerpt in DN 276-5 and DN 276-6 as in DN 276-4. (DN 284, at PageID # 21716.)

The Court previously granted Humana's request to seal the exact same excerpt in its August 30, 2019 Order (DN 216 at 12). The Court finds that the requested redaction contains specific analysis values that are unrelated to Interrogatory No. 11 that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel unrelated to Interrogatory No. 14.

Accordingly, the motion to seal DNs 276-4, 276-5 and 276-6 is GRANTED. DN 276-4, 276-5 and 276-6 shall remain under seal.

### (v) DN 276-7 Humana's Fifth Supplemental Responses and Objections to Relator's Fourth Set of Interrogatories (Exhibit G)

Humana seeks to redact the same excerpt described in DN 276-4 plus additional numerical values that Humana's competitors could allegedly use to Humana's detriment, including projections and actual experience representing aggregate Gain/Loss Margins for Humana's Part D Plans, dependent businesses and non-Medicare businesses at DN 276-7 at 60-61. (DN 284, at PageID # 21717.) Humana argues that its redactions are limited to these discrete assumptions and values, preserving the substance of Humana's Interrogatory responses. (*Id.*)

The Court finds that the redactions requested include information that could harm Humana's competitive standing in the marketplace because they are numerical values from prior bids regarding the aggregate gain/loss margin that can be used by competitors to undercut Humana's business position in the marketplace. (DN 276-7, at PageID # 20339-20440.) Accordingly, the Court finds there is a compelling reason to seal the portions of the document redacted in DN 284-8. The redactions are narrowly tailored. The public interest in this information is higher than the other redaction requests in this omnibus motion since the underlying motion is a motion to compel a complete response to Interrogatory No. 11 which alleges that Humana did not sufficiently provide the projected gain/loss margins. However, the redacted information is not being offered as evidence on the merits of this case at this point in time and the Court can address the sufficiency of Humana's responses without discussing the precise values provided as a response. If this information becomes more important to this Court's later decisions, the interests supporting public

access may increase such that sealing is no longer proper. *See Rudd Equip. Co., Inc*., 834 F.3d at 594.

Accordingly, the motion to seal DN 276-7 is GRANTED. DN 276-7 shall remain under seal.

### (vi) DN 276-8 Humana's Eighth Amended and Supplemental Responses and Objections to Relator's First Set of Interrogatories (Exhibit H)

Humana seeks to redact excerpts from its interrogatory responses at DN 276-8 at 111, 118 and 126 that are identical to excerpts the Court previously sealed in DN 247 at 25-26 as they contained confidential information that if disclosed would harm Humana's competitive standing in the marketplace. Humana argues the Court should likewise seal these identical excerpts. (DN 284, at PageID # 21718.)

Humana also seeks to redact approximately 50 discrete numerical values contained in documents Humana identified in response to Relator's request for Budgets-at-Bid, including preferred utilization assumptions and values used to calculate membership assumptions at DN 276 at 65-76. (DN 284, at PageID # 21718.) Humana argues that its competitors could unfairly use this information to Humana's detriment. (Id.) Humana argues its redactions are limited to these discrete assumptions and values, preserving the substance of Humana's interrogatory responses. (*Id.*)

Upon review, the Court finds that pages 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, and 76 of DN 276-8 shall remain redacted because they contain specific percentages regarding membership, preferred utilization and member cost share that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion is a motion to compel, and the specific numerical values in response to other interrogatories is not necessary to understand

the nature of or address the merits of Relator's arguments. The redacted information is not being offered as evidence on the merits of this case at this point in time.

Additionally, the remaining redactions requested in DN 276-8 at pages 111 and 117 regarding the specific materials reviewed by Milliman and at page 126 regarding the formula for calculating revenue were previously sealed in DN 247 at PageID # 18354.

Accordingly, the motion to seal DN 276-8 is GRANTED. DN 276-8 shall remain under seal.

### (vii) DN 276-9 Market Call Tool Spreadsheet for CY2015 (Exhibit I)

Humana seeks to redact internal spreadsheets that it allegedly developed in connection with its confidential Market Call presentations. (DN 284, at PageID # 21718.) Humana says the spreadsheets contain tables with actuarial and financial values such as actual experience and projections. (DN 284, at PageID # 21718.) Humana argues that if disclosed this trove of proprietary information could be used by its competitors to tailor their own pricing and bid strategy, putting Humana at a competitive disadvantage. (DN 284, at PageID # 21718.)

The Court finds that the requested redactions contain specific values that could be used by competitors to undercut Humana's marketplace standing. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion does not reference these charts or values as evidence of either party's position.

Accordingly, the motion to seal DNs 276-9 is GRANTED. DN 276-9 shall remain under seal.

### (viii) DN 276-10 Humana's Sixth Supplemental Responses and Objections to Relator's Fourth Set of Interrogatories (Exhibit J)

Humana seeks to redact the same excerpt described in DN 276-7 plus additional numerical values representing "Prospective Low-Income Subsidy Payments" and "Prospective Reinsurance Subsidy Payments" for Humana's Final Budgets in 276-10 at 105-106. (DN 284, at PageID # 21719.) Humana argues its proposed redactions are narrowly tailored to cover only the proprietary business data whose public disclosure would bring competitive harm. (DN 284, at PageID # 21719.)

