UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-61-GNS-CHL

UNITED STATES OF AMERICA
*ex rel.* STEVEN SCOTT,                                                                 Plaintiff,

v.

HUMANA, INC.,                                                                          Defendant.

## Memorandum Opinion and Order

Before the Court is a motion for leave to file under seal Exhibit A to Defendant Humana's opposition to Relator's motion to compel Humana to answer his requests for admission as briefed in DNs 299 and 311. Relator filed a response to Defendant Humana's motion in DN 315. The sealed document is located at DN 300 and a publicly redacted version is attached as DN 301-2.

For the reasons set forth below, Humana's motions to seal (DNs 299 and 311) are **GRANTED IN PART** and **DENIED IN PART**.

I.   MOTIONS TO SEAL

A.  Legal Standard

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)).  These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179.  The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would, for instance, harm a company's reputation is insufficient.  *Id.*; *Shane Grp. Inc. v. Blue Cross Blue*

*Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane Grp. Inc.*, 825 F.3d at 307. Examples of injuries sufficient to justify a sealing of judicial records include those that could be used as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

In rendering a decision, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Shane Grp. Inc.*, 825 F.3d at 306. Importantly, the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed. *Rudd Equipment Co., Inc.*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court filings); *Shane Grp. Inc.*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.")

B. <u>Discussion</u>

Humana moves to permanently file under seal excerpts from DN 300, Exhibit A attached to Humana's opposition to Realtor's motion to compel Humana to answer his requests for admission. (DN 301-2; DN 299; DN 311.) Humana states that pursuant to the parties' agreed-upon stipulation, the party who designated the information and exhibits as confidential shall move to permanently seal such information and exhibits. (DN 299, at PageID #23396.)

Humana contends the portions of Exhibit A at issue contain a brief phrase excerpted from Humana's confidential Market Call presentation from Contract Year ("CY") 2017 that provides direct insight into Humana's internal finances and business operations that competitors could use

to gain an unfair advantage over Humana. (DN 311, at PageID #24222.) Humana states that the Court previously granted Humana's motion to seal this identical excerpt from the CY 2017 Market Call Presentation located at DN 201-15. (DN 246 at PageID #18307.)

Humana argues there is a compelling reason to seal the above identified excerpt since it contains non-public proprietary business information that would cause commercial competitive harm to Humana if filed in the public record. (DN 311, at PageID #24222.) Humana argues that the narrow excerpt, taken directly from Humana's CY 2017 Market Call Presentation, discusses internal business strategy and contains an internal financial figure for Humana's business operations that would provide Humana's competitor's direct insight into the Company's key business operations. (DN 311, at PageID #24222.) Humana argues that the excerpt has no bearing on Humana's opposition since it relates to an entirely separate discovery issue than the requests for admissions. (*Id.*)

Humana argues that in recognition of the presumption of public access, Humana has moved to seal only narrowly tailored excerpt that contains confidential information. (*Id.*)

In response, Relator states that he does not presently object to the proposed redactions in Humana's motion to seal. (DN 315.) However, Relator's lack of objection does not end the Court's independent analysis of whether the above documents should be sealed from public inspection. *Shane Grp. Inc.*, 825 F.3d at 305.

After reviewing Exhibit A in its unredacted form at DN 300, the Court finds that the redactions requested do contain information that if disclosed would harm Humana's competitive standing in the marketplace because there are details from the Market Call presentation regarding prior bids, profit margins and the timing of those bids, that could be used by competitors to undercut Humana's marketplace standing. However, the Court finds that the request is not narrowly tailored

as tendered by Humana. The Court finds that only the following excerpts are proper for redaction in DN 300: the two months identified on PageID #23403 in paragraph 2; the portion of the last paragraph under the section titled "Deposition Topics 1(l)-1(p)" of Subsection B after the words "For example" and before the words "HUM-000080047" on PageID #23403; the first sentence at the top of PageID #23404 before the words "For this reason"; and the portion of the paragraph under the section titled "IV. Formulary Records" in parenthesis after the word "formulary" and before the phrase "and the final" on PageID #23406. The Court finds that, as modified above, the public interest in this information is low as the underlying motion is related to the sufficiency of discovery responses. The redacted information as modified is not being offered as evidence on the merits of this case at this point in time.

Accordingly, Humana's motions for leave to file under seal confidential information accompanying exhibit A to Humana's opposition to Relator's motion to compel are **GRANTED IN PART** (DNs 299 and 311). DN 300 shall remain under seal. Humana shall file a supplemental redacted version of DN 301-2 in accordance with the above order.

## II. ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(a) Humana's motions for leave to file under seal Exhibit A to Defendant Humana's opposition to Relator's motion to compel Humana to answer his requests for admission (DNs 299 and 311) are **GRANTED IN PART.**

(b) The Court directs the Clerk that DN 300 **shall remain under seal**.

(c) Humana shall file a supplemental redacted version of DNs 301-2 pursuant to the Court's orders above on or before **September 30, 2020**.

cc: Counsel of record

September 15, 2020

Colin H Lindsay, Magistrate Judge
United States District Court