UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-61-GNS-CHL

UNITED STATES OF AMERICA
 *ex rel.* STEVEN SCOTT,                                                                 Plaintiff,

v.

 HUMANA, INC.,                                                                           Defendant.

### Memorandum Opinion and Order

Before the Court is a motion for leave to file Relator's motion for in camera review provisionally under seal filed by Relator Steven Scott ("Relator"). (DN 285.) Defendant Humana Inc. ("Humana") filed a response (DN 296) and Relator subsequently filed a reply (DN 303).

For the reasons set forth below, Relator's motion to seal (DN 285) is **DENIED**.

I.  MOTIONS TO SEAL

A. Legal Standard

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179. The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would, for instance, harm a company's reputation is insufficient. *Id.*; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane Grp.*

*Inc.*, 825 F.3d at 307. Examples of injuries sufficient to justify a sealing of judicial records include those that could be used as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

In rendering a decision, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Shane Grp. Inc.*, 825 F.3d at 306. Importantly, the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed. *Rudd Equipment Co., Inc.*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court filings); *Shane Grp. Inc.*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.")

B. Discussion

Relator moves for leave to file Relator's motion for in camera review provisionally under seal. (DN 285, at PageID #22914.) Relator says that pursuant to its confidentiality stipulation, Relator is filing his motion provisionally under seal and Humana is then required to submit a brief to the Court as to why sealing is required and whether redaction could eliminate or reduce the need for sealing. (*Id*.) Relator sets forth no other arguments in its two-paragraph motion and states that he does not believe that any portion of the motion should be filed permanently under seal. (*Id*.)

In response, Humana states that Relator's motion for in camera review at DN 286 does not contain or reflect information that Humana has deemed to be confidential or protected material. (DN 296, at PageID #23200.) Humana states it does not intend to file a motion seeking leave to seal permanently any information in Relator's motion for in camera review. (*Id.*)

Based on the foregoing, the Court finds both parties have failed to substantiate their arguments that a compelling reason exists to seal DN 286. Accordingly, DN 285 is DENIED and the Court directs the Clerk to unseal DNs 286, 297, 303 and all accompanying exhibits. The Court encourages parties to meet and confer in good faith moving forward to avoid wasting judicial resources on unnecessary motion practice.

## II. ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) Relator's motion for leave to file his motion for in camera review provisionally under seal (DN 285) is **DENIED.**

(2) The Court directs the Clerk to unseal DNs 286, 297, 303 and all accompanying exhibits.

September 15, 2020

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record