UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:18-CV-61-GNS-CHL

UNITED STATES OF AMERICA, *ex rel*. STEVEN SCOTT,                    **Plaintiff,**

**v.**

**HUMANA INC.,**                                                              **Defendant.**

## ORDER

Before the Court is the motion for sanctions (the "Motion") filed by Relator Steven Scott ("Relator").  (DN 328.)  Defendant Humana Inc. ("Humana") filed a response (DN 332) to which Relator filed a reply (DN 336.)  Therefore, the Motion is ripe for review.

### I.      BACKGROUND

On January 9, 2019, Relator served Humana with a Rule 30(b)(6) deposition notice.  (DN 201-1.)   Among several other deposition topics, Relator sought testimony concerning the following:

> 1. For each Contract Year for the Walmart Plan from 2011 through 2017 . . .
> b. The identity of all Humana employees who were aware and when they became aware that assumptions for Preferred Utilization, Member Cost Share, or Membership used for purposes of Humana's Bids for the Walmart Basic Plan… were different than the assumptions for Preferred Utilization, Member Cost Share, or Membership used for purposes Humana's Budgets for the Walmart Basic Plan for the same Contract Years . . .
> c. All Persons to whom Humana communicated and when it was communicated that assumptions for Preferred Utilization, Member Cost Share, or Membership used for purposes of Humana's Bids for the Walmart Basic Plan … were different than the assumptions for Preferred Utilization, Member Cost Share, or Membership used for purposes of Humana's Budgets for the Walmart Basic Plan for the same Contract Years . . .

(*Id.*)

a.  **2019 Depositions and the Court's Order Compelling Further Testimony (DN 241)**

On February 10, 2019, Humana designated Rachael Theiss ("Theiss"), Humana's Actuarial Director of PDP Pricing & Analytics, and Susan Diamond ("Diamond"), Humana's Segment Vice President, to testify as to these topics on Humana's behalf.  (DN 241, at 11.) Among other topics, Diamond was designated to testify on topics 1(b) and 1(c) with respect to the differences in assumptions in bids versus final budgets.  (DN 328, at PageID # 25090.) Among other topics, Theiss was designated to testify on topics 1(b) and 1(c) with respect to the differences in assumptions in bids versus budgets-at-bid.  (*Id.*, at PageID # 25089-90.)

On February 28, 2019, Relator conducted Theiss's deposition, and on March 7, 2019 Relator conducted Diamond's deposition.  (DN 328, at PageID # 25090.)  In preparation for the depositions, Humana provided Relator with summary charts to topic 1(b) and 1(c) listing the names of persons who were aware of the different assumptions, the year they became aware, the persons to whom Humana communicated the discrepancies, and the year those communications occurred.  The summary was generated by Humana outside counsel, David Paluch, through questionnaires and interviews of Humana employees.  During the depositions, neither Diamond nor Theiss were able to testify as to which specific assumptions the named individuals were aware differed.  Theiss was also unable to testify as to who created the questionnaire, what was on the questionnaire, who was interviewed, and who conducted the interviews.  Unsatisfied with the designated deponents' ability to testify as to Humana's knowledge of several topics, on March 14, 2019, Relator filed a motion to compel Humana's compliance with his Rule 30(b)(6) deposition notice.  (DN 201.)

The Court found in relevant part that Theiss and Diamond were inadequately prepared to respond to the subjects listed in topics 1(b) and 1(c) and ordered Humana to designate additional or supplemental deponents for those topics.  (DN 241, at 17.)  The Court clarified that in order to comply with Relator's deposition notice, "Humana was responsible for designating a person who could testify as to which individual knew about the differences in assumptions, when they became aware of the differences in assumptions and who those individuals communicated with about those differences in assumptions."  (*Id.*)

### b.  2020 Depositions

Pursuant to the Court's order, Humana again designated Diamond and Theiss to testify as to the topics at issue.  (DN 328, at PageID # 25092.)  To prepare for their depositions, Humana says that it created a second questionnaire asking respondents whether they were aware of the variances among assumptions used in bids, budgets-at-bid, and final budgets, which it distributed to 156 employees who worked on the Walmart Plan.  (DN 332, at PageID # 25476.)  Humana explains that it assigned David Buehner to collect responses to the questionnaire, compile the responsive data, and convey the information and his summaries to Diamond and Theiss. (*Id.*) Humana says that that Diamond and Theiss conducted several interviews with Buehner about his fact finding, in addition to reviewing hundreds of documents identified by Relator in topics 1(b) and 1(c).  (DN 332, at PageID # 25477.)

