# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION
### CIVIL ACTION NO. 3:18-CV-00061-GNS-CHL

**UNITED STATES OF AMERICA,** *ex rel Steven Scott*,                    **Plaintiff,**

**v.**

**HUMANA INC,**                                                          **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are three motions for leave to file under seal portions of the Parties' evidentiary motions and accompanying exhibits filed by Defendant Humana Inc ("Humana"). (DN 428; DN 429; DN 430.) Relator Steven Scott ("Relator") filed responses in opposition to the motions (DN 448; DN 447; DN 446), to which Humana filed replies (DN 455; DN 454; DN 453). Therefore, these motions are ripe for review.

### I.       BACKGROUND

On August 14, 2020, Relator filed a motion to exclude the expert testimony of Robert Moné, which is briefed by the Parties at DN 339, DN 395, and DN 423. The same day, Relator filed a motion to exclude the expert testimony of Ross Winkelman, which is briefed by the Parties at DN 341, DN 393, and DN 419. On August 15, 2020, Humana filed a motion to exclude the expert testimony of Richard Foster and Margaret Sparks, which is briefed by the Parties at DN 349, DN 386, and DN 417. Because these filings contain information covered by the Parties' confidentiality stipulation, each was preceded by a motion to file under provisional seal pending any motion by a Party to permanently seal. (DN 338; DN 340; DN 348; DN 385; DN 392; DN 394; DN 416; DN 418; DN 422.) In the instant motions, Humana seeks to permanently seal

portions of fifty-seven documents filed in connection with the Parties' evidentiary motions.[1]  (*See* DN 428-2 to 428-22; DN 429-2 to 429-16; DN 430-2 to 430-22.)

The Court recently ruled on Humana's motions to seal documents filed in support of the Parties' motions for summary judgment.  (DN 478.)  Because the same considerations discussed in that order apply to the instant motions, in the interest of efficiency, the Court refers to that order for more thorough analysis.

## II.    LEGAL STANDARD

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)).  These interests include "certain privacy rights of participants or third parties, trade secrets, and national security."  *Brown*, 710 F.2d at 1179.  The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would, for instance, harm a company's reputation is insufficient.  *Id.*; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed.  *Shane*, 825 F.3d at 307.  Examples of injuries sufficient to justify a sealing of judicial records include those that could be used as "sources of business information that might harm a litigant's competitive standing."  *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

In rendering a decision, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling,

---

[1] Humana does not request that the Court maintain the remaining documents related to the Parties' evidentiary motions permanently under seal.  Accordingly, the Court will order that these documents be permanently unsealed.

and why the scope of the seal is no broader than necessary.  *Shane*, 825 F.3d at 306.  Importantly, the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed.  *Rudd*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court filings); *Shane*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.").

## III.    DISCUSSION

This case is distinct from most civil actions in that it has been litigated largely in the dark, with the Parties filing documents under provisional seal as a matter of course.  These provisional seals remain in place as litigation progresses pending a resolution of any motion to make them permanent, sometimes for over a year.  That isn't to say that the Parties' requests have been unwarranted, nor is it unexpected that sensitive information would be in the record in this type of action.  However, it is not an overstatement to say that Humana has been liberal in its requests for sealing orders.  Still, the number of permanently sealed documents on the docket is not necessarily problematic, since generally, "[s]ecrecy is fine at the discovery stage."  *Shane*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).  "At the adjudication stage, however, very different considerations apply."  *Id.*  (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).  And when evidence is presented to a court for a final decision in a case, transparency is critical because "the public is entitled to assess for itself the merits of judicial decisions."  *Id.*  With that in mind, the Court addresses the propriety of sealing each of the documents at issue.[2]

---

[2] In his responses to Humana's motions to seal, Relator argues that Humana's motions are not timely because they were not filed within ten days of the underlying briefs.  (DN 446, at PageID # 63633; DN 447, at PageID # 63643–

### a. CMS Third Party Sponsor Information and CMS Bid Review Procedures

Humana seeks to redact portions of the expert report of Ross Winkelman (DN 393-3; DN 341-2), the rebuttal expert report of Richard Foster (DN 349-3; DN 341-16) and Appendix A to that report (DN 393-11), Relator's motion to exclude the expert testimony of Ross Winkelman (DN 341), and Humana's response (DN 393). (DN 428, at PageID # 48610; DN 430, at PageID # 51359–61, 51367–69.) Humana's proposed redactions cover figures associated with third party sponsor's Part D plans reported on CMS's worksheet 1. The Court recently granted Humana's request to redact portions of expert reports, including Winkelman's report and Foster's rebuttal report at issue here, containing figures derived from worksheet 1 because "public disclosure of this data could assist an interested sponsor in structuring its plan to maximize beneficiary or government cost sharing." (DN 478, at PageID # 65087.) Reducing the risk that a sponsor will game the Part D bidding process provides a similarly compelling reason to conceal the information here. As for the public interest in access, while it is strong at this stage of the case, and stronger for redactions to the Parties' underlying briefs, the interest in a maintaining the integrity of the Part D program tilts in favor of sealing. The Court notes that the documents were filed in support of evidentiary motions, which will not result in a determination on the merits of this case. The redactions are narrowly tailored, except that the redactions to Relator's motion to exclude also

