**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:18-CV-00061-GNS-CHL**

**UNITED STATES OF AMERICA,**                                        **Plaintiff,**

**v.**

**HUMANA, INC.,**                                                        **Defendant.**

**MEMORANDUM OPINION & ORDER**

Before the Court is a Motion to Depose filed by Plaintiff-Relator Steven Scott ("Relator"). (DN 622.) Defendant Humana, Inc. ("Humana") filed a response in opposition. (DN 663.) Relator filed a reply. (DN 668.) Therefore, this matter is ripe for review.

For the reasons set forth below, Relator's motion (DN 622) is **GRANTED**.

**I.      BACKGROUND**

Relator seeks to depose David Paluch and Joseph Liss (collectively "the Witnesses") before trial. (DN 622 at PageID # 69250.) On February 1, 2023, Humana identified the Witnesses as persons Humana "may" call to testify at trial, which begins on July 11, 2023, as directed by the Court's September 19, 2022 order. (DN 539 at 4; *see* DN 512.) Mr. Paluch is the current Director of Humana's Senior Products Actuarial Rx ("SPA Rx") and MedSupp Department. (*Id*. at 69251.) Mr. Liss is the current Director of another actuarial department within Humana and the former Associate Director of the SPA Rx Department. (*Id.*) The SPA Rx actuaries were responsible for the membership and preferred pharmacy use assumptions in the Part D bids Humana submitted to Centers for Medicare & Medicaid Services ("CMS"), in Humana's contemporaneous budgets-at-bid, and in final budgets for all other business purposes aside from Part D bidding. (*Id*. at 69251-52.) Relator alleges that Humana defrauded the CMS by fabricating the membership and preferred

pharmacy use assumptions in its Part D bids. (*Id.*) Humana first identified the Witnesses in its initial Rule 26(a) disclosures as persons "likely to have discoverable information… that Humana may use to support its defenses." (DN 621-4 at 69166-68.) The Witnesses reappeared on all Humana's supplemental and amended Rule 26(a) disclosures, though at times with changes in the descriptions of their roles and scope of knowledge. (*See* DNs 621-5, 621-6, 621-7 and 621-2.) In addition, Mr. Liss was designated as a Rule 30(b)(6) corporate representative to provide testimony on limited topics and was deposed twice in that capacity. (*See* DNs 353-11 and 353-12.) Mr. Paluch was not deposed in any capacity but verified written disclosures provided by Humana in lieu of Rule 30(b)(6) testimony. (*See* DN 622-1.)

At the outset of this case, the Court established a "soft cap" of fifteen fact depositions during a scheduling conference on March 13, 2018. (DN 93 at 792.) On November 9, 2018, Humana served its first supplemental Initial Disclosures ("First Supplement"). (DN 622 at 69252; *see also* DN 621-5.) The First Supplement newly described Mr. Paluch and Mr. Liss as persons knowledgeable about the bid submissions for the Part D contracts at issue in this case. (DN 621-5 at 69186-87; DN 621-4 at 69167-68.) Additionally, Mr. Liss's position was updated from Actuary, a junior position, to Associate Director in SPA Rx and Med Supp. (*Id.*; DN 622 at 69252.) Mr. Paluch's junior position as Associate Actuary remained the same. (DN 621-4 at 69176; DN 621-5 at 69187). Shortly thereafter, on March 6, 2019, Mr. Liss was deposed for the first time as a Rule 30(b)(6) corporate designee to testify on limited and general topics. (DN 622 at 69253.)

Fact discovery concluded on March 8, 2019, two days after Mr. Liss's first Rule 30(b)(6) deposition. (DN 177 at 10428.) On December 12, 2022, Mr. Paluch verified Humana's written disclosures in lieu of providing Rule 30(b)(6) testimony. (*See* DN 622-1.) Nearly four years after

the close of fact discovery, Humana served its fourth and most recent supplemental Initial Disclosures ("the Fourth Supplement") on January 10, 2023. (DN 622 at 69250; *see* DN 621-2.) In the Fourth Supplement, Mr. Paluch was newly described as being solely knowledgeable about the identity of persons who were aware of the membership and preferred pharmacy use assumptions reflected in Humana's bids and budgets, when those persons became aware of relevant differences in the assumptions, and the identity of persons to whom Humana communicated those differences. (*Id.* at 69147.)

