UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00061-GNS-CHL

UNITED STATES OF AMERICA, *ex rel.*
STEVEN SCOTT                                                                                               Plaintiff,

v.

HUMANA, INC.,                                                                                              Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is a Motion for Sanctions filed by Defendant Humana, Inc. ("Humana"). (DN 666.) Plaintiff-Relator Steven Scott ("Relator") filed a response (DN 669), to which Humana filed a reply (DN 673). Therefore, this matter is ripe for review.

**I.      BACKGROUND**

Relator brought this False Claims Act ("FCA") action alleging that Humana submitted bids based on knowingly false actuarial assumptions for its prescription drug plan to the Centers for Medicare & Medicaid Services ("CMS"), resulting in overpayments from CMS to Humana. (DN 1.) In June 2018, Relator retained former Chief Actuary of CMS, Richard Foster ("Foster"), as a consulting expert. (DN 410 at 45866.) Relator then retained Foster to provide additional services as a testifying expert witness on the specific issue of Humana's materiality defense. (DN 379-11 at 42858; DN 474 at 65043.) On April 21, 2020, Relator produced Foster's expert report. (DN 379 at 42736.) On June 15, 2020, Relator produced Foster's rebuttal report. (DN 379-13.) On July 17, 2020, Foster sat for his deposition. (DN 379-11.) During the deposition, Humana learned that Foster participated in several meetings with government officials from the Department of Justice ("DOJ") and CMS in 2018 and 2019. (*Id.* at 42863, 42866.) These communications were not included in Relator's privilege log. (DN 379-14 at 42948.) When questioned about the nature

of the meetings, counsel for Relator instructed Foster not to answer on the basis that Foster's communications with CMS and the DOJ concerning this case were privileged. (DN 379-11 at 42861-62, 42865-66.)

On July 31, 2020, Humana contacted Relator requesting production of communications between Relator and CMS, asserting that Relator failed to produce the correspondence with CMS or list them in his privilege log despite the communications being responsive to Humana's prior discovery requests. (DN 379-14 at 42949.) Humana further requested production of any documents Relator provided to the DOJ and CMS in connection with the meetings discussed during Foster's deposition. (*Id.*) On August 4, 2020, Relator claimed in response that Foster's communications with CMS were in his capacity as a consulting expert and thus privileged under Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. (*Id.* at 42948.) Humana replied that it had not agreed to the communications being excluded from Relator's privilege log and contested Relator's claim of privilege. (*Id.* at 42947.) After several additional exchanges, the Parties reached an impasse, and on August 20, 2020, Humana contacted the Court to request leave to proceed to motion practice. (DN 379-15 at 42952-53.)

On August 31, 2022, the undersigned ordered Relator to produce (1) a supplemental privilege log, (2) any nonprivileged documents related to communications with the DOJ and CMS as requested by Humana's requests for productions ("RFPs") 7 and 9, (2) a supplemental response to Interrogatories 19 and 20 with respect to those communications, and (3) Foster for a deposition limited to the topic of Foster's communications with the DOJ and CMS concerning this case. (DN 470 at 64871.) Relator filed an objection to the portion of that Order requiring a supplemental deposition, arguing that Foster's communications with the government are privileged work product under Federal Rule of Civil Procedure 26(b)(3) and (4). (See DN 474.) On June 30, 2022,

United States District Judge Gregory N. Stivers overruled Relator's objections and ordered Relator to produce Foster for a supplemental deposition and supplement his privilege log in accordance with the August 31, 2022 order. (See DN 502.) Shortly thereafter, Relator and Humana again disagreed on whether certain areas of inquiry were privileged under Fed. R. Civ. P. Rule 26 pursuant to the Court's August 31, 2022 and June 22, 2022 orders. (DNs 520-3, 520-4.) On August 29, 2022 Relator served on Humana a supplemental privilege log, supplemental document production, and supplemental interrogatory responses to Interrogatory Nos. 19 and 20 of Humana's First Set of Interrogatories to Relator. (DN 666-1 at 70039.) Relator produced an amended privilege log on September 21, 2022. (*Id.*; *see* DN 513-1 at 66447.) On September 29, 2022, Relator served on Humana another supplemental privilege log and supplemental production. (*Id.* at 70040.) When Humana pressed Relator to produce a withheld document that Mr. Foster created (RELATOR_PRIV_479) and to confirm Foster's deposition date, Relator declined and filed a motion for a protective order seeking to limit the scope of Foster's supplemental deposition and to continue withholding the responsive document on September 21, 2022. (*Id.* at 70015; *see* DN 513.) This Court ruled in Humana's favor, finding that the withheld document was discoverable and ordering that Foster appear for a supplemental deposition. (DN 537.) Relator did not object to the order.

