**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

UNITED STATES OF AMERICA *ex rel.*
STEVEN SCOTT,

               Plaintiff,

     v.

HUMANA INC.,

               Defendant.

No. 3:18-cv-00061-GNS-CHL

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement")
is made between Defendant Humana Inc., and all of its predecessors, successors, attorneys,
subsidiaries, Affiliates, and assigns (collectively referred to as "Humana"), and Relator
Steven Scott and all of his predecessors, successors, attorneys, assigns, heirs, executors,
and beneficiaries (collectively referred to as "Relator").  As used in this Agreement,
"Affiliates" shall mean any entity that owns or controls, is owned or controlled by, or is
under common ownership or control with the Defendant.  Humana and Relator are referred
to in this Settlement Agreement individually as a "Party" and collectively as the "Settling
Parties."

**WHEREAS**, on January 19, 2016, Relator filed a lawsuit on behalf of himself and
the United States against Humana in the United States District Court for the Central District
of California, captioned *United States ex rel. Steven Scott v. Humana Inc.*, Case No. CV
16-00401, which was later transferred to the United States District Court for the Western

1

District of Kentucky ("the Civil Action"). In the Civil Action, Relator alleged that Humana violated the False Claims Act ("FCA") in connection with Humana's bids to the Centers for Medicare and Medicaid Services ("CMS") for its basic Medicare Part D plan, which were assigned contract numbers S2874, S5552, and S5884 (the "Walmart Plan"). In the Civil Action, Relator alleged FCA violations resulting from bids that Humana submitted to CMS for the Walmart Plan in 2010 through 2016 for Medicare Part D coverage offered from 2011 through 2017, which he alleged gave rise to the following causes of action: Humana knowingly presented, or caused to be presented, false or fraudulent claims for payment to the United States, in violation of 31 U.S.C. § 3729(a)(1)(A); Humana knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of 31 U.S.C. § 3729(a)(1)(B); and Humana knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, and knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government, in violation of 31 U.S.C. § 3729(a)(1)(G) (the "Covered Conduct");

**WHEREAS**, Humana expressly denies any and all allegations and claims asserted by Relator in the Civil Action;

**WHEREAS**, on September 17, 2017, the United States declined to intervene in the Civil Action and is not a party to the Civil Action but nonetheless is the real party in interest; and pursuant to 31 U.S.C. § 3730(b), the Civil Action may be dismissed only if the Attorney General of the United States gives written consent to the dismissal and the

reasons for consenting;

**WHEREAS**, to avoid the delay, uncertainty, inconvenience, and expense of protracted Civil Action of Relator's claims against Humana, the Settling Parties have, through this Settlement Agreement, reached a full and final mutually agreeable resolution addressing the claims against Humana in the Civil Action;

**WHEREAS**, the United States has informed the Settling Parties in writing that, within three (3) business days of Humana's timely payment of the Settlement Amount pursuant to Paragraph 2 of this Agreement, the United States will file a consent to the dismissal of the Civil Action with prejudice, including as to the United States, in the form attached hereto as Exhibit A;

**WHEREAS**, Relator is entitled under 31 U.S.C. § 3730(d) to a share of the proceeds from the settlement of claims arising from the Civil Action and to Relator's reasonable expenses, attorneys' fees and costs;

**WHEREAS**, Relator's entitlement to a share of the proceeds from the settlement of claims arising from the Civil Action will be the subject of separate agreements between Relator and the United States;

**WHEREAS**, Humana will separately pay Relator's reasonable attorneys' fees, costs, and expenses, with Humana's counsel and Relator's counsel to meet and confer regarding the reasonable amount of attorneys' fees, costs, and expenses and, if necessary, Relator will file a fee petition with the Court for a determination of the reasonable amount of attorneys' fees, costs, and expenses;

**WHEREAS**, this Agreement is neither an admission of liability by Humana nor a

concession by Relator that his claims are not well founded.

