UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00061-GNS-CHL

UNITED STATES OF AMERICA EX REL. STEVEN SCOTT,                Plaintiff,

v.

HUMANA, INC.,                                                  Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court are eleven motions to seal, including six filed by Defendant Humana, Inc. ("Humana") (DNs 615, 682, 701, 708, 751, 758) and five filed by Relator Steven Scott ("Relator") (DNs 698, 706, 741, 747, 753). Responses and replies to the motions were either filed or the time to do so has expired. (DNs 744, 759, 760.) Therefore, these matters are ripe for review.

**I.     LEGAL STANDARD**

This Court has ruled on numerous motions to seal in this matter. (DNs 214, 216, 222, 224, 229, 241, 246, 247, 263, 320, 367, 373, 374, 456, 459, 461, 471, 478, 480, 481, 483, 608.) As is set forth in the Court's prior opinions and orders, it is well-established that a "strong presumption" exists in favor of keeping court records open to the public. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). To meet this burden, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored. *Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry*

*Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' " *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)). Further, in ruling on a motion to seal, the Court is required to make "specific findings and conclusions 'which justify nondisclosure to the public.' " *Rudd,* 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176). " '[A] court's failure to set forth those reasons . . .' is itself sufficient grounds to vacate the seal." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

As the Sixth Circuit has recently explained, its "precedents [on sealing] are not hortatory." *Grae v. Corr. Corp. of Am.*, No. 24-5839, 2025 WL 1132413, at *3 (6th Cir. Apr. 17, 2025) (to be published). And, as the Sixth Circuit recently emphasized, "the burden of 'demonstrat[ing]—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal' is first borne by the party that seeks it, not by the district court." *Id.* (alteration in original) (quoting in part *Shane Grp.*, 825 F.3d at 308). The Court will consider both this precedent and the number of prior Court orders warning the Parties of the applicable standard in considering the pending motions.

## II.     Motions to Seal Unrelated to Fee Petition

Seven of the eleven motions to seal before the Court relate to filings other than Relator's Petition for Attorney's Fees (DN 748) and the subsequent briefing on the same (DNs 752, 754). Those motions are DNs 615, 682, 698, 701, 706, 708, and 741. The first six of those motions were all filed before the Parties reached a settlement in principle that was ultimately memorialized in the settlement agreement filed in the Court's record (DN 732). Those six motions were administratively remanded by the Court during the period in which the Parties were negotiating

the terms of their written settlement agreement. (DN 726.) After that agreement was filed, Humana moved to reinstate those motions for a ruling, and the Court granted that request, ordering responses to the motions to be filed by October 8, 2024. (DNs 735, 737.) Relator then filed an additional motion to seal (DN 741), and Humana filed a Notice of Non-Opposition (DN 744).

Most of the non-fee-petition-related motions to seal are motions filed provisionally by Humana and/or Relator to allow the other Party time to file a motion to seal information designated as confidential by that Party pursuant to the Parties' confidentiality agreement. (DNs 682, 698, 701, 708.) An affirmative seal of information was sought only by two of the pre-settlement motions: DN 615 and DN 706. However, the Parties' filings post-settlement clarified that they were not seeking seals of many of the things they previously requested to be provisionally sealed. (DNs 741, 744.) Neither of the Parties requested the Court continue or make permanent the provisional seals sought in the following motions:

- Humana's Motion to Seal (DN 682) – seeking a provisional seal of DNs 683, 683-1, 683-2, 683-3, 683-4;

- Relator's Motion to Seal (DN 698) – seeking a provisional seal of DN 699;

- Humana's Motion to Seal (DN 701) – seeking a provisional seal of DNs 702, 702-1, 702-2, 702-3, 702-4, 702-5, 702-6, 702-7, and 702-8; and

- Humana's Motion to Seal (DN 708) – seeking a provisional seal of DNs 710 and 710-1.

