UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00061-GNS-CHL

UNITED STATES OF AMERICA
ex rel. STEVEN SCOTT                                                                                    PLAINTIFF

v.

HUMANA INC.                                                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Objection (DN 763) to the Magistrate Judge's Report and Recommendation (DN 761) regarding Relator's Petition for Attorneys' Fees and Expenses (DN 748).

### I.   BACKGROUND

This is a *qui tam* whistleblower action brought by Relator Steven Scott ("Scott") on behalf of the Plaintiff United States of America asserting claims against Defendant Humana, Inc. ("Humana") for violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729(A)(1)(a)-(b), (g), related to its Medicare Part D Prescription Drug Plans ("PDPs"). (Compl. ¶¶ 198-205, DN 1). Following lengthy discovery and motion practice, the parties entered into a settlement agreement in 2023, and the claims were dismissed with prejudice in 2024.

The sole remaining issue is Scott's entitlement to attorneys' fees and costs under 31 U.S.C. § 3730(d)(2). As the prevailing party, Scott petitioned for an award of attorneys' fees and expenses in the amounts of $38,326,163.00 and $2,765,969.21, respectively. (Relator's Reply Pet. Att'ys' Fees & Expenses 25, DN 754). The matter was referred to the Magistrate Judge for a Report and Recommendation ("R. & R.") pursuant to 28 U.S.C. § 636(b)(1)(B). (Order, DN

755). In the R. & R., the Magistrate Judge recommended an award of attorneys' fees in the amount of $27,934,664.40, non-expert expenses in the amount of $756,723.46, and expert expenses in the amount of $1,980,109.75. (R. & R. 85-86, DN 761). Humana objected. (Def.'s Obj., DN 763).

## II.  STANDARD OF REVIEW

The standard of review applicable to an objection to a report and recommendation depends upon whether the objection pertains to a dispositive or non-dispositive matter. If the issue is dispositive, any party may, within fourteen days after being served with a magistrate judge's report and recommendation, "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district judge must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. *See* Fed. R. Civ. P. 72(b) (3); 28 U.S.C. § 636(b)(1)(B), (C). An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Holloway v. Palmer*, No. 16-2450, 2017 WL 4844457, at *2 (6th Cir. Apr. 5, 2017); *see also Special Learning, Inc. v. Step by Step Acad., Inc.*, 751 F. App'x 816, 819 (6th Cir. 2018). In conducting its review, the court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Under Fed. R. Civ. P. 54, "the court may . . . refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D); *see Toliver v. JBS Plainwell, Inc.*, No. 1:11-CV-302, 2016 WL 165031, at *4 (W.D.

Mich. Jan. 14, 2016) ("While a motion for attorney fees is, by its ordinary meaning, 'nondispositive,' the governing statute directs courts to treat the referral of such motions as it would "dispositive pretrial matters."). Because such motions are "dispositive of a claim," the magistrate judge must address the motions by issuing a report and recommendation, which is subject to "de novo review by the district court." *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). The district judge must thus review *de novo* the portions of the report and recommendation to which a party objects.

### III.    DISCUSSION

In its objection, Humana raises three issues: (i) Scott's failure to conduct a good-faith search for adequate local counsel; (ii) Scott's failure to justify the out-of-town specialist rates on an attorney-by-attorney basis; and (iii) the reasonableness of Humana's proposed rates. (Def.'s Obj. 8-25).

#### A.    Failure to Conduct Good-Faith Search for Adequate Local Counsel

Like in its response to Scott's petition, Humana's objection asserts the argument that Scott failed to engage in a good-faith search for adequate local counsel. (Def.'s Obj. 11-16). In addressing Scott's efforts to retain a local attorney or law firm, the R. & R. contains a lengthy discussion addressing the proof presented by the parties and applying that proof to the factors articulated in *Hadix v. Johnson*, 65 F.3d 532 (6th Cir. 1995). (R. & R. 12-28). As the Sixth Circuit stated:

> When fees are sought for an out-of-town specialist, courts must determine (1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation. *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768-69 (7th Cir. 1982); *Maceira v. Pagan*, 698 F.2d 38, 40 (1st Cir. 1983). A corollary of this rule is that judges may question the reasonableness of an out-of-town attorney's billing rate if there is reason to

3

believe that competent counsel was readily available locally at a lower charge or rate.

*Hadix*, 65 F.3d at 535 (citing *Chrapliwy*, 670 F.2d at 769).