The Court finds that the requested redactions contain specific values that could be used by competitors to undercut Humana's marketplace standing as stated in the above analysis of DN 276-7. The Court finds the request is narrowly tailored and the public interest in this information is low as the underlying motion does not reference these values and the information is not being offered as evidence on the merits of the case at this point in time.

Accordingly, the motion to seal DNs 276-10 is GRANTED. DN 276-10 shall remain under seal.

**b) DN 280 Humana's Opposition to Relator's Motion to Compel and Accompanying Exhibits**

Humana concedes that the following entries accompany Humana's Opposition do not contain proprietary information: DNs 280, 280-1, 280-4, 280-5, 280-7, 280-8, 280-9, 280-10, 280-11, 280-12, 280-13, 280-14, 280-15, and 280-19. (DN 284, at PageID # 21719 fn. 3)

**(i) DN 280-2 Relator's Fourth Set of Interrogatories (Santella Exhibit A), DN 280-16 Humana's Amended & Supplemental Responses & Objections to Relator's Fourth Set of Interrogatories (Buffaloe Exhibit B), DN 280-18 Humana's Third Supplemental Responses & Objections to Relator's Fourth Set of Interrogatories (Buffaloe Exhibit D at 95)**

Humana argues that these redactions are identical to the language in Interrogatory No. 14 from Exhibit DN 276-4 accompanying Relator's motion to compel and for the same reasoning

these exhibits should also be sealed. (DN 284, at PageID # 21719-21720.) The Court previously granted a redaction of this language in DN 216.

For the same reasoning articulated in the above section regarding identical redactions in DN 276-4, the Court finds that the requested redactions are narrowly tailored, the public interest is low at this time and Humana has demonstrated a compelling reason why the specified portions of the document should remain sealed. Accordingly, the motion to seal DNs 280-2, 280-16 and 280-18 is GRANTED. DNs 280-2, 280-16 and 280-18 shall remain under seal.

### (i) DN 280-3 Humana's Fifth Supplemental Responses and Objections to Relator's Fourth Set of Interrogatories (Santella Exhibit B)

Humana represents that this exhibit is identical to Exhibit DN 276-7 accompanying Relator's Motion to Compel and for the same reasons, this exhibit should also be sealed. (DN 284, at PageID # 21719.)

For the same reasons articulated in the above section regarding DN 276-7, the motion to seal DN 280-3 is GRANTED. DN 280-3 shall remain under seal.

### (ii) DN 280-15 Humana's Third Amended & Supplemental Objections & Responses to Relator's First Set of Interrogatories (Buffaloe Exhibit A)

Humana represents that redactions at DN 280-15, at 79-80, 87 and 94 are identical to an excerpt that the Court has previously sealed in DN 247 at 25-26 and for the same reasons, this exhibit should also be sealed. (DN 284, at PageID # 21719.)

Consistent with this Court's prior ruling and for the same reasons articulated in DN 247 at PageID # 18353, the motion to seal DN 280-15 is GRANTED. The Court finds a compelling reason has been shown, the public interest is low since the information is unrelated to Interrogatory No. 11 and the redactions are narrowly tailored. DN 280-15 shall remain under seal.

### (iii) DN 280-17 Humana's Seventh Amended & Supplemental Responses & Objections to Relator's First Set of Interrogatories (Buffaloe Exhibit C)

Humana seeks to redact excerpts at DN 280-17 at 90, 97, and 105 that the Court has previously sealed from Humana's interrogatory responses in DN 247 at 25-26 on the grounds that the excerpts contained confidential information that if disclosed would harm Humana's competitive standing in the marketplace. (DN 284, at PageID # 21720.)

Consistent with its prior ruling and for the same reasons articulated in DN 247 at PageID # 18353, the motion to seal DN 280-17 is GRANTED. The Court finds a compelling reason has been shown for sealing the requested redactions, the public interest is low since the information is unrelated to Interrogatory No. 11 and the redactions are narrowly tailored. DN 280-17 shall remain under seal.

### c) DN 283 Relator's Reply and Accompanying Exhibits

### (i) DN 283 Relator's Reply

Humana seeks to redact two discrete numerical values, contained in a footnote to Relator's reply, representing figures related to Humana's profits at DN 283 at 6, fn. 6 that it contends its competitors could use to Humana's detriment. (DN 284, at PageID # 21721.) Humana argues its redactions are limited to these discrete values, preserving the substance of Relator's briefing. (*Id.*)

The Court finds that the two redactions requested do include specific percentages from Humana's Market Call presentation regarding Humana's profit margin that could be used to undercut Humana's business position in the Part D marketplace. However, the public interest in these two figures is exceptionally high given that they are used to support one of Relator's main arguments in his reply in support of his motion to compel. Further, the footnote citing these two numerical values differs in substance from an entire PowerPoint slide included in DN 276, which

also provided a breakdown of the values and mitigation strategies. Accordingly, the Court finds despite a narrowly tailored request, the interest supporting public access outweighs the interests supporting nondisclosure.