On February 6, 2020, the Court held a telephonic status conference with the Parties.  (DN 274.)   During the call, the Parties requested guidance about the length of the upcoming supplemental depositions.  (*Id.*)  Humana requested that the Court limit the amount of time for Diamond and Theiss's depositions, and Relator argued that Humana's witnesses had been evasive in the past and such behavior could cause the deposition to run longer.  (*Id.*)  The Court "declined

to limit the depositions to a specific time frame and instructed the parties to meet and confer further in order to come to an agreement on this issue . . . ." (*Id.*)

On June 12, 2020, Relator conducted Theiss's supplemental deposition.  (DN 328, at PageID # 25092.)   Several hours into the deposition, counsel for Humana stated that he would be unilaterally ending the deposition due to Relator's questions that Humana believed to be outside the scope.  (DN 328-1, at PageID # 25190.)  The Parties were unable to reach chambers in seeking the undersigned's assistance resolving the dispute, and the deposition ended at 5:16 PM.  (*Id.*, at PageID # 25194.)  On July 1, 2021, Relator conducted Diamond's supplemental deposition.  (DN 328, at PageID # 25103.)  On June 26, 2020, the Court granted leave for Relator to file its motion for sanctions.  (DN 324.)

### c.  Relator's Motion for Sanctions (DN 328)

In the motion, Relator argues that, in violation of the Court's prior order, Humana again failed to prepare Theiss and Diamond, which Relator claims was intentionally "designed to obstruct this discovery . . . ."  (DN 328.)  Relator states that "[a]s it did for the initial depositions, Humana prepared its corporate representatives for the second round of depositions with nothing more than a questionnaire."  (*Id.*, at PageID # 25092.)  Relator points to several issues he has with the second questionnaire: (1) it was sent only to current Humana employees; (2) it doesn't define terms such as "budgets-at-bids" and "final budgets"; (3) it allows respondents to indicate for which contract year it knew of discrepancies in assumptions, but not the exact date the respondent became aware; (4) the questionnaire qualifies questions about respondents' knowledge with "[i]n the course of normal business"; and (5) no efforts were made to provide recipients with documents showing the discrepancies to refresh their memories.  (DN 328, at PageID # 25092-94.)

4

Relator further argues that the corporate deponents' process for compiling this information was deficient for several reasons: (1) no effort was made to follow up with respondents about their answers; (2) no effort was made to review discovery documents that includes information responsive to topics 1(b) and 1(c); (3) and Humana made no effort to obtain responsive information from past employees or its business partners.  (*Id.*, at PageID # 25093-94.)   As a result of the charged deficiencies, Relator argues that Diamond and Theiss provided incomplete testimony as to the topics at issue.  Specifically, Relator notes that "more than 50 witnesses – including the central witnesses in this case who were responsible for the key assumptions in *both* Humana's bids and budgets – responded that they "don't recall" key information responsive to Topic No. 1(b)." (*Id.*, at PageID # 25095.)  Additionally, "for 12 individuals, Humana's sworn testimony is that the individual may have been aware of differences but that they '[do] not recall the specific assumptions' for which they purportedly had knowledge, or that the 'Specific Assumptions Identified' was 'N/A'."  (*Id.*)  Relator With regard to topic 1(c), Relator says that "[a]t least 50 recipients of the questionnaire 'could not recall' *any* responsive information 'one way or the other.'"  (*Id.*, at PageID # 25096.)  Relator also notes that the responses for "To Whom Differences Were Communicated", include generally "Humana employees" and "Humana Senior Leaders." (*Id.*)

In response, Humana argues that Theiss and Diamond offered corporate testimony that fully responded to topics 1(b) and 1(c).  (DN 332.)  Humana states that Relator never challenged Humana's use of questionnaires and summary charts to prepare corporate testimony until three days before Diamond's supplemental deposition, despite the fact that Relator inquired about the questionnaires during Theiss's supplementary deposition several weeks earlier.  (*Id.*, at PageID # 25478.)  Humana suggests that its Rule 30(b)(6) testimony need not be fully responsive because

there is information responsive to the topics at issue elsewhere on the record.  (*Id.*, at PageID # 25479-80.)  However, Humana argues that its Rule 30(b)(6) testimony was in fact complete.  (*Id.*, at PageID # 25485-89.)

## II.   LEGAL STANDARD

Under Supreme Court and Sixth Circuit precedent, a district court has "the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders."  *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (citing *Chambers v. Nasco*, 501 U.S. 32, 43-50, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).  Beyond the Court's inherent power, the Federal Rules of Civil Procedure authorize, and in some cases require, the imposition of sanctions for improper conduct.