---

44; DN 448, at PageID # 63656.) Relator points to the Court's November 16, 2019 order, which directed that "[a]ll future motions to seal must be filed within 10 days of filing the corresponding underlying substantive motion." (DN 247, at PageID # 18361.) Relator raised the same argument in opposing Humana's previous motions to seal. (DN 369, at PageID # 42664; DN 439, at PageID # 63573.) In its March 9, 2021 order, the Court rejected Relator's argument and clarified that any motion to seal a document "shall be filed within ten days of the complete briefing of the underlying substantive motion." (DN 461, at PageID # 64340.) Here, the three underlying motions were fully briefed as of October 28, 2020. (DN 417; DN 419; DN 423.) Relator states that the ten-day deadline from that date was November 7, 2020. (DN 446, at PageID # 63633; DN 447, at PageID # 63644; DN 448, at PageID # 63656.) However, because November 7, 2020 fell on a Saturday, "the period continue[d] to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Accordingly, Humana's deadline to file its motion to seal was Monday, November 9, 2020. Because Humana filed its motions on that day, (DN 428; DN 429; DN 430), the motions were timely filed.

cover figures specific to Humana's bids, which are offered in Relator's motion to support his arguments.  Humana's privacy interest in these figures does not outweigh the public interest in access, especially because these figures bear on the merits of the case.  (*See* DN 478, at PageID # 65094.)  Therefore, the Court will require Humana to refile a version of the motion with only the appropriate redactions.  The Court take no position on whether the documents should remain sealed if filed elsewhere on the record or offered as proof at trial.

Humana also seeks to seal the rebuttal expert report of Ross Winkelman (DN 341-13; 393-7) and documents containing Humana's responses to CMS's bid review questions (DN 417-3; DN 417-4; DN 417-5).  Humana's proposed redactions cover information related to CMS's bid review.  The Court recently granted Humana's request to redact portions of exhibits filed in support of the Parties' summary judgment, including Humana's bid review responses, briefs because the redacted information "reveals details about how CMS monitors Part D bids for compliance with its standards, which could inform an interested sponsor looking to evade scrutiny."  (DN 478, at PageID # 65087.)  Reducing the risk that a sponsor will game the Part D bidding process provides a similarly compelling reason to conceal the information in the bid review responses here.  As for the public interest in access, while it is strong at this stage of the case, the interest in a maintaining the integrity of the Part D program tilts in favor of sealing.  The Court notes that the documents were filed in support of evidentiary motions, which will not result in a determination on the merits of this case, and each of them were cited only once in the underlying eighteen-page brief.  The Court takes no position on whether the documents should remain sealed if filed elsewhere on the record or offered as proof at trial.

On the other hand, there is no compelling reason to permit the proposed redactions to the Winkelman rebuttal report covering "general information about CMS's review and audit

procedures, such as the standard of review or the steps involved because this information is a matter of public record." (DN 478, at PageID # 65087.) Therefore, the Court will order that this document be unsealed.

### b. Humana's Business Work Product

Humana seeks to seal its two Market Call presentations (DN 339-5; DN 341-10) and a portion of its Relator's motion to exclude excerpted from the presentation (DN 339). The Court has found that Humana expended significant resources to create these presentations, which it endeavors to keep confidential. (DN 478, at PageID # 65089.) Humana also seeks to seal a 2013 internal retail strategy memorandum, (DN 339-6; DN 423-2), which is a ninety-seven-page document summarizing research, setting goals, and describing strategies for retail segment growth. The Court recently granted Humana's request to seal multiple market call presentations filed in support of the Parties' summary judgment briefs, finding that, "[b]ecause they are comprehensive of Humana's business strategies, Humana's competitors could use them to undercut its position in the marketplace." (DN 478, at PageID # 65089.) Reducing the risk that Humana's competitors using its proprietary work product to their advantage is a similarly compelling reason to seal the presentations and strategy memorandum here. However, the public interest in access to the portions of these documents that are quoted in the underlying motions to exclude is stronger because Relator relies on these excerpts substantively in support of his arguments. To strike the proper balance between Humana's privacy interest and the public interest in access to documents offered as evidence offered as grounds for a judicial decision, Humana will be required to remove the redactions from the pages of these documents that are quoted in Relator's brief.