Between February 16, 2023 and March 7, 2023, the Parties conferred at length regarding Relator's request that Humana make the Witnesses available for deposition before trial. (*See* DN 621-1.) Counsel for Humana indicated that Humana intended to use Mr. Liss and Mr. Paluch at trial to "clarify, contextualize or correct" prior Rule 30(b)(6) oral and written testimony. (*Id.* at 69118.) After Humana declined to produce the Witnesses, Relator filed the instant motion on March 8, 2023.[1] Relator seeks leave to depose the Witnesses in their personal capacities in additional depositions beyond the default limit set by Federal Rule of Civil Procedure 30(a) and the Court's March 13, 2018 Scheduling Order, and after the close of fact discovery. In support of the motion, Relator argues that there is good cause for the additional depositions and that the depositions are proportional to the needs of the case.

## II.     LEGAL STANDARD

Generally, a party is limited to ten depositions, though that number may be increased with leave of Court or by stipulation. Fed. R. Civ. P. 30(a)(2)(A)(i). Before granting leave, the Court must weigh the discretionary factors in Federal Rule of Civil Procedure 26(b), which include (1)

---

[1] Relator was required to request a telephonic conference with the undersigned prior to the filing of any discovery motion. Given the proximity to trial and Relator's prior compliance with the requirement, Relator's oversight here is excused.

whether the additional depositions would be unreasonably cumulative or duplicative, or if the same information could be obtained from some less burdensome source; (2) whether the moving party has had ample opportunity to obtain the information by discovery; and (3) whether taking additional depositions would be proportional to the needs of the case, considering the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden compared to the benefit of the proposed discovery. *Proffit v. Highlands Hospital Corp.*, No. 7:19-CV-15-KKC-EBA, 2021 WL 787131 (E.D. Ky. Mar. 1, 2021) (citing *Hadfield v. Newpage Corp.*, No. 5:14-cv-00027-TBR, 2016 WL 427924, at *4 (W.D. Ky. Feb. 3, 2016); *see also* Fed. R. Civ. P. 30(a)(2). The party seeking the depositions bears the burden of persuading the Court that additional depositions are necessary. *Hadfield,* 2016 WL 427924 at *4 (citing *Moore v. Abbot Laboratories*, No. 2:05-CV-1065, 2009 WL 73876, at *1 (S.D. Ohio Jan. 8, 2009)). The moving party must demonstrate a particularized need for additional depositions. *Moore,* 2009 WL 73876, at *1.

The Court has broad discretion over discovery matters, including reopening discovery. *Kindoll v. South Health Partners,* No. 17-84-DLB-CJS, 2019 WL 1461078, at *2 (E.D. Ky. Apr. 2, 2019) (citing *Lowe v. Hamilton Cty. Job & Family Servs*., No. 1:05-cv-117, 2007 WL 1513823 (S.D. Ohio May 22, 2007)). Scheduling order modifications are available only "for good cause and with the Court's consent." Fed. R. Civ. P. 16(b)(4). This "requires consideration of [the plaintiff's] diligence and the risk of prejudice to defendants." *Davidson v. Arlington Cmty. Sch. Bd. of Educ*., 847 F. App'x 304, 311–12 (6th Cir. 2021) (citing *Leary v. Daeschner*, 349 F.3d 888, 906–09 (6th Cir. 2003)). " 'The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." *Smith v. Holston Med. Grp*., P.C., 595 F.

4

App'x 474, 478 (6th Cir. 2014) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). The Sixth Circuit considers five factors when determining whether it is appropriate to reopen discovery: (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. *Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-CV-505-TAV-HBG, 2021 WL 6332794, at *6 (E.D. Tenn. Sept. 28, 2021) (citing *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)). The "overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id.*

### III.     DISCUSSION

Relator has met his burden of demonstrating that the additional depositions are relevant to the claims and defenses in this action and proportional to the needs of this case. Given the complexity and breadth of this case, as well as the seriousness of the allegations against Humana and the magnitude of the claimed damages, the burden and expense of two additional depositions is outweighed by the stakes of this litigation. Relator's central allegation is that Humana submitted Part D bids with falsified actuarial assumptions to perpetrate a billion-dollar fraud against CMS. (DN 622 at 69250-51, 69257.) The Witnesses, as Humana SPA Rx actuaries who were responsible for the assumptions, are thus potentially critical to the issues in this action. Mr. Paluch is the only listed trial witness described as being knowledgeable about certain crucial disputed facts, such as who was aware of the differences in Humana's assumptions and to whom and when those differences were communicated. (*Id.* at 69257-58; DN 621-2 at 69147-48.) Mr. Liss, once a junior actuary and now an Associate Director of the SPA Rx department, is designated as a trial witness and may possess personal knowledge of relevant information.