Pursuant to the Court's January 31, 2023 order (DN 537), Relator provided Humana with another privilege log ("Fourth Privilege Log") and document production on February 14, 2023. (DN 666-1 at 70040.) Humana's counsel also deposed Foster regarding his communications with government officials on March 2, 2023. (*See* DN 666-11.) Although Relator initially disclosed at least five meetings between Foster and government officials, Humana asserts that it uncovered four additional meetings with officials from DOJ, CMS and/or from the Department of Health and

Human Services ("HHS") through the production. (DN 666 at 70017.) During the deposition, Relator's counsel instructed Foster not to answer questions about certain comments he made to those government officials, and vice versa, if doing so would reveal "[R]elator's counsel's legal strategy." (DN 666-11 at 70136-37.) Humana asserts that Relator's privilege assertions willfully violated the Court's orders as "[t]his Court has held multiple times that Mr. Foster's communications are protected only to the extent provided under Rule 26(b)(4)(C)" and "ruled unambiguously that only communications between Mr. Foster and Relator's counsel were protected from disclosure." (DN 666 at 70023-24.) In response, Relator asserts that the legal strategies of Relator's counsel are core attorney work product. (DN 669 at 70225-26.)

## II. LEGAL STANDARD

The work-product doctrine as codified in Rule 26(b)(4)(C) protects the communications between a party's attorney and that party's testifying expert from disclosure unless the communications relate to the expert's compensation, identifies facts or data that the party's attorney provided that the expert considered, or identifies assumptions the party's attorney provided that the expert relied on in forming the expert's opinion. Fed. R. Civ. P. 26(b)(4)(C). Work product "does not lose its protection merely because it is transmitted to a testifying expert," however, the "protection does not extend to an expert's own development of the opinions to be presented: those are subject to probing in deposition or at trial." *Deere & Co. v. FIMCO, Inc.*, No. 5:15-CV-105-TBR-LLK, 2016 WL 11269254, at *3 (W.D. Ky. Dec. 5, 2016) (quoting *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 293 F.R.D. 568, 577 (S.D.N.Y. 2013) (emphasis original) (quoting *Sara Lee Corp. v. Kraft Foods, Inc.*, 273 F.R.D. 416 (N.D. Ill. 2011) and *Yeda Res. & Dev. Co. v. Abbott GmbH & Co. KG*, 292 F.R.D. 97 (D.D.C. 2013) at footnote 57 for applying the same approach after the 2010 amendments as before to analyzing privilege with

respect to dual-hat expert work that does not involve core work product, such as attorney theories and impressions). Materials containing "factual ingredients" are discoverable. *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prod. Liab. Litig.*, No. 2:18-MD-2846, 2021 WL 2280657, at *4 (S.D. Ohio June 4, 2021) (quoting *Wenk v. O'Reilly*, No. 2:12-cv-474, 2014 WL 1121920 at *4 (S.D. Ohio Mar. 20, 2014).

### III. DISCUSSION

Humana requests an adverse inference jury instruction to sanction Relator for improper withholding of key testimony and documents in violation of this Court's orders. (DN 666 at 70033.) In the alternative, Humana seeks to compel Relator to produce Foster for a third deposition and produce improperly withheld or redacted documents that Foster created in connection with his government communications. (*Id.* at 70034.) The Court finds that the alternative request is appropriate and grants the same. Humana's additional request to vacate the July 11, 2023 trial date is denied.

In his fourth attempt to repackage privilege claims this Court has repeatedly rejected, Relator once again offers only bald assertions without details or substance. Relator's relentless insistence that these documents are privileged, which has now spanned approximately three years and at least three previous Court orders, is without any legitimate basis and is inconsistent with the good faith conduct of discovery. (*See* DNs 470, 502, 513.) As this Court previously held, Foster's communications with the government are only protected to the extent that they include work product created on Relator's behalf by a nonexpert representative, such as Relator's counsel. (DN 470 at 64865.) Here, Relator's counsel instructed Foster not to answer questions about certain comments he made during meetings with government officials, and vice versa, if doing so would reveal "Relator's counsel's legal strategy." (DN 666-11 at 70136-37.) Relator also leveraged his

privilege assertion to redact or withhold notes that Foster drafted in connection with his meetings with government officials. (*Id.* at 70146-47.)

The Court is not persuaded that the withheld communications contain privileged attorney work product. Relator's assertions continue to remain vague and conclusory. Without more, the Court is again hindered in its ability to assess whether the communications contain Relator's counsel's legal strategies. The Court is skeptical that Foster's communications at issue included attorney work product because Foster was apparently the only person retained by the Relator present at most of the meetings. As such, Relator's conclusory assertions offered without support do not allow the Court to do more than guess at what information may be in the communications. Further, Foster's testimony supports that the communications may instead contain discoverable "factual ingredients" regarding subject matters related to his opinions and that were formed by him, which are subject to probing in deposition. For example, Foster testified about his phone call with CMS Chief Actuary Paul Spitalnic in July or August 2018 regarding "a question about Part D bids and bid review policy" asked for the purpose of "[making] sure that one particular statement was completely accurate" in order "to respond to questions [Foster] had received from [Relator's] attorneys." (DN 669-2 at 70261-62.) Foster testified that his conversation with Spitalnic and his subsequent notes do not mention Relator's counsel's legal strategy or work product. (*Id.* at 70261-62, 70273-75.) His testimonial description of the conversation with Spitalnic also did not appear to broach any legal subject matter. (*Id*. at 70263-66.) Nevertheless, Relator logged and withheld Foster's notes from this conversation, marked RELATOR_PRIV_542, on the basis that the notes contained privileged "legal strategy and work product" by Relator's counsel. (*Id.* at 70272; *see also* 666-8 at 70116.)