In consideration of the mutual promises contained herein and other good and valuable consideration, receipt of which is hereby acknowledged, the Settling Parties mutually agree as follows:

1.     **EFFECTIVE DATE:**  This Agreement shall become effective on the date that the Settling Parties and their counsel fully execute the Agreement ("Effective Date"). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

2.     **PAYMENT TO THE UNITED STATES:**  In order to resolve any and all claims that were asserted or could have been asserted in the Civil Action with the exception of the amount of Relator's reasonable attorneys' fees, costs, and expenses under 31 U.S.C. § 3730(d), Humana will pay to the United States the sum of ninety million dollars ($90,000,000.00) ("Settlement Amount"), of which sixty million dollars ($60,000,000.00) is restitution for alleged harm to the United States, no later than fifteen (15) business days after the later of:  (1) the Effective Date of this Settlement Agreement; or (2) Humana's receipt of written instructions for payment by electronic funds to be provided by the Office of the United States Attorney for the Western District of Kentucky if such information is provided after the Effective Date.

3.     **DISMISSAL WITH PREJUDICE BY THE UNITED STATES:**  In consideration for payment of the Settlement Amount, the United States (pursuant to 31 U.S.C. § 3730(b)(1)) has separately indicated in writing that, no later than three (3) business days after receipt by the United States of the Settlement Amount from Humana

4

pursuant to Paragraph 2 of this Agreement, the United States will file a consent to the dismissal of the Civil Action with prejudice, including as to the United States for the Covered Conduct (except for Relator's claim to a share of the proceeds of the Civil Action and to his entitlement to reasonable attorneys' fees, expenses, and costs, which are expressly reserved), in the form attached hereto as Exhibit A.

4.      **DISMISSAL WITH PREJUDICE AND RETENTION OF JURISDICTION BY THE COURT:**  No later than three (3) business days after receipt by the United States of the Settlement Amount from Humana under Paragraph 2, Relator will cause his counsel of record to promptly file a Stipulation of Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(l)(A)(ii) that is signed by the Settling Parties, in the form attached hereto as Exhibit B.  The dismissal shall be with prejudice as to the United States and Relator as to all claims against Humana in this action, except for Relator's claim to a share of the proceeds of the Civil Action and the determination of the amount of Relator's reasonable expenses, attorneys' fees and costs, pursuant to 31 U.S.C. § 3730(d).  The Stipulation of Dismissal with Prejudice shall provide that the Court retains jurisdiction to adjudicate, if necessary, the amount of Relator's share of the proceeds of the Civil Action pursuant to 31 U.S.C. § 3730(d), and the amount of Relator's reasonable expenses, attorneys' fees and costs, pursuant to 31 U.S.C. § 3730(d).  If the Court or the United States does not consent to the dismissal under 31 U.S.C. § 3730(b)(1), or if such dismissal is at any time reversed or otherwise revoked by a court of competent jurisdiction, Humana shall not be required to make payment as provided in Paragraph 2, and the Settlement Amount shall be returned to Humana (through its counsel of record), and this

Settlement Agreement shall be void and of no further effect. The Court will retain jurisdiction over the enforcement and interpretation of this Settlement Agreement and to resolve all disputes arising hereunder. The Court will also retain jurisdiction over determinations about whether to permanently seal any filings that are currently under provisional seal in the Civil Action, including jurisdiction to decide any motions by the Settling Parties or non-parties to permanently seal or unseal such information.

5.     **RELEASE BY RELATOR:**  For and in consideration of the payment made pursuant to this Settlement Agreement and the actions undertaken hereunder by the Settling Parties, and for other good and valuable consideration, Relator hereby does release, acquit and forever discharge Humana, and its respective agents, attorneys, employees, officers, directors, and insurers, from any and all claims, set-offs, causes of action, lawsuits, demands, damages, or the like of whatsoever kind or nature, whether arising in law or in equity, known and unknown, which the Relator has, had, may have had or may now have, or could or might in the future have against Humana, and its respective agents, attorneys, employees, officers, directors, and insurers, arising out of or related to the Covered Conduct or the institution or prosecution of the Civil Action, except for the amount of Relator's reasonable attorneys' fees, costs, and expenses under 31 U.S.C. § 3730(d), and except for determinations regarding the permanent sealing of any documents that are currently under provisional seal in the Civil Action, including any motions by the Settling Parties or non-parties to permanently seal or unseal such information.

6.     **RELEASE BY HUMANA:**  For and in consideration of the dismissal made pursuant to this Settlement Agreement and the actions undertaken hereunder by the

Settling Parties, and for other good and valuable consideration, Humana hereby does release Relator, and his predecessors, successors, attorneys, assigns, heirs, executors, spouse, and beneficiaries from any claims arising out of or related to the Covered Conduct or the institution or prosecution of the Civil Action, except for the determination of the amount of Relator's reasonable expenses, attorneys' fees and costs, pursuant to 31 U.S.C. § 3730(d), and except for determinations regarding the permanent sealing of any documents that are currently under provisional seal in the Civil Action, including any motions by the Settling Parties or non-parties to permanently seal or unseal such information.