(DN 741, at PageID # 72098 ("Relator does not request to seal any information in the other motions currently under seal. See Dkt. Nos. 683, 699, 702, 710."); DN 744 ("Humana consents to the unsealing of all other information underlying the reinstated motions to file materials provisionally under seal, Dkt. Nos. 682, 698, 701, 706, and 708").) Thus, those motions will be denied as moot and the accompanying sealed documents unsealed as set forth below.

3

Relator had initially sought leave to file under seal/file redacted versions of his Supplemental Filing in Support of his Motion in Limine No. 12. (DN 706.) He filed under seal a redacted version of that document[1] and unredacted versions of its exhibits (DNs 707, 707-1 through 707-21) and filed publicly his proposed redacted versions (DNs 709-1 through 709-23). In his post-settlement Motion to Seal (DN 741), Relator clarified that the only thing he now sought leave to seal/redact was his supplemental filing itself. Therefore, the Court will direct the exhibits to the same at DNs 707-1 through 707-21 to be unsealed as set forth below.

Given these developments, the only two issues that remain for the Court's consideration are: (1) Humana's Motion to Seal (DN 615), and (2) Relator's Motion to Seal (DN 741) renewing a portion of his request from his prior motion (DN 706). The Court will consider these two issues below.

### A.     Humana's Motion to Seal (DN 615)

Humana moved to file permanently under seal certain information in its Motion in Limine No. 6 (DN 592) and Exhibit 1 to that motion (DN 592-1), as well as to seal the entirety of Exhibit 3 to that motion (DN 592-3). (DN 615.) Humana tendered proposed redactions with its motion to seal. (DNs 615-1, 615-2, 615-3.) In support of its request, Humana argued that the proposed redacted material was information designated highly confidential by non-party the Centers for Medicare & Medicaid Services ("CMS"), much of which the Court has previously kept under seal. (DN 615, at PageID # 68829-30.) Specifically, Humana noted that the Court has previously sealed the same CMS Worksheet 1 Data that is contained in Exhibit 1 to its Motion in Limine No. 6, citing two of the Court's prior opinions. (*Id.* at 68831 (citing DNs 471, 480).) Humana is correct that the Court has previously sealed this data. (DN 471, at PageID # 64877 ("The Court further

---

[1] Even the sealed version was redacted because the redacted material was submitted solely for an *in camera* review and not filed in the record.

4

finds that there is a stronger privacy interest in the data derived from CMS's Worksheet 1 because it concerns hundreds of non-party Part D sponsors and can be used to disadvantage those sponsors and CMS."); DN 478, at PageID # 65087 ("Also among the CMS related documents are those that contain third-party sponsor information reported on CMS's worksheet 1, such as the expert reports that contain member cost sharing data for non-Humana plans. On behalf of CMS, Humana has shown that public disclosure of this data could assist an interested sponsor in structuring its plan to maximize beneficiary or government cost sharing."); DN 480, at PageID # 65102 ("Reducing the risk that a sponsor will game the Part D bidding process provides a similarly compelling reason to conceal the information here.")  For the same reasons it has previously done so, the Court finds sealing the referenced Worksheet 1 Data appropriate, as well as that Humana's proposed redactions are narrowly-tailored to target just that information.

Humana also requested that the Court seal certain information in its Motion in Limine No. 6 and Exhibit 3 to the same related to "CMS's desk review and bid audit procedures." (DN 615, at PageID # 68830.)  In support, it cited a previous declaration submitted by CMS's actuarial director Jennifer Lazio in which she stated that making certain information about CMS's desk review and bid audit procedures public "could undermine CMS's ability to provide meaningful oversight of the $100 billion Part D program." (DN 414-2, at ¶ 18.)  As the Court has previously found, "[t]here is a compelling interest in concealing information that would undermine CMS's administration of the Part D Program if made public." (DN 478, at PageID # 65081.)  Thus, despite the high public interest in the subject matter of this case, the Court finds sealing of the requested materials appropriate for the same reasons that it has previously done so: "public disclosure of this data could assist an interested sponsor in structuring its plan to maximize beneficiary or government cost sharing." (*Id.* at 65087.)  Humana's proposed redactions are narrowly-tailored

to target just the necessary information, even in the case of Exhibit 3, which Humana seeks to keep sealed in its entirety.