Humana asserts that no serious effort was undertaken to find local counsel, and such efforts were insufficient to satisfy the requirement of a good-faith search. (Def.'s Obj. 12, 14). As a result, Humana argues that Scott's counsel should be limited to local rates. (Def.'s Obj. 11 (citing *Sigley v. Kuhn*, 205 F.3d 1341, 2000 WL 145187 (6th Cir. 2000))).

It is important to recognize that this is necessarily a fact-insensitive inquiry, and while other cases are instructive, this issue must be resolved based on the proof presented by the parties in the context of this lawsuit. While Humana has cited cases supporting its position, the R. & R. likewise cites authority supporting the recommended deposition. As to the issue of retaining Kentucky counsel., the Magistrate Judge extensively discussed the arguments and proof presented by the parties as to whether Scott had met his burden. (R. & R. 12-17). As the R. & R. noted, "this case was unusually complex and specialized in terms of its subject matter such that it was reasonable for [Scott] to want and need someone with experience in [False Claims Act] cases and/or Medicare." (R. & R. 17).

While it strongly disagrees with the R. & R. on this point, Humana has failed to show that there was an error in the Magistrate Judge's analysis or that the R. & R. contains an erroneous application of the *Hadix* factors to the circumstances of this case. This is a lawsuit involving complex issues under the FCA and the Medicare Voluntary Prescription Drug Benefit Program (Medicare Part D). It was not unreasonable for Scott to seek out and retain out-of-town counsel experienced and specializing in FCA litigation when, as the R. & R. explains, there was ample proof to support the determination that there was no suitable Kentucky firm. (R. & R. 12-28). While Humana cites numerous cases in support of its position, none of those cases square with

4

the case *sub judice*. Under the circumstances of this case, the well-reasoned R. & R. explains why Scott's engagement of out-of-state firms was reasonable. (Def.'s Obj. 11-16; R. & R. 17-28). Notwithstanding Humana's argument and its criticism of Scott's efforts, Scott has satisfactorily explained his investigation of the availability of competent local counsel, and the Magistrate Judge did not err in finding that this decision was reasonable. *See McHugh v. Olympia Ent., Inc.*, 37 F. App'x 730, 740 (6th Cir. 2002) ("A court's choice not to apply local market rates for attorney fees is not an abuse of discretion." (citing *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994))). The objection is overruled on this basis.

### B. Failure to Justify Out-of-Town Specialist Rates on an Attorney-by-Attorney Basis

In addition, Humana argues that Scott failed to justify the requested out-of-town specialist rates for each of his attorneys. (Def.'s Obj. 16-18). Humana also contends that the R. & R. failed to consider the impact of attorneys' promotions in determining the appropriate hourly rate and calculating the attorneys' fees. (Def.'s Obj. 18-20).

As the R. & R. discussed, one consideration in calculating attorneys' fees is that this case was originally filed in the Central District of California in 2016, with the groundwork beginning in 2015. (R. & R. 48). The firms employing Scott's counsel fronted fees and expenses during this lengthy litigation, and the attorneys engaged in this case necessarily forfeited the opportunity to work on other paying cases at their customary rates, as well as the paraprofessionals employed by those firms. (R. & R. 48). In a thoughtful and well-reasoned analysis of this issue, the Magistrate Judge "concur[red] with [Scott] that awarding fees based on historical rates given the length of time this case took, the amount of work done by counsel, and the fact that the United States did not intervene would be in contravention of the purpose of the fee-shifting provision of the FCA." (R. & R. 48-49).

Because awarding attorneys' fees based on 2025 rates would have resulted in a significant windfall to Scott's counsel but in light of the considerations discussed above, the Magistrate Judge instead recommended that attorneys' fees at 2023 rates be used for work performed in the years 2015-2023, while hours worked in 2024 and 2025 would be subject to the firm's rates for those years. (R. & R. 49-50).

In addressing Humana's response to Scott's petition, the Magistrate Judge noted:

> Humana also pointed out that for several timekeepers, Kellogg Hansen sought to be compensated at partner-level rates for work performed when the timekeeper was an associate. (DN 752, at Page ID # 73663-64.) Humana cites the rates requested by Kellogg Hansen timekeepers Thomas G. Schultz, Katherine C. Cooper, Lillian V. Smith, and Bethan R. Jones and Phillips & Cohen timekeeper Arens, who each made partner while this case was pending. (*Id.*) But Humana again referenced as part of its objection the fact that "Relator ha[d] made no showing that these junior attorneys satisfy the out-of-town specialist rule." (*Id.* at 73664.) The undersigned has already rejected Humana's argument on this point above. Further, Humana did not specify what rate the Court should use to calculate the fees for these individuals instead of what Relator requested. Relator argued in opposition that these minor discrepancies are simply part of the idea of compensating for delay by awarding current rates. (DN 754, at PageID # 74950.) The undersigned agrees, particularly because it appears that at least three of the attorneys at issue made partner prior to 2023, and in the case of attorney Arens, he made partner in 2018 prior to this case being transferred to this District. The undersigned sees no unreasonable windfall worked to Relator's counsel for these individuals, and Humana has not provided a detailed argument about the amount of any such windfall for the Court's consideration. In the absence of such an argument, the undersigned finds that even the rates awarded for the specified individuals should be awarded as recommended above.