Accordingly, the motion to seal DN 283 is DENIED. The Court directs the Clerk to unseal DN 283.

### (ii) DN 283-1 Humana's CY 2016 Market Call Presentation (Exhibit L)

Humana seeks to redact a PowerPoint presentation that it says details internal Humana financial data and bid metrics that could be used by competitors to Humana's disadvantage. (DN 284, at PageID # 21721.)

Relator objects to the redactions proposed for the same reasons asserted in the above section DN 276. (DN 295, at PageID # 23196.)

In reply, Humana argues that Relator's motion to compel cites to only two slides from the PowerPoint slide and the majority of the exhibit has no bearing on the merits of Relator's arguments. (DN 298, at PageID #23374.) Humana states that this exhibit contains detailed numerical summaries, internal strategy and analysis, and financial and actuarial metrics. (Id.)

The Court finds that the redactions requested include information that could harm Humana's competitive standing in the marketplace because they contain details regarding results from prior years, projected growth, carrier and plan information, pricing targets, competitor pricing, pharmacy contracting and strategy that can be used by competitors to undercut Humana's business position in the Part D marketplace. Accordingly, the Court finds there is a compelling reason to seal DN 283-1 except for the title page. The redactions are narrowly tailored and the public interest in this information is low since the underlying motion is a motion to compel addressing whether Humana sufficiently provided the projected gain/loss margins, and the specific information stated

in this PowerPoint presentation is not necessary to understand the nature of or address the merits of Relator's arguments. The redacted information is not being offered as evidence on the merits of this case at this point in time. If this information becomes more important to this Court's later decisions, the interests supporting public access may increase. *See Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Accordingly, the motion to seal DN 283-1 is GRANTED IN PART. DN 283-1 shall remain under seal. Defendant shall file an amended redacted version of DN 283-1 revealing the title page of the presentation.

### d) Relator's Motion for Leave to File his Opposition to Defendant's Omnibus Motion for Leave to File Under Seal Confidential Information Accompanying DN 276, 280, and 283 (DN 294)

Relator says that pursuant to its confidentiality stipulation, Relator is filing his opposition to Defendant's omnibus motion for leave to file under seal provisionally under seal and Humana is then required to submit a brief to the Court as to why sealing is required and whether redaction could eliminate or reduce the need for sealing. (DN 294, at PageID # 23191.) Relator explicitly states that he does not believe that any portion of the motion should be filed permanently under seal. (*Id.*) Relator sets forth no other arguments in its two-paragraph motion. (*Id.*)

Based on the foregoing, the Court finds Relator has failed to set forth an argument that a compelling reason exists to seal DN 295. Humana did not file a response to DN 294 within 21 days as required by LR 7.1. Accordingly, DN 294 is DENIED and the Court directs the Clerk to unseal DN 295.

## II. ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) Humana's omnibus motion for leave to file permanently under seal confidential information accompany docket entries 276, 280, AND 283 (DN 284) is **GRANTED IN PART** and **DENIED IN PART**.

    (a) The motion to seal DNs 276, 276-4, 276-5, 276-6, 276-7, 276-8, 276-9, 276-10, 280-2, 280-16, 280-18, 280-3, 280-15, and 280-17 is **GRANTED.**

    (b) The motion to seal DNs 276-3, 276-2, and 283-1 is **GRANTED IN PART**.

    (c) The motion to seal DN 283 is **DENIED**.

    (d) DNs 276, 276-2, 276-3, 276-4, 276-5, 276-6, 276-7, 276-8, 276-9, 276-10, 280-2, 280-16, 280-18, 280-3, 280-15, 280-17, and 283-1 **shall remain under seal**.

    (e) Humana shall file a supplemental redacted version of DNs 276-3, 283-1 and DN 276-2 pursuant to the Court's orders above on or before **June 26, 2020**.

    (f) The Court directs the Clerk to **unseal** DNs 276-1, 276-11, 280, 280-1, 280-4, 280-5, 280-6, 280-7, 280-8, 280-9, 280-10, 280-11, 280-12, 280-13, 280-14, 280-15, 280-19, 283, and 295.

(2) Relator's motion for leave to file Relator's motion to compel a complete response to Interrogatory No. 11 provisionally under seal is DENIED (DN 275).

(3) Humana's motion for leave to file Humana's opposition to Relator's motion to compel a complete response to Interrogatory No. 11 is DENIED (DN 279).

(4) Relator's motion for leave to file his reply in support of his motion to compel a complete response to Interrogatory No. 11 provisionally under seal is DENIED (DN 282).

(5) Relator's motion for leave to file under seal his response to Defendant's omnibus motion for leave to file under seal confidential information accompanying docket entries 276, 280 and 283 is DENIED (DN 294).

cc: Counsel of record

June 12, 2020

20

Colin H Lindsay, Magistrate Judge
United States District Court