### a.   Rule 37(b)(2)(A)

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides in relevant part that "[i]f a party ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).  For example, the Court may "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  However, "violation of a definite and specific court order must be shown by clear and convincing evidence before sanctions can be imposed for violation of the order."  *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1243 (6th Cir. 1996).  This means that "[t]he order must be 'clear and unambiguous' . . . and ambiguities must be resolved in favor of persons charged . . . ."  (*Id.*)

### b.   Rule 30(d)(2)

The testimony of a Rule 30(b)(6) witness represents the knowledge of the corporation, not the individual witness, and thus the testimony of a Rule 30(b)(6) witness is different from that of a "mere corporate employee;" the Rule 30(b)(6) witness does not give his own personal opinions but instead presents the corporation's "position" on the topic. *Richardson v. Rock City Mech. Co.*, LLC, No. 3-09-0092, 2010 WL 711830, at *6 (M.D. Tenn. Feb. 24, 2010) (citation omitted). When a corporation is served with a notice of a Rule 30(b)(6) deposition, it is obligated to produce a witness or witnesses knowledgeable about the subject or subjects described in the notice and to prepare the witness or witnesses to testify not simply to their own knowledge, but the knowledge of the corporation. *Pogue v. Northwestern Mut. Life Ins. Co.*, No. No. 3:14-CV-598-CRS, 2017 WL 3044763, at *8 (W.D. Ky. July 18, 2017) (citations omitted).  A Rule 30(b)(6) designee must be educated and gain the requested knowledge to the extent that it is reasonably available to the corporation. *Id.* (citations omitted).  Thus, such a designee has a duty to reasonably obtain information from corporate documents, current or prior corporate employees, or any other sources reasonably available to the corporation. *Id.* (citations omitted).  Notably, a Rule 30(b)(6) witness is not expected to perform with absolute perfection, and the inability of such a witness to answer every question on a particular topic does not necessarily mean that the corporation failed to comply with its obligations under the Rule. *Id.* (citations omitted).

## III.    DISCUSSION

### a.  Sufficiency of Rule 30(b)(6) Testimony

The Court has carefully reviewed the excerpts of the supplementary depositions submitted by the Parties and the questionnaire prepared for the deposition and finds that the designees were unable to adequately respond to relevant questions listed in topics 1(a) and 1(b).  While the Court's prior order (DN 241) did not address all of the issues raised in the Parties briefs, it established, at

minimum that "Humana was responsible for designating a person who could testify as to which individual knew about the differences in assumptions, when they became aware of the differences in assumptions and who those individuals communicated with about those differences in assumptions." (DN 241, at 17.)

First, the Court finds that the designees were unprepared to testify as to which individuals knew of the differences in the assumptions. Relator argues that the list provided summarizing the results of the 2020 questionnaire does not sufficiently answer who was aware of the differences in assumptions. (DN 328.) Relator notes that neither of the designees reviewed discovery documents containing responsive information, instead relying solely on the questionnaire responses. (*Id.*, at PageID # 25095.) Relator further states that despite inconsistencies between the questionnaire responses and evidence on the record, "no effort was made to interview the individuals, show the recipients any record documents or pertinent information, or follow up in any other way." (*Id.*) Humana believes that the degree of preparation for its designees that Relator argues was necessary is a "boils-the-ocean preparation process that Relator belatedly demands [which] is nothing like the reasonable efforts that Rule 30(b)(6) requires." (DN 332, at PageID # 25486.) Humana further argues that any more thorough preparation of the designees would not have produced better quality testimony. (*Id.*) For example, Humana states that it would not have been able to resolve the inconsistencies among different employees' questionnaire responses and between questionnaire responses and documents on the record. (*Id.*) Relator further argues that any such efforts to do so, "would have produced a host of different complaints, and likely would have resulted in Relator filing a different sanctions motion on the grounds that Humana misrepresented the record regarding what its employees knew about variances in assumptions." (*Id.*)

During her deposition, Diamond testified that the summary of the questionnaire responses was exhaustive of her corporate testimony regarding which individuals were aware of the assumption differences. (328-3, at PageID # 25205.)  Similarly, Theiss testified that the list of names, which she said includes both questionnaire responses and three individuals previously identified in her prior deposition, constitutes her testimony as to the identity of people aware of the differences. (328-2, at 16.)  However, the designees' own personal experience reveal that more people were aware of the differences than the response summary conveys. For example, Humana's actuary, Lazar Ivetic, is not listed among the individuals aware of the differences despite the fact that Diamond emailed Ivetic in 2011 telling him about differences in assumptions used for bids versus internal budgets, and Theiss emailed him in 2016 discussing the differences in assumptions used for bids versus Budgets-at-Bid.  (DN 328, at PageID # 25098.)  Another example, Humana actuary Jie Yang is not listed among individuals aware of the differences, despite the fact that in 2016, Theiss emailed Yang confirming the use of different assumptions for bids and Budgets-at-Bid.  (*Id.*)  Despite the fact that some questionnaire responses were inconsistent with the designees' own experience, the designees did not follow up with respondents to ensure that the responses were accurate.  (DN 328-3, at PageID # 25215; DN 328-2, at 18.)