Humana also seeks to seal a 2012 Client Report concerning Humana's Medicare Advantage bids drafted by its actuarial consultant, Milliman (DN 341-11; DN 419-1), two reports

on Humana's Part D bids drafted by Milliman (DN 417-6; DN 417-8), a 2014 letter from Milliman to Humana concerning documentation for Humana's 2015 bid (DN 341-12), and an email exchange between Humana and Milliman regarding Walmart Plan bids (DN 417-7). The Court recently granted Humana's request to seal Milliman reports on the Walmart Plan because, "[i]f made public, Humana's competitors could use Milliman's work product to inform their bid development without incurring a similar expense and to undercut Humana in the marketplace." (DN 478, at PageID # 65089.)  Reducing the risk that Humana's competitors using its proprietary work product to their advantage is a similarly compelling reason to seal the Medicare Advantage and Part D reports here.  The public interest in accessing these documents is mitigated by the fact that Medicare advantage bids are not at issue in this case, and none of these documents are being offered as evidence on the merits of this case.  However, the public interest in access to the portions of these documents that are quoted in the Parties' underlying briefs is higher because Relator relies on this excerpt substantively in support of his arguments.  To strike the proper balance between Humana's privacy interest and the public interest in access to documents offered as evidence offered as grounds for a judicial decision, Humana will be required to remove the redactions from the pages that are quoted in the Parties' underlying briefs.  Additionally, the Court finds that Humana has not established a compelling interest in sealing the 2014 Milliman letter or the email exchange because they do not include the same level of analysis and strategic recommendations and Humana has not provided specific details about the cost it incurred to create these documents or steps taken to shield them from public disclosure.  Therefore, the Court will order that these documents be unsealed.

### c.   Remaining Documents

The Court recently unsealed several documents at issue that were offered in support of the Parties' summary judgment briefings, and as a result, they are now a part of the public record.  DN 478, at PageID # 65095–96.)  This includes the expert reports of Richard Foster (DN 341-14; DN 349-2; DN 393-10), Margaret Sparks (DN 339-9; DN 341-4; DN 349-4), and Phillip Ellis (DN 339-1), the rebuttal expert reports of Robert Moné (DN 339-4), the declarations of David Pottschmidt (DN 349-14) and Shelly Brandel (DN 349-13), and the full transcripts of the depositions of Susan Diamond (DN 339-7), Robert Moné (DN 339-2), Marcus Osbourne (DN 417-9) Ross Winkelman (DN 341-1; DN 393-8), and Richard Foster (DN 349-5; DN 386-2).  The Court will order these documents unsealed.

As for the remaining documents at issue, Humana has not met its burden of showing a compelling interest in nondisclosure of the covered information that outweighs the public interest in access.   Humana's proposed redactions do not cover trade secrets, privileged information, or third party information protected by statute, but rather other categories of information that are not "typically enough to overcome the presumption of access."  *Shane*, 825 F.3d at 308.  While public disclosure information contained in these exhibits may expose Humana to some competitive risk, because of the interest of a broader public outside of the named parties, the standards for overcoming the presumption of openness "should be applied [...] with particular strictness."  *Id.* at 305.  With respect to the documents above, Humana is unable to overcome that presumption.  (*See* DN 478, at PageID # 65094–95.)

## IV.   ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows

1.  DN 428, DN 429, and DN 430 are **GRANTED in part and DENIED in part.**

2.  The Clerk of Court is directed to permanently seal DNs 339-5, 339-6, 341, 341-2, 341-10, 341-11, 341-16, 349-3, 393, 393-11, 417-3, 417-4, 417-5, 417-6, 417-8, 419-1, 423-2

3.  The Clerk of Court is directed to unseal all other documents filed at DNs 339, 341, 349, 386, 393, 395, 417, 419, and 423 not listed above.

4.  On or before, **October 22, 2021**, Humana shall file updated redacted versions of:
    a.  DN 339-5, removing redactions to PageID # 27464
    b.  DN 339-6, removing redactions to PageID # 27556
    c.  DN 341, removing redactions to PageID # 28195, 28205, and 28207
    d.  DN 341-10, removing redactions to PageID # 29328
    e.  DN 341-11, removing redactions to PageID # 29377
    f.  DN 417-6, removing redactions to PAgeID # 46363
    g.  DN 419-1, removing redactions to PageID # 46442
    h.  DN 423-2, removing redactions to PageID # 46659

Colin H Lindsay, Magistrate Judge
United States District Court

September 28, 2021

cc:  Counsel of record

9