5

That the Witnesses have previously testified in a Rule 30(b)(6) capacity does not render the additional depositions unreasonably cumulative or duplicative, even if the Witnesses will testify to the same or similar subject matter as their Rule 30(b)(6) depositions. The testimony of a Rule 30(b)(6) is different from that of a "mere corporate employee" because it represents the knowledge of the corporation, not the individual. *White v. Wal-Mart Stores E., L.P.*, 2018 WL 5083891, at *5 (W.D. Ky. Oct. 18, 2018) (citing *Schall v. Suzuki Motor of Am., Inc.*, 2017 WL 4050319, at *5 (W.D. Ky. Sep. 13, 2017). The Rule 30(b)(6) witness "does not give his own personal opinions but instead presents the corporation's position on the topic." *Id*. Thus, the Witnesses' personal knowledge remains unexamined by Relator and Relator could not have attained that knowledge from the Witnesses' Rule 30(b)(6) depositions.

Nor could Relator have acted sooner or more diligently in obtaining the requested discovery. Relator acted diligently to pursue discovery within the bounds set by the Court and by Humana's disclosures. The Court set a "soft" limit of fifteen fact depositions, expanding the limit of 10 allowed by Rule 30. (DN 93 at 792.) *See* Fed. R. Civ. P. 30(a)(2)(A)(i). Humana disclosed 22 individuals by name as likely possessing knowledge that is relevant to Humana's defenses. (*See* DN 621-7.) The "purpose of the limitation in [Rule 30] is to force counsel to think long and hard about who they want to depose and to depose only those who are really important," which was evidently Relator's approach here. *San Francisco Health Plan v. McKesson Corp.*, 264 F.R.D. 20, 21 (D. Mass. 2010) (citation omitted). Relator reasonably relied on Humana's description of the Witnesses to exclude them in favor of deposing actuaries more senior and with greater involvement in the Part D contracts to meet the Court's deposition limit. Several years after the close of discovery, Relator learned anew that Mr. Paluch was uniquely and personally knowledgeable about relevant information and that Mr. Liss would testify at trial on the topics of

6

his Rule 30(b)(6) deposition, which Humana confirmed would involve inquiry into Mr. Liss's personal knowledge. (*See* DN 688 at 70210; DN 633 at 69908, fn. 9.) That Relator did not feel constrained by the Court's deposition limit at the time it was set does not demonstrate a lack of diligence or dilatory behavior under the circumstances. The need to depose the Witnesses in their personal capacities arose with a change in circumstances that Relator did not cause and could not foresee.

Humana faults Relator for not probing the Witnesses on personal knowledge during the Rule 30(b)(6) testimony but ignores that Rule 30(b)(6) testimony is designed to be representative of the corporation's knowledge, not the individual's knowledge, as discussed above. Further, Mr. Liss's first deposition was conducted a mere two days before the close of fact discovery. Because the Court found his testimony insufficient, Mr. Liss was deposed again a year later. Similarly, Mr. Paluch certified his Rule 30(b)(6) disclosures in December of 2022. Were the Court to accept that that the Witnesses' Rule 30(b)(6) depositions were an opportunity for Relator to diligently probe the Witnesses further, neither arose during the fact discovery period that closed on March 8, 2019.

While taking additional depositions may prejudice Humana by diverting time and resources from trial preparation, the stakes in this litigation are substantial and the potential benefit of the discovery outweighs Humana's burden. "One of the primary objects of the discovery provisions embodied by the Federal Rules of Civil Procedure is elimination of surprise in civil trials." *Erskine v. Consolidated Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987) (citations omitted). Given that the details of the Witnesses' trial testimony are unclear, the Court finds that to avoid surprise at trial Relator must be allowed the opportunity to examine the Witnesses about subject matter within their personal knowledge on which to cross examine or impeach them. Therefore, the Court finds

that Relator has demonstrated good cause and proportional need to allow a limited extension of discovery to depose Mr. Paluch and Mr. Liss.

### IV. ORDER & CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Relator's motion (DN 622) is **GRANTED** and the limited discovery requested shall be completed **on or before May 19, 2023**.  The Parties are cautioned that an extension of this deadline is unlikely absent exceptional circumstances.

Colin H Lindsay, Magistrate Judge
United States District Court

April 27, 2023

cc: Counsel of record

8