Similarly, Foster testified that he attended an in-person meeting with DOJ attorneys and a CMS representative on October 16, 2018. (*Id.* at 70332.) Relator's counsel were not in attendance. (*Id.* at 70335.) Foster testified that the purpose of the meeting was for him to explain the "simplified examples [he] had developed… to the broader set of DOJ attorneys". (*Id.* at 70338.) He testified that, while he did not discuss any other topics, the "attorneys themselves discussed some other aspects of the case." (*Id.*) Foster, using his notes as reference, testified with specificity about some of the topics discussed during what was essentially a Q&A with DOJ attorneys. (*Id.* at 70339, 70361-84.) Relator redacted portions of Foster's notes from this meeting, which were taken contemporaneously and contained comments made by Foster and DOJ attorneys, on the basis of work product privilege. (*Id.* at 70386-88.) Foster's testimony regarding this meeting was also limited due to privilege. (*Id.* at 70389.) However, neither Foster nor Relator offer a basis for asserting the privilege other than conclusory statements and Foster's testimony supports that the subject matter is instead discoverable by being factual or technical in nature.

Foster testified that he attended an in-person meeting with Spitalnic and CMS Director Jennifer Lazio on January 31, 2019. (*Id.* at 70389.) Other participants included DOJ attorney Jeff McSorley, attorneys from DOJ that attended via video conference, and HHS attorneys present on behalf of CMS. (*Id.*) Relator's counsel were not in attendance. (*Id.* at 70390.) Foster testified that the purpose of the meeting was to talk with Lazio and Spitalnic about "technical actuarial issues" associated with this case at the direction of DOJ. (*Id.* at 70439.) Foster also testified that he prepared a typed outline ("January 31 Meeting Outline") before the meeting to reflect the "basic issues" he intended to express to Spitalnic and Lazio, including "Part D, the nature of Part D, the actuarial value requirement" and "how [unrealistic assumptions about using a preferred pharmacy] end up purporting to show a proper actuarial value when the reality is an inadequate actuarial

value." (*Id.* at 70394, 70399.) In sum, Foster described the outline as conveying what he thought was important for Spitalnic and Lazio to understand about this case. (*Id.* at 70439.) No one other than Foster contributed to or edited the outline. (*Id.*) Nevertheless, Foster did not testify to the outline's contents on the basis of work product privilege. (*Id.* at 70395.) Foster testified that he spoke with Spitalnic about preferred pharmacy use, but when asked whether Spitalnic specifically discussed the effect of preferred pharmacy use on bid amounts, Foster declined to answer on the basis of privilege. (*Id.* at 70410.) When asked if related portions of his notes reflected Relator's counsel legal strategy, Foster answered that "they are related" but did not elaborate further. (*Id.* at 70412.) Again, Foster's testimonial description of both his notes and the meeting do not support Relator's assertions that the communications contain legal strategies and Relator failed to provide support for his privilege assertion at all. Likewise, Foster testified about a call in March 2019 that he attended with Spitalnic, Lazio, and Blake Pelzer from CMS as well as Relator's counsel and DOJ and HHS attorneys. (*Id.* at 70424-27.) Foster did not testify to the subject of that call on the basis of privilege. (*Id.* at 70427.) Relator offers no further analysis or support for asserting privilege, and the Court is not inclined to allow Relator to unilaterally assert as much. Relator's repeated failure warrants further discovery at this late stage in the case. Thus, Relator must produce Foster for a supplemental deposition regarding his communications with the government and submit the transcript to the Court for review. Additionally, Relator must produce Foster's notes and outlines created in connection with the communications to Humana.

## IV.   ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

(1) Humana's motion for sanctions (DN 666) is **GRANTED in part** and **DENIED in part**.

(2) On or before **May 26, 2023**, Relator shall produce any and all documents created by Foster and sought by Humana in connection with his communications with the government.

(3) On or before **June 2, 2023**, Relator shall produce Foster for deposition limited to the topics of Foster's communications with the DOJ, HHS, and CMS concerning this case. Relator shall submit the transcript of this deposition to the Court for review on or before **June 9, 2023**.

Colin H Lindsay, Magistrate Judge
United States District Court

May 12, 2023

cc:  Counsel of record