7.     Nothing in Paragraphs 5 or 6 will operate as a waiver to any fee petition arguments that the Settling Parties may assert regarding what amount of Relator's attorneys' fees, costs, and expenses constitute Relator's reasonable attorneys' fees, costs, and expenses.

8.     **RETURN OR DESTRUCTION OF INFORMATION**:  Upon dismissal with prejudice of the Civil Action as provided in Paragraphs 3 and 4 of this Agreement, Relator and Humana shall comply with their obligations under Paragraph 12 of the Stipulation Regarding Protection of Confidential Information (the "Stipulation"), dated April 17, 2018.  Through this Agreement, each of the Settling Parties hereby provides the other Party written notice that the Receiving Party (as defined in the Stipulation) must destroy or return to the Producing Party (as defined in the Stipulation) all documents and information required under Paragraph 12 of the Stipulation within sixty (60) days of the date of dismissal.  The Receiving Party will submit a written certification to the Producing

Party by the 60-day deadline that comports with the requirements described in the Stipulation.  The Settling Parties agree that the obligation to permanently destroy electronic data is satisfied by executing standard electronic data deletion protocols, which vary by hardware and software, such as transferring a file on a laptop to the Recycle Bin on the desktop and then emptying the Recycle Bin.  The counsel for a Party that elects to proceed by destruction shall not be required to destroy any information that the Stipulation or this Paragraph would permit counsel to retain, and no Party shall be required to certify that such information has been destroyed.  Nothing in this Paragraph shall be construed to require Humana to return or destroy information that it is required by statute, regulation, or contract to provide to the United States, including without limitation, any agency, department, attorney, or agent thereof.  Consistent with Paragraph 12 of the Stipulation, the Settling Parties may retain a copy of all filings and associated exhibits from the Civil Action, including sealed versions of any filing where applicable.  The Settling Parties shall each bear their own respective costs of complying with the requirements of this Paragraph.  No breach of the requirements of this Paragraph shall be deemed to void this Settlement Agreement, to render this Settlement Agreement voidable, or to otherwise impair this Settlement Agreement.  The sole and exclusive remedy for any breach of this Paragraph shall be an order of specific performance requiring the breaching Party to either return or destroy Protected Material as defined in the Stipulation, and in an appropriate case, actual damages incurred as a result of an improper disclosure of Protected Material.

9.      **APPLICABLE LAW:**  This Agreement shall be governed and construed in accordance with the laws of the United States.  The exclusive jurisdiction and venue for

any dispute relating to this Agreement is the United States District Court for the Western District of Kentucky.

10.   **REPRESENTATIONS AND WARRANTIES:**  The Settling Parties represent and warrant the following:

a.   They have the right to assert and compromise the claims released in this Settlement Agreement, and have not in any way assigned or delegated any claims, counterclaims, demands, causes of action, and obligations related to the Civil Action;

b.   They have taken all necessary corporate and legal action to duly approve the making and performance of this Settlement Agreement, and that no further corporate or other approval is necessary;

c.   The making and performance of this Settlement Agreement will not violate any provision of law, or of Humana's articles of incorporation, bylaws, charter, organic statute, or the like;

d.   They have read this Settlement Agreement and know the contents hereof, and they have signed this Settlement Agreement knowingly and voluntarily;

e.   In making this Settlement Agreement, they have obtained the advice of legal counsel of their choosing; and

f.   They have participated in the drafting of this Settlement Agreement after consultation with their chosen legal counsel.  Therefore, no Party may assert that the language of this Settlement Agreement

should be construed against another Party due to that Party's putative role as drafter.

11.    **NO ADMISSION OF LIABILITY:**    Nothing in this Settlement Agreement shall constitute an admission of liability, wrongdoing, or fault by Humana.  The Settling Parties understand, agree, acknowledge, represent, and warrant that the execution of this Agreement is solely for the purpose of settlement and compromise of disputed claims.  The execution of this Agreement and any action taken pursuant to this Agreement shall not be construed or considered as an admission of liability, guilt or fault on the part of Humana, and Humana expressly denies liability, guilt or fault regarding any and all claims that have been or could have been asserted against it.  This Settlement Agreement shall not be admissible in any court or other adjudicative proceeding, except that it may be introduced (a) in a proceeding to enforce the terms of this Settlement Agreement or (b) in a separate proceeding arising out of the Civil Action or concerning the funds paid to resolve the Civil Action.