Accordingly, Humana's Motion to Seal (DN 615) will be granted, and the Court will keep DNs 592, 592-1, and 592-3 permanently under seal. But because Humana did not move to seal them, Exhibits 2, 4, 5, and 6 to its Motion in Limine No. 6, as well as the proposed order for the same (DNs 592-2, 592-4, 592-5, 592-6, 592-7) will be unsealed as set forth below.

### B.  Relator's Motions to Seal (DN 706, 741)

Relator moved to file under seal portions of his Supplemental Filing in Support of his Motion in Limine No. 12 referencing communications directly between Relator's counsel and Relator's expert Richard Foster. (DN 741.) Relator indicated that while those communications were initially produced to Humana as directed by the Court, Humana thereafter agreed that those communications were privileged and allowed Relator to claw back those materials. (*Id.*; DN 741-1.) As the basis for his request, Relator argued his privilege outweighed the public's right of access. (DN 741.) Privilege is typically a sufficient compelling interest to support a seal. *See Shane Grp.*, 825 F.3d at 308. And while the question of whether Foster's communications were privileged has been heavily litigated by the Parties and addressed by the Court multiple times, the issues related to the same of which the Court is aware were related to Foster's communications with third parties, not Foster's communications with Relator's counsel. (*See* DNs 470, 502, 537, 665, 679.) While the Court did ultimately order Relator to "produce any and all documents created by Foster and sought by Humana in connection with his communications with the government," (DN 679), based on the letter from Humana's counsel to Relator's counsel provided in support of Relator's request to seal, Humana did not seek communications solely between Relator's counsel and Foster (DN 741-1). Thus, the applicability of privilege to those communications has not been

6

previously determined by the Court. While Relator's motion does not contain the necessary information for the Court to make such a determination at this juncture, the Court is unconvinced the same is necessary given the procedural posture of this case. No determination was made on the merits of Relator's Motion in Limine because of the settlement of this matter. Thus, the Court never relied upon or made any determination regarding the material now sought to be redacted, and the public interest in the same is very low. While the lack of opposition to a motion to seal is not itself sufficient to support a seal, here, given the lack of dispute between the Parties about the applicability of privilege to the communications at issue, the Court does find a compelling interest exists in permitting the redactions proposed by Relator that outweighs the public's right of access. And in particular, the Court notes that even in the sealed version of Relator's supplemental filing, the privileged communications at issue are redacted and were provided to the Court solely for an *in camera* review. Having reviewed the proposed redactions, they are narrowly tailored to the proffered privileged material. Therefore, the Court will grant Relator's Motion to Seal (DN 741) and grant in part Relator's prior motion (DN 706) in so far as the Court approves the use of the redactions proposed by Relator. However, given that the redactions appear even in the sealed version of Relator's supplemental filing (DN 707), that filing too can be unsealed at this stage without damage to Relator's privilege.

### III.     Fee Petition Motions to Seal

The remaining four motions to seal all relate to Relator's Fee Petition (DN 748), Humana's response to the same (DN 752), and Relator's reply (DN 754) as well as to the exhibits filed in support of all three briefs. (DNs 747, 751, 753, 758.) The motions requested a combination of provisional and permanent seals. In his motions filed in conjunction with his petition and reply, Relator moved to provisionally seal certain exhibits that contained information Humana designated