(R. & R. 50-51 (alteration in original)). Overall, the R. & R. recommended approximately a reduction of $10 million of the total amount of attorneys' fees requested by Scott.

In its objection, Humana effectively reiterates the same argument it raised to the Magistrate Judge and largely fails to point to any additional facts warranting a different result. (Def.'s Obj. 19-20); *see Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("Clearly, parties are not to be afforded a 'second bite at the apple'

when they file objections to a Report and Recommendation, as the 'goal of the federal statute providing for the assignment of cases to magistrates is to "increas[e] the overall efficiency of the federal judiciary."'" (alteration in original) (citation omitted)); *Nickelson v. Warden*, No. 11-CV-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."). As in its original response, Humana failed to provide a detailed argument about the amount of any windfall to Scott's counsel for this Court's analysis. In the absence of such argument and any factual or legal error warranting a different result, Humana's objection is overruled on this basis.

Humana also argues that the R. & R. erred because Scott failed to justify the out-of-town specialist rates on an attorney-by-attorney basis. (Def.'s Obj. 16-20). While not cited in its response, Humana now relies upon *Smith v. Service Master Corp.*, 592 F. App'x 363 (6th Cir. 2014), in arguing that an attorney-by-attorney analysis is required. (Def.'s Obj. 16, 18). As the Magistrate Judge noted, however, the second *Hadix* factor necessarily required consideration of the rates charged on an attorney-by-attorney basis. (R. & R. 27).

In the R. & R., the Magistrate Judge did conduct this analysis, the results of which are reflected in the tables in the R. & R. (R. & R. 29-52). The R. & R. is well-reasoned in its analysis, and the Magistrate Judge did not err in recommending of the rates awarded to Scott's counsel. The objection is overruled.

### C.  Reasonableness of Humana's Proposed Rate

Finally, Humana advocates for the adoption of the rates it proposed, which the Magistrate Judge rejected. (Def.'s Obj. 20-25; R. & R. 40-43). Humana characterizes the rates requested by

Scott and recommended in the R. & R. as "shocking for this market." (Def.'s Obj. 22). Instead, Humana urges the adoption of the following median hourly rates by seniority or graduation year:

| Years in Practice | Equity Partner | Non-Equity Partner |
|---|---|---|
| <11 |  | 455 |
| 11-15 | 490 | 488 |
| 16-20 | 539 | 513 |
| 21-25 | 566 | 525 |
| 26-30 | 582 | 569 |
| 31-35 | 646 | N/A |
| 36-40 | 629 | 623 |

| Graduation Year | Associate Rate |
|---|---|
| 2022 | 303 |
| 2021 | 315 |
| 2020 | 335 |
| 2019 | 377 |
| 2018 | 361 |
| 2017 | 398 |
| 2016 | 395 |
| 2015 | 365 |
| 2014 | 390 |
| Prior | 395 |

(Def.'s Obj. 22; Def.'s Resp. Relator's Pet. Attorneys' Fees & Expenses 8, DN 752).

As noted earlier, this case is out of the norm, and it warrants attorneys' fees higher than those typically awarded in this district. In evaluating the reasonableness of Scott's request, the Magistrate Judge considered rates in the national market, local market rates, current vs. historical rates, and the relevant proof presented by both sides. (R. & R. 32-51). Based on the Court's review of the record, the Magistrate Judge did not err, and Humana's objection is overruled to the extent it advocates adoption of its own proposed rates.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Objection (DN 763) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (DN 761) is **ADOPTED**, and Relator's Petition for Attorneys' Fees and Expenses (DN 748) is **GRANTED IN PART** and **DENIED IN PART**, and Relator is awarded attorneys' fees in the amount of $27,934,664.40, plus costs and expenses in the amount of $2,736,833.21.

3. The Parties **SHALL** confer and submit a proposed agreed order by **September 18, 2025**, regarding how much time Humana has to pay the total award.

Greg N. Stivers, Chief Judge
United States District Court

September 8, 2025

cc: counsel of record