Humana presents two basic reasons why that its questionnaire method of preparing its corporate designees was good enough to meet its obligations under Rule 30(b)(6). The first is that its efforts captured the responsive information without forcing the designees to interview hundreds of employees and review thousands of documents.  (*See* DN 332, at PageID # 25484-89.)  This argument falls apart when "information known or reasonably available to the organization itself" show that the questionnaire responses that the designees based their testimony on were inaccurate or incomplete. *Jecker v. Monumental Life Ins. Co.*, No. 3:12CV-

9

219-S, 2014 WL 4063568, at *1 (W.D. Ky. Aug. 15, 2014).  Humana disagrees, arguing that its designees could rely solely on the questionnaire responses for their corporate testimony because it is unable to determine whether "the recollection of an employee takes precedence over a contradictory document" and any attempt to do so "would have resulted in Relator filing a different sanctions motion on the grounds that Humana misrepresented the record regarding what its employees knew about variances in assumptions."  (DN 332, at PageID # 25486.)  This is clearly incorrect and flips relevant duties of candor on their head.  A party is obligated to ensure that its sworn testimony is true and correct to the best of her ability, and if a party learns that a prior disclosure is incorrect, she has a duty to supplement with corrective information.  *See* Fed. R. Civ. P. 26(e)(1). Humana's second reason why its designees' testimony was good enough is that Humana and non-parties have provided other responsive information, and thus, its Rule 30(b)(6) testimony need not be complete.  (DN 332, at PageID # 25479.) Again, Humana misstates the law. A corporate designation distinguishes the nature of the testimony of a fact witness from the testimony of a representative of the defendant organization itself. Fed. R. Civ. P. 30(b)(6).  Rule 30(b)(6) contains an implicit obligation to prepare the witness for examination on matters, not limited to the witness' personal knowledge, but extending to all information reasonably available to the responding organization.  WRIGHT & MILLER, FED. PRAC. AND PROC. § 2103 n. 8 (3d ed. 2014).  Thus, Humana cannot rely on those prior disclosures to avoid preparing its designees to testify as to information reasonably available to it.

Second, the Court finds that the designees were unprepared to testify as to when the individuals became aware of the differences in the assumptions.  Relator contends that topic 1(b) required Humana to testify as to the date that each person became aware of the differences in assumption.  (DN 328, at PageID # 25103.)  Humana believes that providing the contract year

sufficiently addresses when the person became aware of the differences, and that the efforts required to determine more specifically when each person became aware "would have imposed an impossible burden on Humana."  (DN 332, at PageID # 25488.)  Providing the contract year or years for which an individual knew of discrepancies within different documents is not the same thing as saying when those individuals became aware of the information.  Humana's assertion that determining when individuals became aware of the differences in assumptions would impose an undue burden is unpersuasive, especially when there isn't any evidence that the designees made any attempt to find this information.  Indeed, the 2020 questionnaire doesn't even provide the option for respondents to say when they became aware of the differences.  (*See* DN 332-11.) Regardless, the Court has already found that this information is "proportional to the needs of the case even if it requires the designation of multiple additional deponents."  (DN 241, at 17.)

Finally, the Court finds that the designees were unprepared to testify as to whom the differences in the assumptions were communicated.  Again, the corporate testimony regarding communications about the differences in assumptions at times contradicts itself or other information on the record.  For example, the summary document for Ms. Diamond's deposition, shows that Kyrstin Andrassy did not respond that she shared communications regarding the differences in assumptions despite the fact that Diamond testified in her 2019 deposition that Andrassy generally received such communications. (DN 328-11.)  There are also individuals identified as having received communications regarding differences in assumptions who are not listed among individuals that were aware of the differences.  (*Id.*)  Among individuals to whom the differences were communicated, responses include "Humana employees," "Humana Senior Leaders," Walmart, Milliman, and Walgreens, but do not indicate which individuals fall within

those categories.  (DN 328-10; 328-11.)   Relator tried to elicit testimony clarifying some of these responses, but the designees essentially let them speak for themselves.