12.    Relator's entitlement to a share of the proceeds from the settlement of claims arising from the Civil Action will be the subject of separate agreements between Relator and the United States.

13.    The Settlement Amount described in Paragraph 2 above shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier), Medicaid contractor, TRICARE contractor, or any State payer, related to the Covered Conduct.

14.     Humana agrees to the following:

a.     <u>Unallowable Costs Defined:</u> That all costs (as defined in the Federal Acquisition Regulation 48 C.F.R. § 31.205-47 and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395ggg and 1396-1396v, and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Humana and its current or former direct and indirect subsidiaries, brother or sister corporations, divisions, affiliates, officers, directors, employees, shareholders, and agents, and the predecessors in connection with the following shall be "Unallowable Costs" on government contracts and under the Medicare Program, Medicaid Program, TRICARE Program, Veterans Affairs (VA), and Federal Employees Health Benefits Program (FEHBP):

i.     the matters covered by this Agreement;

ii.     the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

iii.     Humana's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

iv.     the negotiation and performance of this Agreement; and

v.     the payment Humana makes to the United States pursuant to this Agreement and any payments that Humana may make to the Relator, including costs and attorneys' fees, if any.

(All costs described or set forth in this paragraph 14.a. are hereafter "Unallowable Costs".)

b.     <u>Future Treatment of Unallowable Costs:</u> Unallowable Costs shall be separately determined and accounted for by Humana, and Humana shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or seek

11

payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Humana or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, VA, or FEHBP Programs.

c.     <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: If applicable, Humana further agrees that within 90 days of the Effective Date of this Agreement, it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid, VA and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid Program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Humana or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs.  Humana agrees that the United States, at a minimum, shall be entitled to recoup from Humana any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice, and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Humana or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Humana or any of its subsidiaries' cost reports, cost statements, or information reports.

d.      Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine or re-examine Humana's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

15.     Humana agrees that it waives and shall not seek payment for any of the settlement amount paid under this Agreement from any healthcare beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors.

16.     Except for Relator's entitlement to reasonable attorneys' fees, expenses and costs under 31 U.S.C. § 3730(d), the Parties shall bear their own legal and other costs incurred in connection with the Civil Action.

17.     All parties consent to the disclosure of this Agreement, and information about this Agreement, and about the Civil Action, to the public, except to the extent that information was permanently sealed by the Court in the Civil Action, or to the extent that information is confidential pursuant to a confidentiality agreement or protective order previously entered between the parties or with the Court.

18.     **COUNTERPARTS:**  This Settlement Agreement may be executed in one or more counterparts, each of which shall for all purposes be deemed to be an original and all of which shall constitute the same Agreement.

19.     **BINDING EFFECT OF ENTIRE AGREEMENT:**  This Settlement Agreement is binding on the Settling Parties and their respective former, present, and future agents, servants, employees, officers, directors, administrators, representatives, attorneys, parents, subsidiaries, and Affiliates, together with each Settling Party's predecessors,

successors, assigns, heirs, executors, and beneficiaries, and represents the entire agreement between the Settling Parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements between the Settling Parties. This Settlement Agreement cannot be under any circumstances modified orally, and no agreement or course of conduct will be effective to waive, change, modify, or discharge this Settlement Agreement in whole or in part unless it is (a) in writing and (b) signed by duly authorized representatives of all Settling Parties.

20.   **SEVERABILITY:** If any provision of this Settlement Agreement is found to be invalid or unenforceable by a court of competent jurisdiction, the balance of this Settlement Agreement shall remain in full force and effect, provided that if the claims asserted in the Civil Action are not dismissed with prejudice as required by Paragraphs 3 and 4 of the Agreement, or if such dismissal is at any time reversed or otherwise revoked by a court of competent jurisdiction, Humana shall not be bound by the other provisions of this Settlement Agreement and the Settlement Amount shall be returned to Humana as required by Paragraph 4.

**DEFENDANT**

Date: 8/15/24   BY: _Chabran Manohan_
Elizabeth Monohan
Vice President, Associate General Counsel, Litigation
& Investigations, Law Department
for Humana Inc.