as confidential as well as to be able to permanently seal/redact material protected by attorney-client privilege and the work-product doctrine in the billing records he submitted as exhibits. (DNs 747, 753.) Humana ultimately filed its own motion seeking permission to seal certain information related to the fees it paid its counsel. (DN 758.) Humana had also filed a motion accompanying its response seeking to provisionally seal the same along with its supporting exhibits to allow Relator time to seal any information contained therein he designated confidential. (DN 751.) In his motion accompanying his reply, Relator also sought leave to seal/redact information related to how much of Relator's share of the settlement proceeds was paid to his counsel. (DN 753.) However, he later clarified in a proposed order submitted by the Parties extending Humana's deadline to file its motion to seal that "Relator also submits that he does not seek to permanently seal any portions of the fee petition briefs or supporting exhibits." (DN 756.) The Court construes this as withdrawing his prior general request to seal information related to counsel's share of Relator's share of the settlement proceeds given the generality with which that request was discussed in the initial motion and the fact that no more specific motion or proposed redactions were filed for the Court's consideration.

The combination of the four motions to seal made it so every document related to the petition, response, and reply were filed under seal even though for many of them, no such seal was sought. Reading the four motions to seal and Relator's subsequent correction in conjunction, Relator and Humana seek to permanently seal/redact only two categories of information: (1) Relator seeks to redact material protected by attorney-client privilege and/or the work product doctrine from billing records filed in support of his petition and reply (DNs 747, 753); and (2) Humana seeks to permanently seal/redact information regarding what it paid its counsel contained

8

in Relator's petition, reply, and some of the supporting exhibits to the same (DN 758). Collectively, these two categories implicate only the following filings:

| | |
|---|---|
| DN 748 | DN 754 |
| DN 748-3 | DN 754-2 |
| DN 748-4 | DN 754-4 |
| DN 748-9 | DN 754-11 |
| DN 748-11 | DN 754-12 |
| DN 748-15 | DN 754-13 |
| DN 748-23 | DN 754-14 |
| DN 748-43 | DN 754-16 |
| DN 748-45 | DN 754-17 |
| DN 748-64 | DN 754-18 |
| DN 748-91 | DN 754-22 |

As there has been no request to permanently seal the remaining fee petition briefing documents, the Court will direct all other DNs associated with the petition, response, and reply to be unsealed below, and the requests to provisionally seal those same documents are denied as moot. The Court will now address the two categories set forth above.

### A.  Relator's Motions to Seal (DNs 747, 753) re Billing Records

As noted above, Relator sought leave to file redacted versions of the billing records submitted in support of his petition and reply redacting material protected by attorney-client privilege and the work-product doctrine. (DNs 747, 753.) Relator submitted unredacted versions of the billing records for an *in camera* review. As noted above, privilege and other recognized such protections are typically a sufficient compelling interest to support a seal. *See Shane Grp.*, 825 F.3d at 308. The public interest in being able to assess for itself the merits of the Court's decision on the fee petition is high given that the public has an interest in assessing for itself the reasonableness of the Court's decision on Relator's petition. However, having reviewed the redactions carefully as part of his preparation of his report and recommendation, the undersigned finds that the redactions do not wholly deprive the public of the ability to assess the reasonableness

9

of the Court's decision given their limited scope. And even if they do in some limited fashion impede the public's ability, Relator's interest in maintaining his privilege and work product protection outweigh the public's right of access. The proposed redactions are narrowly tailored to target the protected material and do in large measure leave the majority of the billing records for public review. Therefore, Relator's motion will be granted, and the Court will permit the redactions. But as above, because there are no unredacted versions of the billing records in the Court's record given the *in camera* review, the billing records at issue may still be unsealed without damage to Relator's privilege/protection.