In sum, the Court finds that Humana failed to comply with its order to designate "a person who could testify as to which individual knew about the differences in assumptions, when they became aware of the differences in assumptions and who those individuals communicated with about those differences in assumptions." (DN 241.)

### b.  Sanctions

Relator moves for sanctions under Rule 37(b)(2)(A) and 30(d)(2) of the Federal Rules of Civil Procedure.

### i.  Rule 37(b)(2)(A)

Under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, the Court "may issue further just orders" to sanction noncompliance with a prior discovery order, including "prohibiting the disobedient party . . . from introducing designated matters into evidence."  Further, the Court must order the disobedient party to pay reasonable costs caused by its failure, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."   Fed. R. Civ. P. 37(b)(2)(C).  Relator argues that because of Humana's failure to comply with the Court's prior order (DN 241), the Court should "preclude Humana from offering evidence and argument at trial as to the Humana employees who did or did not know" about the differences in assumptions used for bids, Budgets-at-Bid, and Final Budgets, and any person to whom Humana communicated the differences.  (DN 328, at PageID # 25107.)  Relator further argues that an award of costs is proper.  (*Id.*, at PageID # 25109-10.)

The Court finds that although Humana did not fully comply with DN 241, as discussed *supra*, preclusion is inappropriate here for several reasons.  First, the evidence Relator seeks to

preclude covers a broad range of information, much of it properly disclosed by Humana throughout the course of discovery. (*See* DN 332, at PageID # 25479-80.) To forbid Humana from introducing any evidence concerning topics 1(b) or 1(c) would be overinclusive of the discovery it failed to properly provide. Second, preclusion on these topics would be highly prejudicial to Humana, given that this information is essential to its defense of Relator's claims. (*See* DN 332, at PageID # 25491.) Third, it is not evident that Humana's noncompliance similarly prejudiced Relator. Relator has not moved to compel further Rule 30(b)(6) testimony and has since filed a response to Humana's motion for summary judgment (DN 388) as well as its own motion for summary judgment (DN 346). Based on the foregoing, the Court will alternatively grant leave for Relator to file a motion to compel further Rule 30(b)(6) testimony following a ruling on the Parties' motions for summary judgment.

The Court further finds that the circumstances do not justify an award of costs. Humana undertook significant efforts to prepare its designees for deposition, even if that preparation was misguided. Humana says that after the Court's prior order (DN 241), it undertook an additional factfinding effort during which Beuhner and Humana employees expended over 100 hours. (DN 332, at PageID # 25476.) The designees dedicated an additional thirty-five hours to preparing for their supplemental depositions. (*Id.*, at PageID # 25477.) Considering these efforts and the lack of evidence of bad faith on Humana's part, the Court declines to impose punishment for Humana's noncompliance. Seeing as the Court found Humana to have been noncompliant with its prior order, the Court will also decline Humana's request for an award of costs.

### ii. Rule 30(d)(2)

Rule 30(d)(2) grants the district court authority to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who

impedes, delays, or frustrates the fair examination of a deponent." Relator argues that Humana's failure to adequately prepare the designees as well as its decision to prematurely end Theiss's supplementary deposition constitute grounds for sanctions including costs and preclusion. As discussed *supra*, the Court does not believe that the deficient preparation of the designees warrants sanction.

The Court finds that in ending the supplementary deposition of Theiss, Humana was not acting as a party "who impedes, delays, or frustrates the fair examination of a deponent." Fed. R. Civ. P. 30(d)(2). There was no agreed upon time frame for Theiss's supplemental deposition and the Court declined to set one. (DN 274.) Four hours in to what the transcript indicate was a very contentious deposition, counsel for the Parties reached a point of dispute that caused Humana to want to end the deposition. However, Humana agreed to consult with the Court in an attempt to resolve the dispute, consistent with the Court's prior instruction. (*Id.*) It was only when the Parties could not reach the Court that Humana chose to end the deposition. Based on these facts, the Court declines to read any impropriety into the conduct of one party in what appears to be nothing more than an honest dispute. Therefore, the Court will not order preclusion or costs on these grounds either.

## IV.    ORDER

For the foregoing reasons, Relator's motion for sanctions (DN 328) will be denied.

Accordingly,

IT IS HEREBY ORDERED as follows:

1.  Relator's motion for Sanctions (DN 328) is **DENIED**.

2.  Relator is granted leave to file a motion to compel further Rule 30(b)(6) testimony

    consistent with this order within 30 days of the latter ruling on Relator's and Humana's

    motion for summary judgment.

Colin H Lindsay, Magistrate Judge

United States District Court

March 26, 2021

cc:  Counsel of record