Date _August 15, 2024_ BY: _K. Lee Blalack, II_

K. Lee Blalack, II
O'MELVENY & MYERS, LLP
1625 Eye Street, N.W.
Washington, D.C.  20006
_Counsel for Defendant Humana Inc._

## **RELATOR**

Date: _____   BY: _____

Steven Scott

Date: _____   BY: _____

Andrew Shen
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C.  20036
_Counsel for Relator Steven Scott_

15

Date: _____   BY:   _____
K. Lee Blalack, II
O'MELVENY & MYERS, LLP
1625 Eye Street, N.W.
Washington, D.C.  20006
*Counsel for Defendant Humana Inc.*

### **RELATOR**

Date: 8/15/2024   BY:   _____
Steven Scott

Date: 08/15/2024   BY:   _____
Andrew Shen
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C.  20036
*Counsel for Relator Steven Scott*

15

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* STEVEN SCOTT,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>HUMANA INC.,<br><br>　　　　　　　Defendant. | No. 3:18-cv-00061-GNS-CHL |

<u>**CONSENT TO DISMISSAL WITH PREJUDICE**</u>

Pursuant to 31 U.S.C. § 3730(b)(1) and the Court's September 13, 2017 Order (DN 28), and in consideration of Humana's payment of the Settlement Amount required by the Settlement Agreement between Relator Steven Scott and Defendant Humana Inc. filed on [DATE] (DN __), the United States hereby informs the Court of its consent to (a) the dismissal of this action with prejudice, including as to the United States for all claims for the Covered Conduct against Humana, except for Relator's claims for a share of the proceeds of the Civil Action and for reasonable attorneys' fees, expenses, and costs, which are expressly reserved; and (b) to the entry by the Court of the Stipulation of Dismissal with Prejudice in the form attached as Exhibit B to the Settlement Agreement.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* STEVEN SCOTT,<br><br>           Plaintiff,<br>   v.<br><br>HUMANA INC.,<br><br>           Defendant. | No. 3:18-cv-00061-GNS-CHL |

## <u>STIPULATION OF DISMISSAL WITH PREJUDICE</u>

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and 31 U.S.C. § 3730(b)(1), and in accordance with the previously filed Settlement Agreement (DN __) and Consent to Dismissal with Prejudice (DN __), Relator Steven Scott ("Relator") and Defendant Humana Inc. ("Humana") hereby stipulate, through their undersigned counsel, to the entry of the attached Proposed Order dismissing this action with prejudice, including as to the United States for all claims for the Covered Conduct against Humana, except for Relator's claims for a share of the proceeds of the Civil Action and for reasonable attorneys' fees, expenses, and costs, which are expressly reserved.

The Court shall retain jurisdiction to adjudicate, if necessary, the amount of Relator's share of the proceeds of this Civil Action, the amount of reasonable attorneys' fees, expenses, and costs awardable to Relator pursuant to 31 U.S.C. § 3730(d), and over any disputes arising out of the Settlement Agreement.

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

---

UNITED STATES OF AMERICA *ex rel.*
STEVEN SCOTT,

          Plaintiff,

    v.

HUMANA INC.,

          Defendant.

No. 3:18-cv-00061-GNS-CHL

---

**[PROPOSED] ORDER GRANTING STIPULATION OF DISMISSAL WITH**
**PREJUDICE**

THIS CAUSE is before the Court on the parties' stipulation of dismissal with prejudice.  Having reviewed the stipulation, the Consent to Dismissal With Prejudice filed by the United States, the record, and otherwise being duly advised, it is hereby ORDERED that:

1. This case is dismissed with prejudice, including as to the United States for all claims for the Covered Conduct against Humana.

2. The Court shall retain jurisdiction to adjudicate, if necessary, the amount of Relator's share of the proceeds of this Civil Action, the amount of reasonable attorneys' fees, expenses, and costs awardable to Relator pursuant to 31 U.S.C. § 3730(d), and over any disputes arising out of the Settlement Agreement.

3. Humana and Relator shall meet and confer regarding the amount of reasonable attorneys' fees, costs, and expenses and, if necessary, Relator shall file a fee

petition with the Court for a determination of the amount of reasonable attorneys'

fees, costs, and expenses no later than 45 days from the entry of this Order.


_____
GREGORY N. STIVERS
UNITED STATES DISTRICT COURT JUDGE