      **B.**      **Humana's Motion to Seal (DN 758) Its Fees and Expenses**

As summarized above, Humana moved to file under seal/redact references in Relator's petition, reply, and the supporting exhibits to the same that revealed information related to the fees incurred by Humana in prosecuting this action. (DN 758.) Humana argued that information related to the fees it paid is "proprietary and confidential" and disclosure of the same "poses substantial financial and competitive harm for both the Company and its law firm." (DN 758, at PageID # 75233.) In support, Humana submitted declarations from both its lead counsel and associate general counsel for Humana supporting that Humana's counsel did not charge their standard rates for this litigation, rather they charged "proprietary rates that are the result of a multi-year collaboration and negotiation between O'Melveny and Humana for a bespoke fee arrangement that is based on many variables, and that both consider highly confidential." (*Id.* at 75234; DN 758-1; DN 758-2.) Humana's associate general counsel stated in her declaration that the fee arrangement between Humana and O'Melveny is unique as compared to the fee arrangements between other outside firms Humana uses for its legal services. (DN 758-2, at ¶ 5.) She stated that Humana often "solicits bids for legal work and secures competitive pricing when

10

law firms bid against one another" such that disclosure of the fee arrangement in this cause would cause harm to Humana in negotiating future fee arrangements. (*Id.* at ¶ 7.) Likewise, Humana's counsel from O'Melveny & Meyers LLP, Amanda Santella, affirmed in her declaration that her firm "sometimes deviates from [its] standard rate through various discount arrangements, or through alternative fee arrangements, such as a blended rate . . . or a fixed fee for a defined scope of work." (DN 758-1, at ¶ 6.) She affirmed that O'Melveny's agreed rate with Humana for work in this matter was a unique fee arrangement, not the result of charging O'Melveny's standard rates. (*Id.* at ¶ 8.) She indicated that if O'Melveny's rates or other details regarding its fee arrangement with Humana were disclosed, other clients might seek to renegotiate their rates and that if those clients did so, O'Melveny would be prevented from discussing some of the specific factors that contributed to the fee arrangement due to its duty of confidentiality to its clients. (*Id.* at ¶ 10.) Thus, disclosure of O'Melveny's fee arrangement and rates charged to Humana would competitively disadvantage O'Melveny going forward. (*Id.*)

Relator opposed Humana's motion in only one limited respect. (DN 759.) He argued that the total fees Humana paid its counsel should be made publicly available because that total assists in determining the reasonableness of the fee sought by Relator. (*Id.*) In its reply, Humana emphasized that even disclosure of that information given all the details in the filings "would allow a business partner or competitor to calculate an average or 'blended' rate that Humana paid" that would still competitively disadvantage both Humana and O'Melveny. (DN 760.)

On balance, the Court finds that Humana has demonstrated a compelling interest in sealing information related to the fees it paid its counsel. Courts—including this one in this action—have found it appropriate to seal trade secrets and certain types of "competitively sensitive information, even if that information does not rise to the level of being a "trade secret." *See Kondash v. Kia*

11

*Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019) (noting that "even if a trade secret does not exist, a court may still find a compelling reason exists").  Humana has credibly demonstrated that the rates and total fees it paid its counsel fall into that latter category given the competitive disadvantage it would work to both of them if those figures were made public.  The Court likewise agrees the even allowing the total amount of fees paid to be publicly disclosed would risk harm to Humana and O'Melveny given that Humana is not seeking to seal the number of hours counsel billed.  This information outweighs the public's right of access here.  Even though as set forth above, the public has an interest in assessing the reasonableness of the fee awarded in this case, what Humana paid its counsel is but one factor for the Court's consideration and not a dispositive factor.  The Court can still rely on the sealed submissions for consideration such that Relator is not prejudiced.  Humana's proposed redactions are narrowly-tailored to protect just the rates and fee totals as required.  Therefore, Humana's motion will be granted, and the Court will keep the unredacted versions of the petition, reply, and exhibits at issue permanently under seal as set forth below.

**IV.     ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

(1)     Humana's Motion to Seal (DN 682) is **DENIED AS MOOT**.  The Clerk shall **UNSEAL** DNs 683, 683-1, 683-2, 683-3, and 683-4.

(2)     Relator's Motion to Seal (DN 698) is **DENIED AS MOOT**.  The Clerk shall **UNSEAL** DN 699.

(3)     Humana's Motion to Seal (DN 701) is **DENIED AS MOOT**.  The Clerk shall **UNSEAL** DNs 702, 702-1, 702-2, 702-3, 702-4, 702-5, 702-6, 702-7, 702-8.

(4) Humana's Motion to Seal (DN 708) is **DENIED AS MOOT**. The Clerk shall **UNSEAL** DNs 710 and 710-1.

(5) Relator's Motion to Seal (DN 706) is **DENIED IN PART AS MOOT** and **GRANTED IN PART**. The Clerk shall **UNSEAL** DNs 707, 707-1, 707-2, 707-3, 707-4, 707-5, 707-6, 707-7, 707-8, 707-9, 707-10, 707-11, 707-12, 707-13, 707-14, 707-15, 707-16, 707-17, 707-18, 707-19, 707-20, and 707-21.

(6) Relator's Motion to Seal (DN 741) is **GRANTED**.

(7) Humana's Motion to Seal (DN 615) is **GRANTED**. The Court shall keep DNs 592, 592-1, and 592-3 **PERMANENTLY UNDER SEAL**. The Clerk is directed to **UNSEAL** DNs 592-2, 592-4, 592-5, 592-6, and 592-7.

(8) Relator's Motions to Seal (DNs 747, 753) are **DENIED IN PART as MOOT** and **GRANTED IN PART**. Relator's proposed redactions are permitted, but the Clerk shall **UNSEAL** the redacted versions at DNs 748-23, 748-43, 748-45, 748-64, 748-91, 754-12, 754-13, 754-16, and 754-17.

(9) Humana's Motion to Seal (DN 751) is **DENIED AS MOOT**.

(10) Humana's Motion to Seal (DN 758) is **GRANTED**. The Clerk shall keep **PERMANENTLY UNDER SEAL** DNs 748, 748-3, 748-4, 748-9, 748-11, 748-15, 754, 754-2, 754-4, 754-11, 754-14, 754-18, and 754-22.

(11) No party having moved to permanently seal them, the Clerk is directed to **UNSEAL** the following documents:

(a) DNs 748-1, 748-2, 748-5, 748-6, 748-7, 748-8, 748-10, 748-12, 748-13, 748-14, 748-16, 748-17, 748-18, 748-19, 748-20, 748-21, 748-22, 748-24, 748-25, 748-26, 748-27, 748-28, 748-29, 748-30, 748-31, 748-32, 748-33,

        748-34, 748-35, 748-36, 748-37, 748-38, 748-39, 748-40, 748-41, 748-42, 748-44, 748-46, 748-47, 748-48, 748-49, 748-50, 748-51, 748-52, 748-53, 748-54, 748-55, 748-56, 748-57, 748-58, 748-59, 748-60, 748-61, 748-62, 748-63, 748-65, 748-66, 748-67, 748-68, 748-69, 748-70, 748-71, 748-72, 748-73, 748-74, 748-75, 748-76, 748-77, 748-78, 748-79, 748-80, 748-81, 748-82, 748-83, 748-84, 748-85, 748-86, 748-87, 748-88, 748-89, 748-90, 748-92, 748-93, 748-94, 748-95, 748-96, and 748-97.

(b) DNs 752, 752-1, 752-2, 752-3, 752-4, 752-5, 752-6, 752-7, 752-8, 752-9, 752-10, 752-11, 752-12, 752-13, 752-14, 752-15, and 752-16.

(c) DNs 754-1, 754-3, 754-5, 754-6, 754-7, 754-8, 754-9, 754-10, 754-15, 754-19, 754-20, 754-21, 754-23, 754-24, 754-25, 754-26, 754-27, 754-28, 754-29, 754-30, 754-31, 754-32, 754-33, 754-34, 754-35, 754-36, 754-37, 754-38, 754-39, 754-40, 754-41, 754-42, 754-43, 754-44, 754-45, 754-46, 754-47, 754-48, 754-49, 754-50, 754-51, 754-52, 754-53, 754-54, 754-55, 754-56, 754-57, 754-58, 754-59, 754-60, 754-61, and 754-62.

May 5, 2025

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record